# ATTACHMENT B

# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

GARY WAYNE SUTTON,       )
                               )
       Petitioner,         )
                               )
**vs.**                         )      Case No. _3:06-cv-388
                               )      Judge Varlan/Shirley
**RICKY BELL**, Warden,      )      DEATH PENALTY CASE
                               )
       Respondent.       )

## AFFIDAVIT OF STANTON C. KESSLER, M.D.

Comes now, Stanton C. Kessler, M.D., after being duly sworn according to law, and says as follows:

1.    I am a board certified Anatomic and Forensic Pathologist, having recently recertified in Anatomic pathology in October, 2005. Prior to my retirement from the Medical Examiner's Office in Boston, I had been the Chief of Staff and also the Director of Fellowship Training in Forensic Medicine at the Office of the Chief Medical Examiner (OCME) sponsored by the Harvard and Boston University Medical Schools where I held staff appointments. I have personally performed or supervised over 12,000 autopsies since 1977. Now I am a staff pathologist at Palmetto Health Richland and Baptist hospitals in Columbia, SC, where I perform hospital and coroner's autopsies. I have published and lectured extensively in my field, Forensic Pathology, and recently wrote a chapter in the Spitz and Fishers' Medicolegal Investigation of Death textbook, published

{1}

in December of 2005.  For more details please see my CV.

2.    I have reviewed the following items and have come to several conclusions, based upon a reasonable degree of medical certainty, as to the date of death of the decedent, Tommy M.Griffin:

1)                My trial testimony, p 307 – 356...
1)      Exhibit 15 ( blow fly life cycle)
2)      Exhibit 16  (climatalogical data)
3)      Exhibit 17 (temperature graphs)
4)      Exhibit 35 (photo)
5)                Exhibit 39 ( 8 photos)
6)      Exhibit 40 (5 photos on a single page)
7)      Color photos of the victim
8)                Autopsy report of Dr. Ellington
9)      Testimony of Dr Wolf, p 1849-1943
10)              Testimony of Neal Stone, p 1786 – 1791, with attachment
11)              Testimony of Robert Webb, p 233-237
12)     Portion of Blount County Sheriff's file including offense report

(3)    I have reached the following opinions based upon certain facts:

Facts

1)                The body of the decedent, Tommy M. Griffin, 92ME06, was found dead on 2/24/92, and autopsied on 2/25/92 by Dr. Ellington who recorded the date of death to be 2/24/92. Although he never stated the reason for the date being only the day before the autopsy, not 2 to 3 days from his findings at autopsy, he thought this was a recent homicide, i.e. that the decedent died the day before the autopsy was performed. He also wrote that the stomach contained partially digested food, and that blood, not dried blood was found in the nose and mouth. There is no decomposition of the skin, skin or hair slippage, odor, gaseous distention of the organs or bowels on gross examination of the body or wound examination nor is there any mention of any insect activity in the autopsy report. Microscopic evaluation of the liver, pancreas and lungs are not scientifically examined for decomposition changes, as they can decompose very quickly at variable rates very close to the time of death.  Most times that I examine the pancreas only a few hours after death it is soft and mushy, autolyzed,

{2}

which resembles decomposition and often impossible to tell apart from each other. I have not reviewed the histology slides. See item #9, Autopsy report of Dr. Ellington.

2) The medic who moved the body on 2/24/92 noticed rigor mortis was present, and that decomposition was not present. See item # 11, Testimony of Neal Stone, p 1786 – 1791, with attachment.

3) The Condition of the Body template was filled out by the Sheriff's Office, item # 13 p 400095. It was written that rigor was complete and livor was "front" (anterior) and the face was "darkened", (livor), yet in viewing the color photographs of the face of the decedent, item #8 photograph of Tommy M. Griffin, 92ME06, taken at autopsy, showed the face was light, not livid, as the lividity has shifted away from the front and went to the back of the head, as it is not yet fixed in the capillaries, which is an event that usually occurs before in the first 12 hours.

4) The temperature graphs, item #4 Exhibit 17 (temperature graphs), show that the weather during the days of 2/22/92, 2/23/92 and 2/24/92 was warm. During the days, there were high temperatures in the mid to upper 60's, warm enough for fly larva to be present, hatch and mature and go into advanced maturation phases, called instar stages, larva I, II, and III; yet no insect activity was found, very improbable after the first 12 hours after death.

5) **Sixty-four hours** would be sufficient time for liquid blood to dry up, but there was blood in the mouth and nose, see autopsy report, and it was certainly warm enough to see gaseous decomposition occur.

6) Observation of the shotgun wound to the back of the neck looks very fresh, within twelve hours after death. See item #8, color photograph of Tommy M. Griffin, 92ME06, taken at autopsy.

7) There was no observation by Dr. Ellington, Sheriff's Office representative, or medic, of any vertebrate activity on any part of the body, especially to a wound with fresh blood which attracts them by scent, as it does insects. There were no large or small chew or teeth marks, bite marks, claw or paw marks made by mice, rats, squirrels, fox, dogs, cats, voles, ravens or vultures, etc. which are often in wooded areas, similar to where the deceased was found.

## Conclusions:

Based upon a reasonable degree of medical certainty, and my many years of experience and expertise, it is my opinion that the deceased died within the 12 hours before his body was found on Monday, February 24, 1992, at 1631 hours, 4:31 PM. This would place the time of death around 4:30 AM on Monday, February 24, 1992, plus or minus a few hours.. It is my opinion that Tommy M. Griffin, 92ME06, did not die on Friday, the 21st, Saturday the 22nd or Sunday the 23rd ,of February, 1992.

{3}

Rigor, which disappears after a day, was present.

Lividity, which fixes in about 12 hours., was not yet fixed. When at the scene, it was found in the face. In reviewing the color autopsy slides, lividity had shifted later into the dependent parts of the head, making it a very fresh body. It had shifted since being turned from the face-down position to his back while in transit to the morgue, and then photographed on the autopsy table. This would make the time of death within 12 hours from the time the body was found.

The wound is wet and fresh-looking, appearing to have been made very recently. It is not **sixty-four hours old.** There was blood found at autopsy in the mouth and nose, which would have dried up after a day.

There were no signs of decomposition seen, no bloating, purging , skin or hair slippage, and no gaseous distention of the bowels, very unlikely if the body had been there for over a day with the warm temperatures.

There was no insect activity, which I would expect to see within a few hours after death as the temperature rose into the mid 60 degrees, F.

There was no small animal or vertebrate activity, which would be attracted to the smell of fresh blood in a few hours, also expected after 12 hours.

There was some digested food in his stomach and some of which was partially digested. I would have expected that the gastric and pancreatic enzymes excreted into his stomach after eating the food to still be active and working after death as it is a pure chemical reaction, and once mixed, would continue to digest, as it would if placed into in a glass bowl, not needing the decedent to be alive. Usually all of the food is digested after two hours, but this can be slowed down to up to 10 to 16 hours by eating a meal high in fat, milk products or cheese. If he hadn't eaten at the bar that he was at after release from prison, and he didn't eat in prison, then his stomach would have been empty.

All of my opinions are based upon the facts of the case. If new facts become evident, then my opinions may change.

FURTHER AFFIANT SAITH NOT.

_____
                                    Stanton C. Kessler, M.D.

{4}

STATE OF SOUTH CAROLINA )
COUNTY OF _Richland_ )

Sworn to and subscribed before me this 22nd day of January, 2007.

_Patricia Ann Simons_
Notary Public

My Commission Expires:

_2-28-2010_

{5}