UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| GARY WAYNE SUTTON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 3:06-CV-388 |
| | ) | (VARLAN/SHIRLEY) |
| RICKY BELL, WARDEN, | ) | |
| Respondent. | ) | |

| GARY WAYNE SUTTON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 3:07-CV-30 |
| RICKY BELL, WARDEN, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

These cases came before the undersigned pursuant to Local Rule 3.2 of the Local Rules of the United States District Court for the Eastern District of Tennessee for assignment to a District Judge. The record indicates that in the recently filed case of Sutton v. Bell, Civil Action No. 3:07-CV-30, this action was filed on or about January 26, 2007. A previous case has been filed styled Sutton v. Bell, Civil Action No. 3:06-CV-388, which was assigned to the Honorable Thomas A. Varlan, United States District Judge and Magistrate Judge C. Clifford Shirley, Jr.

Pursuant to E.D. TN. LR3.2(d)(3), cases related to cases already assigned to a District Judge shall be assigned or transferred to the Judge assigned to the previously filed case. The procedure set out in Local Rule 3.2(d)(3)(B) provides that "when it appears to the Clerk that a case

submitted for filing may be related to a previously filed case, the submitted case shall be referred to the Magistrate Judge assigned to the previously filed case to determine whether or not the cases are related. If the Magistrate determines that the cases are related, the Magistrate will enter an Order directing the Clerk to assign the submitted case to the Judge assigned to the previously filed case." In this matter, it appeared to the Clerk that the <u>Sutton</u> case, Civil Action No. 3:07-CV-30 submitted for filing might be related to the previously filed <u>Sutton</u> case, Civil Action No. 3:06-CV-388 and they were referred to the undersigned to determine whether or not the cases were related.

Cases are deemed related under Local Rule 3.2(d)(3)(A) when a filed case arises out of the same transaction or occurrence and involves one or more of the same parties as an earlier numbered case.

It appears to the undersigned that Civil Action No. 3:07-CV-30 (<u>Sutton</u>) is related to the earlier filed case, Civil Action No. 3:06-CV-388 (<u>Sutton</u>). The plaintiff and the defendant in Civil Action No. 3:07-CV-30 are same plaintiff and defendant in Civil Action No. 3:06-CV-388. Further, the plaintiff in Civil Action No. 3:06-CV-388 was to file his "Petition For Writ Of Habeus Corpus" by May 11, 2007. It appears that this filing is that "Petition For Writ Of Habeus Corpus" and simply was not filed in the underlying case.

Therefore, the undersigned finds that these cases are deemed related as they arise, in substantial part, out of the same transaction, occurrence, or are claimed to be related thereto and involve one or more of the same parties.

Therefore, it is the opinion of the undersigned that Civil Action No. 3:07-CV-30 (Sutton) should be assigned to the Honorable Thomas A. Varlan, who was previously assigned to Civil Action No. 3:06-CV-388 (Sutton) in the interest of judicial economy.[1]

Accordingly, the Clerk is **DIRECTED** to assign Civil Action No. 3:07-CV-30 to the Honorable Thomas A. Varlan, United States District Judge.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge

---

[1] The Court also notes and calls the parties attention to Local Rule 3.2(e), which provides that "this rule is intended to provide for the orderly division of the business of the Court and not to grant any right to any litigant."