UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

GARY WAYNE SUTTON, )
)
*Petitioner,* )
v. ) No.: 3:07-CV-30
) (VARLAN/SHIRLEY)
RICKY BELL, WARDEN, )
)
*Respondent.* )

## **ORDER**

This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, by and through counsel for Gary Wayne Sutton ("Sutton" or "petitioner") (Doc. 3). Petitioner is a prisoner confined at Riverbend Maximum Security Institution in Nashville, Tennessee. Petitioner has paid the $5.00 filing fee.

Petitioner is attacking criminal convictions for one count of first degree murder and one count of setting fire to personal property from the Circuit Court of Sevier County, in Sevierville, Tennessee. Petitioner was convicted by a jury and received a sentence of life plus a consecutive two-year sentence for the setting fire to personal property conviction.

The Clerk is **DIRECTED** to serve a copy of the habeas petition (Doc. 3) and this order on respondent. Since it does not plainly appear from the face of the petition that it should be summarily dismissed, respondent is hereby **ORDERED** to answer or otherwise respond to the petition within **forty-five (45) days** from the date of this order.

If respondent files a dispositive motion, the Court must defer to the state court judgment unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d). Therefore, respondent is **ORDERED** to file **all** documents considered by the state courts with any dispositive motion, so this Court will be able to determine if the record supports the findings of the state court. The documents respondent is **ORDERED** to manually file[1] shall include, but shall not be limited to, trial transcripts; hearing transcripts; post-conviction proceeding transcripts, briefs, trial court rulings and decisions; and appellate court decisions.[2]

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1][T]he state court record in habeas cases **shall** be filed on paper and not electronically[.] *See* Rule 4.10 of the United States District Court Eastern District of Tennessee, Electronic Case Filing Rule and Procedures (emphasis added).

[2]If Respondent files a motion to dismiss on the basis of untimeliness, only the documents to substantiate their contention that the petition is untimely should be provided to the Court.

2