UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GARY WAYNE SUTTON | ) |
| | ) |
| *Petitioner*, | ) |
| v. | ) No.: 3:07-cv-30 |
| | ) (VARLAN/SHIRLEY) |
| RICKY BELL, WARDEN, | ) |
| | ) |
| *Respondent*. | ) |

**<u>ORDER</u>**

Gary Wayne Sutton ("Sutton" or "Petitioner") brings this petition for a writ of habeas corpus against Warden, Ricky Bell ("Respondent"), pursuant to 28 U.S.C. § 2254, challenging the legality of his confinement for his 1993 convictions and sentences for first degree murder and setting fire to personal property [Doc. 3]. Respondent has filed an Answer to the habeas corpus petition which conforms with Rule 5 but also contains an argument that the petition must be dismissed based upon procedural default and the deferential review standards set forth in § 2254(d) and *Williams v. Taylor,* 529 U.S. 362, 405 (2000) [Doc. 17].

Although Rule 5(e) of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petitioner "may submit a reply to the respondent's answer or other pleading within a time fixed by the judge[,]" and Petitioner has had more than an adequate amount of time in which to reply or notify the Court of his intent to file a reply and request the Court to schedule a due date for any reply, he has failed file a reply or request the Court to set a deadline for filing a reply. Nevertheless, out of an abundance of caution and in the interest of moving this matter along, the Court **ORDERS** that any reply to Respondent's Answer **SHALL** be filed on or before, **October**

1

**21, 2010**. [1] Due to the length of time that this matter has been pending, under no circumstance will an extension of time be permitted. Although Petitioner may file a reply to Respondent's Answer within the time set by this Order, he is not required to do so. *See* Rule 5(e) of the Rules Governing Section 2254 Cases in the United States District Courts.

In addition, it has come to the Court's attention that Addendum 13, Volume 3 includes only a portion of page 265. Accordingly, on or before **October 21, 2010**, Respondent **SHALL** provide the Court with page 265 and any other page it omitted from the Court's copy of the Addenda or failed to completely copy.

SO ORDERED.

E N T E R :

   s/ C. Clifford Shirley, Jr.   
United States Magistrate Judge

---

[1] It appears that the factual basis for the petition and the applicable law are fully set forth in the petition and answer, and that a reply is not necessary.

2