# ADDENDUM 13
## Volume 3, p. 265

Case 3:07-cv-00030-TAV-CCS    Document 26-1    Filed 10/21/10    Page 1 of 2
PageID #: 12

First of all, I reiterate and find that, either by collateral estoppel or by judicial estoppel, the issues pertaining to the search of the Dellinger residence have already been passed upon and ruled upon, and the search warrant and the search upheld by the Tennessee Court of Criminal Appeals in the case out of Blount County, and therefore hold that any issue pertaining to the search of the residence is hereby moot.

Secondly, the issues as to the counsel and their staffs interacting with the Defendants - and I guess I'll go back and change what I said. As to Mr. Dellinger, the Court quite candidly finds his testimony to be incredible. He is not able to explain on direct examination or cross-examination a whole lot of specifics other than, "They didn't talk to me." And when you look at the file that Mr. Miller brought in here and the work that was done pretrial on motions, extensive motions, quite candidly sometimes *ad nauseam* motions, the Court hereby finds that Mr. Miller's testimony on the amount of work and his relationship with his client to be far more credible than it does Mr. Dellinger's.

The issues pertaining to the headlight, as we've all acknowledged and said many times, was devastating. As I think I have said at the earlier hearing----if not, I will state it here----that this was the most complete case of circumstantial evidence that this Court has ever seen as either a lawyer or

Case 3:07-cv-00030-TAV-CCS    Document 26-1    Filed 10/21/10    Page 2 of 2
PageID #: 13