## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

GARY WAYNE SUTTON,       )
                                     )

      Petitioner,           )
                                     )

**vs.**                              )        Case No. 3:07-cv-30
                                   )        Judge Varlan/Shirley

**RICKY BELL**, **Warden,**     )        **DEATH PENALTY CASE**
                                   )

      Respondent.       )

---

## REPLY TO ANSWER

---

Comes now Petitioner, Gary Wayne Sutton, through undersigned counsel, and submits the following Reply to Respondent's Answer to his Petition for Writ of Habeas Corpus.

**Claim II. Mr. Sutton was denied the effective assistance of counsel in violation of the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.**

Mr. Sutton alleges his trial counsel were ineffective for failure to investigate Tommy Griffin's murder. Specifically, he alleges trial counsel should have offered scientific evidence demonstrating that it was scientifically impossible that Mr. Griffin died at 11:55 pm on the night of Friday, February 21, 1992. *See* R3, pp. 12-18 of 57. In support of this claim, Mr. Sutton attached to his petition affidavits from Drs. Kessler, R3-2, and Haskell, R3-4. Respondent answers that this Court should not consider this evidence because petitioner failed to present it in state court and that 28 U.S.C. § 2254(e)(2) bars this Court's consideration of this evidence. R17, pp. 23-24 of 47.

Respondent is in error.  TENNESSEE SUPREME COURT RULE 13, SECTION 5(A)(2) bars funding for expert and investigative services in non-capital post-conviction cases, stating as follows: "(2) In non-capital post-conviction proceedings, funding for investigative, expert, or other similar services shall not be authorized or approved.  See *Davis v. State*, 912 S.W.2d 689 (Tenn. 1995)."  Despite this rule, Mr. Sutton nevertheless sought and was denied funding for expert services.  R19, Add. 12, Vol. 1, pp. 41-42.  Mr. Sutton appealed the trial court's denial to the Tennessee Court of Criminal Appeals.  R19, Add. 15, pp. 1-4.  The State of Tennessee argued against funding.  R19, Add. 16, pp. 1-10.  The appellate court affirmed the denial of funding. R19, Add. 17.  Because the State of Tennessee has a blanket rule denying funding in all non-capital post-conviction cases, 'there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect" Mr. Sutton's rights.  28 U.S.C. § 2254(b)(1)(B)(i),(ii); *see Jackson v. Jamrog*, 411 F.3d 615, 618 (6th Cir. 2005) (holding that where state statute did not allow appeal of denial of parole, the failure to exhaust parole issue was excusable under section "2254(b)(1)(B)(I), because 'there is an absence of available State corrective process.'") Accordingly, the requirement that this evidence be exhausted is not controlling.  *Id.*

Further, despite the state court blanket prohibition against funding in non-capital post-conviction cases, Mr. Sutton nonetheless sought it.  Under these circumstances, there is no failure to develop the evidence.  *See Banks v. Dretke*, 540 U.S. 668, 696-97 (2003) (finding no failure to develop based in part on state court limitation on funding for investigative assistance).  *See also Williams v. Taylor*, 529 U.S. 420, 435-36 (2000) (addressing 28 U.S.C. § 2254(e)(2) and holding failure to develop is not established

{2}

unless there is a lack of diligence and holding the critical query is whether petitioner made a reasonable attempt to develop the evidence, not whether it was, in fact, developed).

Mr. Sutton's habeas petition also presents several other allegations of ineffectiveness. R3, pp. 12-33 of 57. Respondent contends that allegations about jury testimony, (R.17, p. 27), about the method of venire selection, (p. 29), about the appeal of the denial of individual *voir dire*, about challenging extraneous influence on the jury, (p. 29), and about appealing jury instructions, (p. 32), are all procedurally defaulted. Should this court find any of these allegations procedurally defaulted, review would still be appropriate pursuant to *Schlup's* gateway innocence standards. *See* R3, pp. 52-54 of 57.

Respectfully submitted,

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.


BY: s/ Susanne Bales
    Susanne Bales
    Asst. Federal Community Defender
    800 S. Gay Street, Suite 2400
    Knoxville, TN 37929-9714
    (865)637-7979

{3}

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2010, the foregoing Reply to Answer was filed electronically. Notice electronically mailed by the Court's electronic filing system to all parties indicated on the electronic filing receipt. Notice delivered by other means to all other parties via regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/Susanne Bales

{4}