UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

GARY WAYNE SUTTON,                           )
                                             )
            Petitioner,                      )
                                             )
v.                                           )      No.:   3:07-cv-30
                                             )             (VARLAN/SHIRLEY)
RICKY BELL, WARDEN,                          )
                                             )
            Respondent.                      )

## JUDGMENT ORDER AND CERTIFICATE OF APPEALABILITY

In accordance with the Court's accompanying memorandum opinion filed herewith,

Petitioner's habeas petition filed pursuant to 28 U.S.C. § 2254 is **DISMISSED** [Doc.3]. For

the reasons discussed in the memorandum opinion and as explained below, Petitioner is

**DENIED** a Certificate of Appealability on all claims. 28 U.S.C. § 2253(c).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United

States District Courts, which was amended and became effective as of December 1, 2009,

"[t]he district court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant," and "[i]f the court issues a certificate, the court must state the

specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." If a

certificate of appealability is denied, a party may seek a certificate from the court of appeals

under Federal Rule of Appellate Procedure 22. A timely notice of appeal must be filed, even

if the Court issues a certificate of appealability. Rule 11(b) of the Rules Governing Section

2254 Cases in the United States District Courts.

To grant a Certificate of Appealability ("COA"), the Court must find a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a claim has been dismissed on the merits, a substantial showing is made if jurists of reason would find the district court's assessment of the constitutional claims debatable or wrong, or if jurists could conclude the issues raised are adequate to deserve further review. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a claim has been dismissed on procedural grounds, a substantial showing is demonstrated when it is shown that reasonable jurists would debate whether a valid claim has been stated and whether the court's procedural ruling is correct. Although each component of the test is part of the threshold inquiry, a court may dispose of the claim by resolving the component of the test whose answer is more apparent from the record and arguments. *See Slack*, 529 U.S. at 475, 484.

The Court has individually assessed each claim under the above standards. None of Petitioner's claims satisfy the standard for obtaining a COA as the Court finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Specifically, as to the claims dismissed on the merits, the Court does not find that jurists of reason would find the district court's assessment of the constitutional claims debatable or wrong, or that jurists could conclude the issues raised are adequate to deserve further review. *See Miller-El*, 537 U.S. at 327, 336; *Slack*, 529 U.S. at 484. Likewise, as to the claims that have been dismissed on procedural grounds, the Court does not find that reasonable jurists would debate whether the Courts' procedural rulings are correct. *See Slack*, 529 U.S. at 475, 484. Accordingly, the

2

Court concludes there is no room for disagreement among reasonable jurists as to the Court's resolution of the claims, and therefore, for the reasons set forth herein, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

ENTERED AS A JUDGMENT

s/ Patricia L. McNutt
CLERK OF COURT

3