**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

| | | |
|---|---|---|
| **GARY WAYNE SUTTON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| **vs.** | ) | Case No. 3:07-cv-30 |
| | ) | Judge Varlan/Shirley |
| **RICKY BELL**, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MOTION TO HOLD CASE IN ABEYANCE

Petitioner Gary Wayne Sutton moves this court to stay proceedings in this matter pending the Supreme Court's resolution of the issue of whether ineffective assistance of post-conviction counsel can establish cause sufficient to excuse procedural default. On September 29, 2011, this court entered a memorandum opinion dismissing Mr. Sutton's habeas petition and finding several allegations of ineffective assistance of counsel and jury misconduct procedurally defaulted. D.E. 28, p. 78, 80, 87, 107. Based on anticipated new case law, Mr. Sutton alleges these claims are subject to review because the ineffective assistance of his post-conviction counsel qualifies as cause for failure to exhaust the claims in state court. He moves this Honorable Court to stay proceedings in his case pending resolution in the United States Supreme Court of at least two cases addressing procedural default and cause for excusing the same in the habeas context. After the Supreme Court hands down a ruling in these cases, Petitioner requests thirty days to brief the issue of procedural default and cause for excusing the same.

The United States Supreme Court is now reviewing what circumstances may establish cause for failure to present a claim to the state court.

In *Maples v. Thomas*, No. 10-63, the Supreme Court is reviewing this question:

Whether the Eleventh Circuit properly held – in conflict with the decisions of this Court and other courts – that there was no 'cause' to excuse any procedural default where petitioner was blameless for the default, the State's own conduct contributed to the default, and petitioner's attorneys of record were no longer functioning as his agents at the time of any default. (Attachment A).

In *Martinez v. Ryan*, No. 10-1001, the Supreme Court is reviewing this question:

Whether a defendant in a state criminal case, who is prohibited by state law from raising on direct appeal any claim of ineffective assistance of trial counsel, but who has a state-law right to raise such a claim in a first post-conviction proceeding, has a federal constitutional right to effective assistance of first post-conviction counsel specifically with respect to his ineffective-assistance-of-trial-counsel claim. (Attachment B).

How the Supreme Court resolves these issues may be dispositive of the question of whether Mr. Sutton has in fact procedurally defaulted several of his claims, as this Court found. Mr. Sutton notes these two cases were argued on October 4, 2011, and rulings will likely be handed down in the next few months. (*See* Supreme Court docket, no. 10-1001, and 10-63) Therefore, Mr. Sutton asks this Court to stay his petition until these important questions of law are answered. He would then ask for thirty days to submit a briefing on whether he can establish cause and prejudice for any claims the court has found defaulted.

Mr. Sutton's case falls squarely within *Martinez v. Ryan*'s ambit. Tennessee

{2}

state law bars a defendant from raising ineffective assistance of counsel claims on direct appeal. *See*, *e.g.*, *State v. Allen*, 2011 WL 1344462 at *8-9 (Tenn.Crim.App. 2011)(declining to review ineffective assistance of counsel claim on direct appeal because appellant had not had evidentiary hearing on issue and directing appellant to raise the claim on post-conviction).

Tennessee state law provides a state law right to raise such a claim in a first post-conviction proceeding. TENN.CODE ANN. § 40-30-103. Because the post-conviction proceeding is the first and only opportunity to present the Sixth Amendment right to counsel claim, Mr. Sutton has a constitutional right to the effective assistance of first post-conviction counsel with respect to his constitutional claims. *Martinez, supra*.

The court found the following allegations were procedurally defaulted: ineffective assistance of counsel for failure to object and appeal the unorthodox and unlawful manner in which the jury was selected (habeas claim II, D.E. 3, p. 22-34)[1]; ineffective assistance of counsel for failing to discover the presence of the Bible in the jury room and failing to appeal the issue(habeas claim II, D.E. 3. p. 25)[2]; ineffective assistance of counsel for failure to appeal the reasonable doubt jury instruction (habeas

---

[1]In holding this claim procedurally barred, the court stated: "Clearly, the claim[] Sutton raises ... regarding the selection of the venires ... [was] never presented in state court and [is] therefore procedurally defaulted. ... Exhaustion requires a state prisoner to give the state courts a "fair opportunity to act" on each of the claims before he presents those claims in a federal habeas petition; some Sutton has failed to do." D.E. 28, p. 78-79.

[2]In holding this claim procedurally barred, the court states: This ineffective assistance of counsel claim was not raised in state court and is therefore procedurally defaulted." D.E. 28, p. 80.

{3}

claim II, D.E. 3,  p. 28-29)[3]; and the jurors were tainted by a prospective juror's statement that, "I've formed an opinion.  I even know stuff that the boys done before they even committed the crime.  Not being innocent, I don't believe ...."  which denied Sutton his right to a trial by an impartial jury (Habeas claim VI, D.E. 3, p. 45)[4].

This court found all of these claims were procedurally defaulted.  Post-conviction counsel's failure to present these claims was ineffective and Mr. Sutton was prejudiced by this failure.  Mr. Sutton respectfully moves the court to stay resolution of the concurrently filed Rule 59 motion until the Supreme Court addresses whether ineffective assistance of post-conviction counsel can qualify as cause sufficient to excuse the default.

Respectfully submitted,

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.


s/ Susanne Bales
Susanne Bales
Asst. Federal Community Defender
800 S. Gay Street, Suite 2400
Knoxville, TN  37929-9729
(865)637-7979

---

[3]In holding this claim procedurally barred, the court states "Sutton's alleged constitutional violation was never presented to a state court and he has committed a procedural default for hwich no cause and prejudice, ... has been shown.  Accordingly, this claim will be DISMISSED as procedurally barred."  D.E. 28, p. 87.

[4]The court stated, "this cited ground of juror misconduct was not presented in the state appellate court on direct review or on appeal of the denial of his state post-conviction petition, thus violating the rule that a habeas petitioner must [properly exhaust] to avoid procedural default. ...  Accordingly, because this claim wa snot pursued through one full round of state court review, it will be DISMISSED as [procedurally defaulted."  D.E. 28, p. 107.

{4}

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2011, the foregoing Motion to Hold Case in Abeyance was filed electronically. Notice electronically mailed by the Court's electronic filing system to all parties indicated on the electronic filing receipt. Notice delivered by other means to all other parties via regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/ Susanne Bales

{5}