# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### KNOXVILLE DIVISION

GARY SUTTON, )
)
    Petitioner, )
)
v. ) No. 03:07-cv-30
) Judge Varlan
RICKY BELL, Warden, )
)
    Respondent. )

---

## RESPONDENT'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO STAY

---

The respondent, Ricky Bell, Warden of Riverbend Maximum Security Institution, hereby responds in opposition to the petitioner's motion to stay [Doc. Entry No. 30]. As grounds therefore, the respondent states:

1. On October 27, 2011, the petitioner argues that the Court should hold the petition in abeyance pending resolution of certain cases pending before the United States Supreme Court. These cases, he notes, concern whether errors of collateral review counsel could in some cases provide cause to overcome procedural default and thus could inform the Court's judgment in this matter.

2. As an initial matter, Sutton's arguments fail because he has not shown any need for a stay at this point in the proceedings. The Court has already issued a ruling in

this case. The petitioner will presumably apply to the Sixth Circuit for a certificate of appelability, and could argue based on any favorable change in the law during those proceedings. At this phase of the proceeding, issuing a stay to await a Supreme Court holding would serve no purpose other than to needlessly delay this case.

3. Sutton's arguments also fail on their merits. His first ground for a stay is the Supreme Court's grant of certiorari in *Maples v. Allen*, 586 F.3d 879. However, *Maples* involves an issue of an error (failing to forward legal mail) by counsel who was no longer representing the petitioner at the time it was made, and which was compounded by a state court clerk's failure to ensure proper mailing of an order. Specifically, the question certified by the Court is worded:

> Whether the Eleventh Circuit properly held - in conflict with the decisions of this Court and other courts - that there was no "cause" to excuse any procedural default where petitioner was blameless for the default, the State's own conduct contributed to the default, and petitioner's attorneys of record were no longer functioning as his agents at the time of any default.

*Maples Petition for Certiorari*, 2010 WL 2727329 at *i. See also *Maples v. Thomas*, 131 S.Ct. 1718 (granting cert. as to this issue alone.)

The facts have no application to this case. Here, the petitioner's default was caused by his federally appointed counsel arguing additional ineffective assistance theories beyond the ones on which his state post-conviction counsel chose to argue. Unlike in *Maples*, Sutton has no argument that his rights were defaulted by a party not acting on his behalf, or caused by the State itself. See *Henderson v. Bell*, No. 06-2050

(W.D. Tenn. May 4, 2011) (denying capital petitioner's substantially identical request for stay pending Supreme Court determination of *Maples*) (copy attached). Thus, the grant of certiorari in this case is not cause to revoke or stay the Court's order dismissing defaulted claims.

4. Sutton next argues that the Supreme Court's grant of certiorari in *Martinez v. Ryan*, No. 10-1001, a case that does involve arguments for excusing procedural default based on errors of post-conviction counsel. However, as Sutton notes, the issue presented in *Ryan* is limited to procedural default in situations in which a defendant is legally prohibited from bringing ineffective assistance claims on direct review, a condition not found in Tennessee. Thus, the Supreme Court's grant of certiorari in *Martinez* does not have direct application to this case.

Furthermore, Sutton's arguments fail in light of existing Supreme Court precedent. The Supreme Court has previously ruled that there is no right to effective assistance of post-conviction counsel. *Lawrence v. Florida*, 549 U.S. 327, 337 (2007); See also *Coleman v. Thompson*, 501 U.S. 722, 755-56 (1991). Thus, by definition, post-conviction counsel cannot be constitutionally ineffective so as to allow cause to overcome procedural default. *Id.* While the Court has allowed for the possibility that *egregious conduct*[1] of post-conviction counsel might allow cause for equitable tolling, the Court specifically stated that, out of respect for state comity, such errors by post-conviction counsel could not

---

[1] As opposed to the mere failure to argue additional theories of relief, as alleged here.

overcome a petitioner's procedural default. *Holland v. Florida*, 130 S.Ct. 2549, 2563 (June 14, 2010) citing *Coleman*, 501 U.S. at 752-53. As, the Court stated therein, "in the context of procedural default, we have previously stated, without qualification, that a petitioner "must 'bear the risk of attorney error." *Id.* Thus, the Supreme Court has, in the last calendar year, decided against Sutton on the exact question for which he seeks reconsideration. The Supreme Court's grant of certiorari on the limited issue presented in *Martinez* or in any other case "does not change the controlling law related to ineffective assistance of post-conviction counsel." See *Henderson*, Ex. A, at 5. Accordingly, this request for reconsideration or a stay is not well-founded.

5. The petitioner's request would also needlessly delay this case based on a claim with little chance of ultimate success. Sutton's position, that a post-conviction counsel's failure to raise an ineffective assistance theory is cause to overcome the claim's default, would entirely eliminate the theory of procedural default as related to ineffective assistance of counsel claims. This would lead to petitioner's purposely failing to bring these claims in state court so as to avoid deferential review of those decisions in federal court, and defeat the purposes of comity on which federal habeas review is based. In the absence of any clear directive that the Supreme Court intends to take some such a step (and indeed, with the presence of a statement to the contrary within the past calendar year), this argument is not sufficient to justify reconsideration of the Court's Order.

WHEREFORE, the respondent requests that the petitioner's motion to stay be denied.

Respectfully submitted,

ROBERT E. COOPER, JR.
Attorney General & Reporter

/s/ ANDREW H. SMITH
ANDREW H. SMITH
Assistant Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
(615) 741-4349
B.P.R. No. 26594

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed electronically on November 9, 2011. A copy of the document will be served via the Court's electronic filing process on petitioner's counsel: Susanne Bales, Assistant Federal Community Defender, 800 S. Gay Street, Suite 2400, Knoxville TN 37929.

/s/ Andrew H. Smith
ANDREW H. SMITH