# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

KENNATH ARTEZ HENDERSON,

    Petitioner,

vs.

RICKY BELL, Warden, Riverbend
Maximum Security Institution,

    Respondent.

No. 06-2050-STA-tmp

---

ORDER DENYING PETITIONER'S MOTION TO RECONSIDER

---

On April 18, 2011, Petitioner Kennath Artez Henderson filed a motion to reconsider the Court's March 30, 2011 order granting in part and denying in part Respondent Ricky Bell's motion for summary judgment. (ECF No. 73; see ECF No. 72.) Petitioner filed supplementary evidence in support of his motion on April 22, 2011. (ECF No. 74.) On April 29, 2011, Respondent filed his response. (ECF No. 76.)

The standard for relief from a court's order is stated in Fed. R. Civ. P. 60(b). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)    mistake, inadvertence, surprise, or excusable neglect;
>
> (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to

move for a new trial under Rule 59(b);

(3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party;

(4)   the judgment is void;

(5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment hat has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)   any other reason that justifies relief.[1]

"A Rule 60(b) motion may be denied if it is merely an attempt to relitigate previously decided issues." McNeil v. United States, 113 F. App'x 95, 97-98 (6th Cir. 2004); see Jinks v. AlliedSignal, Inc., 250 F.3d 381, 384 (6th Cir. 2001) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof.") "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." Johnson v. Unknown Dellatifa, 357 F.3d 539, 543 (6th Cir. 2004) (quoting Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993)).

Petitioner asserts that in light of the United States Supreme

---

[1]    The Supreme Court has held that relief under Rule 60(b)(6) requires a showing of exceptional or extraordinary circumstances. Ackermann v. United States, 340 U.S. 193, 202 (1950). The Sixth Circuit has set forth the additional requirement that "something more" than one of the grounds contained in subsections (1) through (5) be shown for relief under this section. East Brooks Books, Inc. v. City of Memphis, 633 F3d. 459, 465 (6th Cir. 2011.)

2

Court's grant of certiorari in <u>Maples v. Thomas</u>, No. 10-63, 2011 WL 940889 (Mar. 21, 2011); grant of a stay of execution and leave to file an out-of-time rehearing petition in <u>Foster v. Texas</u>, No. 10-8317 (10A971), 2011 WL 12383627 (Apr. 5, 2011); and grant of a stay of execution in <u>Cook v. Arizona</u>, No. 10-9742 (10A955), 2011 WL 1234018 (Apr. 4, 2011), the Court should reconsider its order dismissing the claims in ¶¶ 8(b, f, j); 9(f, l, m, n, o, p, q, r); 10; and 11(b, c, e, f) of the amended petition. (ECF No. 73 at 1.) Petitioner argues that the court should await the decision in <u>Maples</u> (and/or <u>Cook</u> and <u>Foster</u>) and order further proceedings once these cases are decided. (<u>Id.</u> at 1-2.) Petitioner asserts that <u>Maples</u>, <u>Foster</u>, and <u>Cook</u> determine the circumstances under which the actions of post-conviction counsel establish "cause" for a habeas petitioner's procedural default. (<u>Id.</u> at 2.)

> The question before the Supreme Court in <u>Maples</u> is:
>
> Whether the Eleventh Circuit properly held – in conflict with the decisions of this Court and other courts – that there was no "cause" to excuse any procedural default where petitioner was blameless for the default, the State's own conduct contributed to the default, and petitioner's attorneys of record were no longer functioning as his agents at the time of any default.

<u>Maples v. Allen</u>, No. 10-63, 2011 WL 2727329, at *i (July 9, 2010); <u>see</u> <u>Maples</u>, 2011 WL 940889 (granting the petition for writ of certiorari limited to Question 2). Maples filed a petition for post-conviction relief pursuant to Alabama Rule of Criminal Procedure 32 alleging ineffective assistance of counsel and that

3

the trial court's jury instructions violated due process. <u>Maples v. Allen</u>, 586 F.3d 879, 884 (11th Cir. 2009). The trial court dismissed the petition. <u>Id.</u> The trial court clerk sent copies of the order to Maple's two attorneys at the law firm of Sullivan & Cromwell in New York and to local counsel in Alabama. (<u>Id.</u>) None of the three attorneys filed a notice of appeal from the dismissal of the post-conviction petition. <u>Id.</u> Due to a clerical error in Sullivan & Cromwell's mail room, the order was returned to the trial court clerk. <u>Id.</u> at 884, n.3. After the state appellate court denied Maple's request for an out-of-time appeal on the dismissal of his post-conviction petition, the federal district court denied Maple's § 2254 petition. <u>Id.</u> at 885. The Eleventh Circuit Court of Appeals held that the factor that resulted in Maples's default – counsel's failure to file a timely notice of appeal – cannot establish cause for the default because there is no right to post-conviction counsel. <u>Id.</u> at 891.

Respondent states that the grant of certiorari in <u>Maples</u> addresses an error by counsel who was no longer representing the petitioner and compounded by a state court clerk's failure to ensure proper mailing of an order. (ECF No. 76 at 2.) He argues that the facts in <u>Maples</u> have no application to the instant case. (ECF No. 76 at 2.) He asserts that Petitioner, unlike Maples, has no argument that his rights were defaulted by a party not acting on his behalf or that the default was caused by the State. (<u>Id.</u>)

4

Respondent argues that the Supreme Court's grant of stays of execution in <u>Foster</u> and <u>Cook</u> without reference to the underlying merits of the petitions do not give "substantive cause" to stay the case or revoke the Court's March 30, 2011 order. (ECF No. 76 at 3.) He contends that Petitioner's arguments fail in light of existing Supreme Court precedent that there is not right to the effective assistance of post-conviction counsel. (<u>Id.</u>)

Petitioner has failed to demonstrate that he is entitled to relief based on one of the enumerated reasons in Fed. R. Civ. P. 60(b). The controlling law related to ineffective assistance of post-conviction counsel has not changed because the Supreme Court granted certiorari on the limited issue presented in <u>Maples</u> or the stays granted in <u>Foster</u> and <u>Cook</u>.[2] Petitioner's motion to reconsider is DENIED.

IT IS SO ORDERED this 4th day of May, 2011.

**s/ S. Thomas Anderson**

S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[2]  See <u>Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund</u>, 249 F.3d 519, 524 (6th Cir. 2001) ("a change in decisional law is usually not, by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief").

5