**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

| | | |
|---|---|---|
| **GARY WAYNE SUTTON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| **vs.** | ) | Case No. 3:07-cv-30 |
| | ) | Varlan/Shirley |
| **ROLAND COLSON**, **Warden**, | ) | |
| | ) | |
| Respondent. | ) | |

## REPLY TO RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO STAY

Petitioner, Gary Wayne Sutton, through undersigned counsel, submits the following Reply to Respondent's Response in Opposition to Petitioner's Motion to Stay. D.E. 33.

On September 29, 2011, this court entered a memorandum opinion dismissing Mr. Sutton's habeas petition and finding several allegations of ineffective assistance of counsel and jury misconduct procedurally defaulted. D.E. 28, p. 78, 80, 87, 107. Soon thereafter, Mr. Sutton filed a motion to hold his case in abeyance pending the Supreme Court's resolution of two cases addressing whether attorney conduct in state court can establish cause sufficient to excuse procedural default. D.E. 30. Respondent opposes the brief stay. D.E. 33.

The heart of Respondent's opposition is that the Supreme Court has recently held habeas petitioners must bear the risk of attorney misconduct and thus Mr. Sutton has little chance of ultimate success. D.E. 33. p. 4 of 5 (citing *Holland v. Florida*, 130 .Ct. 2549 (2010)). Mr. Sutton agrees with Respondent that a change or clarification in

existing law would be required for him to prevail on his claim of cause. But, the similarities between his case and *Martinez v. Ryan,* No. 10-1001, are striking. *See* D.E. 30, p. 2-3.[1] It is premature to determine whether he has met standards yet to be announced. Prudence suggests allowing the Supreme Court to resolve the *Martinez* case before ruling on the merits of Mr. Sutton's underlying assertion of cause. In fact, the Supreme Court has recently done just this by entering stays in at least two other cases, besides *Martinez*: *Cook v. Arizona*, No 10-9742, and *Foster v. Texas*, No. 10-11036 (questions presented attached).

Respondent also urges the court to deny the motion to avoid "needless[] delay...." D.E. 33, p. 2 of 5, and contends that Petitioner may seek relief in the Sixth Circuit, should the Supreme Court issue a favorable ruling. *Id.* Petitioner cannot predict the exact date the Supreme Court will hand down its rulings in the two cases at issue, though any delay would be measured in months, if not weeks or days. The Supreme Court heard argument on this issue on October 4, 2011. D.E. 30, p. 2 of 5.

Further, should a favorable ruling be handed down, the issue of whether Petitioner can establish cause would require development of evidence and be a fact-driven query, which is best done in the first instance in district court. See *Holland v. Florida*, 130 S.Ct. 2549, (2010) ("We also recognize the prudence, when faced with an equitable, often fact-intensive inquiry, of allowing the lower courts to undertake it in the first instance" and suggesting the district court should consider equitable tolling in the

---

[1]*Maples v. Thomas*, No. 10-63, is factually less similar to Mr. Sutton's case than *Martinez*. Nonetheless, how the Supreme Court rules in the *Maples* case will likely offer guidance to this court in how to resolve Mr. Sutton's claim of cause.

{2}

first instance). *See also* FED. R. APP. P. 10(a) (The appellate court can only consider the record developed in district court.) This court is the best court to allow initial consideration of the issue.

The only issue here is whether this court should briefly stay Mr. Sutton's case so that it may ultimately be disposed of in a manner consistent with Supreme Court precedent. It bears emphasizing that *a substantial number of the claims* raised in Mr. Sutton's petition were barred. How the Supreme Court resolves the difficult question of whether attorney conduct may establish cause for failure to exhaust could have a significant impact on Mr. Sutton's case.

It is respectfully requested that the court hold the case in abeyance until the Supreme Court issues its opinions in *Martinez v. Ryan* and *Maples v. Thomas*.

Respectfully submitted,

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

BY: s/Susanne Bales
     Susanne Bales
     Asst. Federal Community Defender
     800 S. Gay Street, Suite 2400
     Knoxville, TN 37929-9729
     (865)637-7979

{3}

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 18, 2011, the foregoing Reply to Response in Opposition to Petitioner's Motion to Stay was filed electronically. Notice electronically mailed by the Court's electronic filing system to all parties indicated on the electronic filing receipt. Notice delivered by other means to all other parties via regular U.S. Mail. Parties may access this filing through the Court's electronic filing system. .

s/ Susanne Bales

{4}