No. _____

_____

In The
SUPREME COURT OF THE UNITED STATES

_____

CLEVE FOSTER,
Petitioner,
v.
STATE OF TEXAS,
Respondent

_____

On Petition for Writ of Certiorari to the
Texas Court of Criminal Appeals

_____

THIS IS A DEATH PENALTY CASE

Mr. Foster is Currently Scheduled to be Executed
Tuesday, September 20, 2011, sometime after 6:00 p.m.

F. CLINTON BRODEN
Broden & Mickelsen
2600 State Street
Dallas, Texas 75204
(214) 720-9552
(214) 720-9594 (fax)

MAURIE LEVIN*
Capital Punishment Clinic
University of Texas School of Law
727 East Dean Keeton
Austin, TX 78705
(512) 232-7795
(512) 232-9171 (fax)

*Member, Bar of the Supreme Court; Counsel of Record

## QUESTION PRESENTED

While Texas statutes afford counsel to death-sentenced prisoners seeking state post-conviction relief, the Texas Court of Criminal Appeals ("CCA") has held that such counsel need not provide effective assistance. Petitioner's appointed state habeas counsel performed dismally, failing to conduct the investigation necessary to flesh out his powerful claim of innocence, or challenge trial counsel's own failures in the same regard. Petitioner repeatedly asked the authorities to give him a lawyer who would speak with him, respond to his letters, or investigate his repeated assertions of innocence. Petitioner's pleas fell on deaf ears.

State habeas counsel's unreasonable errors and omissions frustrated Petitioner's subsequent efforts to investigate and present these facts and claims for relief. As a result, Petitioner's claims of innocence and ineffective assistance of trial counsel have never been fully developed or fairly resolved. This outcome is all the more disturbing given that Petitioner was prosecuted as an accomplice, the State has never contended that he murdered the victim, and Petitioner's co-defendant has repeatedly acknowledged – both before and after he, too, was sentenced to death - that Petitioner is innocent.

Newly appointed federal habeas counsel attempted to litigate whether trial counsel were ineffective for failing to introduce a confession written by Petitioner's co-defendant, and not securing a blood spatter expert to challenge evidence indispensable to the prosecution's argument that Petitioner was sufficiently involved in the events of the crime to convict him of capital murder as an accomplice. The federal courts found the claims unexhausted and defaulted, and refused to consider them. Thereafter, when Petitioner managed to secure *pro bono* expert assistance and present to the state courts a more fully developed version of these ineffectiveness allegations, the CCA dismissed the claims because they could have been, but were not, presented in Petitioner's first state habeas proceeding, and Petitioner's supporting evidence, while strong, was insufficient to meet the heightened burden Texas law imposes in a successive application for state post-conviction relief.

The question presented is:

When a state habeas corpus proceeding represents a death-sentenced state prisoner's first opportunity to raise claims of innocence or ineffective assistance of trial counsel, does the federal constitution guarantee him effective assistance of counsel in presenting those claims?

i