UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| GARY WAYNE SUTTON, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No.: 3:07-CV-30 |
| | ) | (VARLAN/SHIRLEY) |
| RICKY BELL, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Gary Wayne Sutton filed a petition pursuant to 28 U.S.C. § 2254, which the Court dismissed on the merits and on the basis of procedural default by order entered on September 29, 2011 [Docs. 28, 29]. Petitioner now brings two motions: (1) a motion requesting that the Court stay proceedings in this matter [Doc. 30], and (2) a motion to alter or amend the Court's judgment dismissing his § 2254 petition [Doc. 31]. The latter motion will be treated as a motion filed under Fed. R. Civ. P. 59(e), as it was filed within the applicable time period, i.e., "no later than 28 days after the entry of the judgment." Fed. R. Civ. 59(e). Respondent has filed responses in opposition to the motions, and Petitioner filed a reply to Respondent's response to the motion to stay [Docs. 32, 33, & 34]. For the reasons explained herein, both motions will be denied [Docs. 30, 31], but Petitioner's request to brief an issue pertaining to procedural default will be granted.

I. **Motion to Hold Case in Abeyance**

Petitioner moves the Court to stay proceedings in this matter pending the Supreme Court's ruling in *Maples v. Thomas*, No. 10-63, and *Martinez v. Ryan*, 10-1001, on the basis

that the issues presented in those cases "may be dispositive of the question of whether Mr. Sutton has in fact procedurally defaulted several of his claims" [Doc. 30]. Respondent opposes the request, arguing that the facts in *Maples* have no application to this case because Petitioner presented no argument "that his rights were defaulted by a party not acting on his behalf, or caused by the State itself[,]" and that the issue presented in *Martinez* "is limited to procedural default situations in which a defendant is legally prohibited from bringing ineffective assistance of counsel claims on direct review, a condition not found in Tennessee" [Doc. 33].

The Court recognizes that during its consideration of the motions that are the subject of this memorandum opinion and order, the Supreme Court issued rulings in both *Maples* and *Martinez*. *See Martinez v. Ryan*, No. 10-1001, 2012 WL 912950 (U.S. 2012); *Maples v. Thomas*, 565 U.S. —, 132 S. Ct. 912 (2012). Because Petitioner states that "[t]he only issue [with respect to the motion] is whether this court should briefly stay Mr. Sutton's case so that it may ultimately be disposed of in a manner consistent with Supreme Court precedent," [Doc. 34],[1] the Court finds Petitioner's motion as moot. Therefore, the motion to stay [Doc. 30] is hereby **DENIED as moot**.[2]

Within Petitioner's motion to stay, however, Petitioner asks the Court for permission to brief the issue of procedural default and cause for excusing the same after the Supreme

---

[1] In other words, Petitioner does not ask the Court to consider the facts of this case under either *Maples* or *Martinez*.

[2] The Court notes that the same request is made within Petitioner's motion to alter or amend [Doc. 31]. That request is likewise **DENIED as moot**.

2

Court rules on *Maples* and *Martinez* [Doc. 30]. In light of the recent rulings in *Maples* and *Martinez*, the Court **GRANTS** this request. Petitioner shall have **twenty-one (21) days** from entry of this order to brief this issue. Respondent shall have **fourteen (14) days** to respond, and Petitioner shall have **seven (7) days** to reply.

II.     **Motion to Alter or Amend**

Petitioner's Rule 59(e) motion to alter or amend primarily concerns judicially noticed testimony and facts set forth in the memorandum opinion accompanying the judgment order in this case [*See* Doc. 31]. In its opinion, the Court took judicial notice of the evidentiary hearing conducted in Petitioner's federal habeas death penalty case, i.e., *Sutton v. Bell*, Case No. 3:06-CV-388. As permitted by Fed. R. Evid. 201(b)(2), the Court summarized what it considered to be the most pertinent parts of the testimony. Petitioner states, "[o]ut of an abundance of caution, [he] moves to be heard on application of the evidentiary hearing to the Sevier County case and submits the court may have overlooked the following[,]" wherein he identifies four experts, including some of their credentials and testimony [*Id.*]. In addition, Petitioner contends the judicially noticed proof demonstrates Petitioner is entitled to relief, and he reargues his claim that counsel was ineffective for failing to investigate the victim's death in the Blount County case.

Respondent, in opposing the motion, cites to *Henderson v. Walled Lake Consolidated Schools*, 469 F.3d 479 (6th Cir. 2006), contending Petitioner's arguments amount to re-argument of issues previously litigated—an action by Petitioner which is at odds with the purpose of a motion to alter and amend. Additionally, Respondent points out that the only

3

grounds upon which a motion to alter or amend may be granted are: (1) an intervening change in the controlling law; (2) newly discovered evidence; (3) to correct legal error; and (4) to prevent manifest injustice, *id.* at 496, and that Petitioner's arguments do not satisfy any of these criteria.

   A.   **The Law**

Respondent correctly identifies the scenarios in which a motion to alter or amend may be granted; that is, when there is (1) an intervening change in the controlling law, (2) newly discovered evidence, (3) a need to correct legal error, or (4) a need to prevent manifest injustice. *Henderson*, 469 F.3d at 496. Courts have explained that granting a motion to alter or amend a judgment is an extraordinary remedy that should be used sparingly. *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004). In addition, such a motion is not to be used in an effort to relitigate old matters, but rather "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id*. at 479 (citations and internal punctuation omitted).

   B.   **Analysis**

Pursuant to Rule 201(e) of the Federal Rules of Evidence, Petitioner "moves [the Court] to be heard on application of the evidentiary hearing to the Sevier County case and submits the court may have overlooked" certain evidence and testimony of which it took judicial notice [Doc. 31]. Petitioner requests that the Court alter or amend its opinion to find that he has demonstrated *Strickland* prejudice and grant the writ [*Id.*]. Considering Petitioner's motion in whole, the Court discerns that Petitioner is not contesting the propriety

4

of the Court taking judicial notice of the transcripts and exhibits from his federal habeas death penalty evidentiary hearing, but is requesting that the Court now consider testimony and evidence from the hearing that the Court did not cite in its memorandum dismissing his petition in this case. This is not necessary, however, because the Court took judicial notice of all the evidence presented in the evidentiary hearing, which includes the complete transcripts and exhibits from the evidentiary hearing in *Sutton v. Bell,* Civil Case No. 3:06-CV-388, Docs. 136 & 139, and considered the affidavits Petitioner submitted from two of the witnesses who testified at that hearing.[3]

Petitioner also contends the Court's prejudice analysis grossly departs from the *Strickland* standard, which requires a showing of a "reasonable probability that the result of the proceeding would have been different" [*Id*. (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)]. As the Supreme Court has stated, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Petitioner argues the expert proof undermines the time line the State presented at the Sevier County trial, thus altering the evidentiary picture presented to the Sevier County jurors. This matter, as Respondent correctly contends, was throughly considered in this Court's prior decision [*See* Doc. 28]. Nonetheless, the Court will reiterate that the expert proof does not undermine the State's time line of Griffin's death. The experts discussed the importance of temperature in determining time of death, but none of the experts knew the temperature of

---

[3]The Court considered the two affidavits even though they had not been presented to the state post-conviction court.

5

Case 3:07-cv-00030  Document 35  Filed 04/10/12  Page 5 of 7  PageID #: 191

the location where the body was found during the time the State alleged it was there. None of the expert opinion evidence negated the substantial circumstantial evidence and, when the circumstantial evidence is considered along with the fact that the opinion evidence was based on temperatures miles from the scene where the body was located, the State's time line is not undermined. As stated in the Court's opinion dismissing Petitioner's habeas petition:

> Considering the expert witnesses' testimony presented at the habeas death penalty evidentiary hearing and during the trial of Mr. Griffin's murder, along with the circumstantial evidence of Mr. Griffin's time of death, the Court can not conclude that Petitioner suffered any prejudice as a result of trial counsels' failure to investigate Griffin's murder. This is so because the new expert testimony does not weaken, in any way whatsoever, the circumstantial evidence pointing to Petitioner's guilt; all it does is contradict the State's time-of-death testimony and support the defenses' expert's time-of-death testimony–both of which the jury heard during the Griffin murder trial when it found Sutton and Dellinger guilty of his murder. Although it is true that, at the time of trial, the credentials of the State's trial expert outweighed the credentials of the defenses' trial expert, and the State's trial expert was subsequently stripped of his medical license, the fact of the matter is, all the circumstantial evidence support's the state's theory of Griffin's time of death and none of the circumstantial evidence supports the defenses' theory. Moreover, this new expert testimony does not demonstrate that the time-of-death opinion of the State's trial expert was incorrect.

[*Id.*].

Petitioner additionally claims the Court "concluded that because Mr. Sutton was convicted in Blount County, where there was scientific proof introduced, there was no prejudice to Mr. Sutton in the Sevier County case" [Doc. 31]. Petitioner, however, misinterprets the Court's conclusion. What the Court concluded was that Petitioner did not demonstrate prejudice because he did show that, but for counsel's failure to investigate

6

Griffin's death, there is a reasonable probability that the result of his trial would have been different and his jury verdict is not worthy of confidence.

Petitioner further claims Dr. Harlan's testimony should be wholly discounted, but doing so does not aid Petitioner's case. Even discounting Dr. Harlan's testimony, the weight of the experts' testimony was heavily based upon the temperature the body was exposed to after death in locations miles away and does not weaken the other substantial circumstantial evidence implicating Petitioner in the crime.

Finally, Petitioner suggests the Court independently determined guilt. The Court, however, did not independently determine Petitioner's guilt. Rather, the Court considered the affidavits of Petitioner's experts in addition to the testimony and exhibits presented in his federal habeas death penalty evidentiary hearing to reach a conclusion as to whether the Court's confidence in the outcome of his jury trial in this case was undermined. The Court concluded it was not.

In sum, as Respondent points out, Petitioner attempts to relitigate previously considered issues, but such arguments are more properly brought before the United States Court of Appeals for the Sixth Circuit. Even so, the Court finds that none of Petitioner's arguments persuade the Court that it should alter or amend its prior ruling on this claim. Accordingly, Petitioner's motion to alter or amend is hereby **DENIED** [Doc. 31].

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE