132 S.Ct. 1309, 80 BNA USLW 4216, 12 Cal. Daily Op. Serv. 3220, 2012 Daily Journal D.A.R. 3640, 23 Fla. L. Weekly Fed. S 175
**(Cite as: 132 S.Ct. 1309)**

▷

Supreme Court of the United States
Luis Mariano MARTINEZ, Petitioner
v.
Charles L. RYAN, Director, Arizona Department of Corrections.

No. 10–1001.
Argued Oct. 4, 2011.
Decided March 20, 2012.

**Background:** State prisoner petitioned for writ of habeas corpus after he was convicted of sexual conduct with person under age of 15, his conviction was affirmed on appeal, and post-conviction relief was denied. The United States District Court for the District of Arizona, James A. Teilborg, J., 2008 WL 5220909, denied petition. Prisoner appealed. The Court of Appeals for the Ninth Circuit, Wallace, Senior Circuit Judge, 623 F.3d 731, affirmed, and certiorari was granted.

**Holdings:** The Supreme Court, Justice Kennedy, held that:

(1) inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial;

(2) Antiterrorism and Effective Death Penalty Act (AEDPA) did not bar petitioner from using ineffectiveness of his postconviction attorney to establish "cause" for his procedural default; and

(3) remand was required to determine whether petitioner's attorney in his first state collateral proceeding was ineffective, whether underlying ineffective assistance of trial counsel claim was substantial, and whether petitioner was prejudiced.

Reversed and remanded.

Justice Scalia filed dissenting opinion in which Justice Thomas joined.

West Headnotes

**[1] Habeas Corpus 197 ☞406**

197 Habeas Corpus
    197I In General
        197I(D) Federal Court Review of Petitions by State Prisoners
            197I(D)5 Availability of Remedy Despite Procedural Default or Want of Exhaustion
                197k405 Cause or Excuse
                197k406 k. Ineffectiveness or want of counsel. Most Cited Cases

Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. U.S.C.A. Const.Amend. 6
.

**[2] Habeas Corpus 197 ☞314**

197 Habeas Corpus
    197I In General
        197I(D) Federal Court Review of Petitions by State Prisoners
            197I(D)1 In General
                197k313 Forfeiture, Waiver, Bypass, Procedural Default, or Failure to Object
                197k314 k. Default, etc., precluding state court consideration. Most Cited Cases

Under the doctrine of "procedural default," a federal habeas court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule.

**[3] Habeas Corpus 197 ☞403**

197 Habeas Corpus
    197I In General
        197I(D) Federal Court Review of Petitions by State Prisoners
            197I(D)5 Availability of Remedy Despite Procedural Default or Want of Exhaustion
                197k403 k. Invalidity of state proced-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

132 S.Ct. 1309, 80 BNA USLW 4216, 12 Cal. Daily Op. Serv. 3220, 2012 Daily Journal D.A.R. 3640, 23 Fla. L. Weekly Fed. S 175
**(Cite as: 132 S.Ct. 1309)**

ural requirement; inconsistent application. Most Cited Cases

**Habeas Corpus 197 ☞422**

197 Habeas Corpus
    197I In General
        197I(D) Federal Court Review of Petitions by State Prisoners
            197I(D)6 State's Reliance on or Waiver of Procedural Bar or Want of Exhaustion
                197k422 k. State court decision on procedural grounds, and adequacy of such independent state grounds. Most Cited Cases

A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal habeas review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed.

**[4] Habeas Corpus 197 ☞404**

197 Habeas Corpus
    197I In General
        197I(D) Federal Court Review of Petitions by State Prisoners
            197I(D)5 Availability of Remedy Despite Procedural Default or Want of Exhaustion
                197k404 k. Cause and prejudice in general. Most Cited Cases

A state prisoner may obtain federal habeas review of a procedurally defaulted claim by showing cause for the default and prejudice from a violation of federal law.

**[5] Habeas Corpus 197 ☞406**

197 Habeas Corpus
    197I In General
        197I(D) Federal Court Review of Petitions by State Prisoners
            197I(D)5 Availability of Remedy Despite Procedural Default or Want of Exhaustion
              197k405 Cause or Excuse
                197k406 k. Ineffectiveness or want

of counsel. Most Cited Cases

An attorney's errors during an appeal on direct review may provide cause to excuse a procedural default; if the attorney appointed by the State to pursue the direct appeal is ineffective, the state prisoner has been denied fair process and the opportunity to comply with the State's procedures and obtain an adjudication on the merits of his claims. U.S.C.A. Const.Amend. 6.

**[6] Criminal Law 110 ☞1870**

110 Criminal Law
    110XXXI Counsel
        110XXXI(C) Adequacy of Representation
            110XXXI(C)1 In General
                110k1870 k. In general. Most Cited Cases

The right to the effective assistance of counsel at trial is a bedrock principle in our justice system. U.S.C.A. Const.Amend. 6.

**[7] Criminal Law 110 ☞1710**

110 Criminal Law
    110XXXI Counsel
        110XXXI(B) Right of Defendant to Counsel
            110XXXI(B)1 In General
                110k1710 k. In general. Most Cited Cases

Defense counsel tests the prosecution's case to ensure that the proceedings serve the function of adjudicating guilt or innocence, while protecting the rights of the person charged.

**[8] Habeas Corpus 197 ☞405.1**

197 Habeas Corpus
    197I In General
        197I(D) Federal Court Review of Petitions by State Prisoners
            197I(D)5 Availability of Remedy Despite Procedural Default or Want of Exhaustion
              197k405 Cause or Excuse
                197k405.1 k. In general. Most Cited Cases

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

132 S.Ct. 1309, 80 BNA USLW 4216, 12 Cal. Daily Op. Serv. 3220, 2012 Daily Journal D.A.R. 3640, 23 Fla. L. Weekly Fed. S 175
**(Cite as: 132 S.Ct. 1309)**

The rules for when a prisoner may establish cause to excuse a procedural default reflect an equitable judgment that only where a prisoner is impeded or obstructed in complying with the State's established procedures will a federal habeas court excuse the prisoner from the usual sanction of default.

**[9] Habeas Corpus 197 ⊂⇝406**

197 Habeas Corpus
   197I In General
      197I(D) Federal Court Review of Petitions by State Prisoners
         197I(D)5 Availability of Remedy Despite Procedural Default or Want of Exhaustion
            197k405 Cause or Excuse
               197k406 k. Ineffectiveness or want of counsel. Most Cited Cases

When a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances: the first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial; the second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland.* U.S.C.A. Const.Amend. 6.

**[10] Habeas Corpus 197 ⊂⇝406**

197 Habeas Corpus
   197I In General
      197I(D) Federal Court Review of Petitions by State Prisoners
         197I(D)5 Availability of Remedy Despite Procedural Default or Want of Exhaustion
            197k405 Cause or Excuse
               197k406 k. Ineffectiveness or want of counsel. Most Cited Cases

To overcome procedural default arising when an ineffective-assistance-of-trial-counsel claim is not raised in first state collateral review proceeding

due to collateral proceeding counsel's errors or the absence of an attorney, a prisoner must demonstrate that underlying ineffectiveness claim is a "substantial" one, which is to say that the prisoner must demonstrate that the claim has some merit. U.S.C.A. Const.Amend. 6.

**[11] Habeas Corpus 197 ⊂⇝404**

197 Habeas Corpus
   197I In General
      197I(D) Federal Court Review of Petitions by State Prisoners
         197I(D)5 Availability of Remedy Despite Procedural Default or Want of Exhaustion
            197k404 k. Cause and prejudice in general. Most Cited Cases

A finding of cause and prejudice does not entitle prisoner to habeas relief; it merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted.

**[12] Habeas Corpus 197 ⊂⇝406**

197 Habeas Corpus
   197I In General
      197I(D) Federal Court Review of Petitions by State Prisoners
         197I(D)5 Availability of Remedy Despite Procedural Default or Want of Exhaustion
            197k405 Cause or Excuse
               197k406 k. Ineffectiveness or want of counsel. Most Cited Cases

**Habeas Corpus 197 ⊂⇝486(5)**

197 Habeas Corpus
   197II Grounds for Relief; Illegality of Restraint
      197II(B) Particular Defects and Authority for Detention in General
         197k482 Counsel
            197k486 Adequacy and Effectiveness of Counsel
               197k486(5) k. Post-trial proceedings; sentencing, appeal, etc. Most Cited Cases

Although the Antiterrorism and Effective

132 S.Ct. 1309, 80 BNA USLW 4216, 12 Cal. Daily Op. Serv. 3220, 2012 Daily Journal D.A.R. 3640, 23 Fla. L. Weekly Fed. S 175
**(Cite as: 132 S.Ct. 1309)**

Death Penalty Act (AEDPA) precluded habeas petitioner from relying on the ineffectiveness of his postconviction attorney as a "ground for relief," it did not stop petitioner from using it to establish "cause" for his procedural default in failing to raise ineffective assistance of trial counsel claim in his first state postconviction proceeding. U.S.C.A. Const.Amend. 6; 28 U.S.C.A. § 2254(i).

**[13] Habeas Corpus 197 €═⊃406**

197 Habeas Corpus
   197I In General
        197I(D) Federal Court Review of Petitions by State Prisoners
           197I(D)5 Availability of Remedy Despite Procedural Default or Want of Exhaustion
              197k405 Cause or Excuse
                197k406 k. Ineffectiveness or want of counsel. Most Cited Cases

Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. U.S.C.A. Const.Amend. 6.

**[14] Habeas Corpus 197 €═⊃864(6)**

197 Habeas Corpus
   197III Jurisdiction, Proceedings, and Relief
      197III(D) Review
         197III(D)3 Determination and Disposition
           197k862 Remand
             197k864 Criminal Cases
               197k864(6) k. Exhaustion and bypass issues. Most Cited Cases

Determination that procedural default at habeas petitioner's first state collateral review proceeding would not bar consideration of his ineffective assistance of trial counsel claim in federal habeas proceeding if counsel at the state proceeding was ineffective required remand to determine whether petitioner's attorney in his first state collateral proceed-

ing was ineffective for filing a notice effectively conceding that petitioner lacked any meritorious claim, including his claim of ineffective assistance at trial, whether his ineffective assistance of trial counsel claim was substantial, and whether petitioner was prejudiced. U.S.C.A. Const.Amend. 6.

***1311** Syllabus <sup>FN*</sup>

   FN* The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See United States v. Detroit Timber & Lumber Co., 200 U.S. 321, 337, 26 S.Ct. 282, 50 L.Ed. 499.

Arizona prisoners may raise claims of ineffective assistance of trial counsel only in state collateral proceedings, not on direct review. In petitioner Martinez's first state collateral proceeding, his counsel did not raise such a claim. On federal habeas review with new counsel, Martinez argued that he received ineffective assistance both at trial and in his first state collateral proceeding. He also claimed that he had a constitutional right to an effective attorney in the collateral proceeding because it was the first place to raise his claim of ineffective assistance at trial. The District Court denied the petition, finding that Arizona's preclusion rule was an adequate and independent state-law ground barring federal review, and that under Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640, the attorney's errors in the postconviction proceeding did not qualify as cause to excuse the procedural default. The Court of Appeals for the Ninth Circuit affirmed.

Held :

1. Where, under state law, ineffective-assistance-of-trial-counsel claims must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing those claims if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. Pp. 1315 – 1320.

132 S.Ct. 1309, 80 BNA USLW 4216, 12 Cal. Daily Op. Serv. 3220, 2012 Daily Journal D.A.R. 3640, 23 Fla. L. Weekly Fed. S 175
(Cite as: 132 S.Ct. 1309)

(a) Given that the precise question here is whether ineffective assistance in an initial-review collateral proceeding on an ineffective-assistance-at-trial claim may provide cause for a procedural default in a federal habeas proceeding, this is not the case to resolve the question left open in Coleman: whether a prisoner has a constitutional right to effective counsel in initial-review collateral proceedings. However, to protect prisoners with potentially legitimate ineffective-assistance claims, it is necessary to recognize a narrow exception to Coleman 's unqualified statement that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default, namely, that inadequate assistance of counsel at initial-review collateral proceedings may establish cause. Pp. 1315 – 1316.

(b) A federal court can hear Martinez's ineffective-assistance claim only if he can establish cause to excuse the procedural default and prejudice from a violation of federal law. Coleman held that a postconviction attorney's negligence "does not qualify as 'cause,' " because "the attorney is the prisoner's agent," and "the principal bears the risk of" his agent's negligent conduct, Maples v. Thomas , ante, at 1319, 132 S.Ct., at 922. However, in Coleman, counsel's alleged error was on appeal from an initial-review collateral proceeding. Thus, his claims had been addressed by the state habeas trial court. This marks a key difference between initial-review collateral proceedings and other collateral proceedings. Here, where the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise the ineffective-assistance claim, the collateral proceeding is the equivalent of a prisoner's direct appeal as to that *1312 claim because the state habeas court decides the claim's merits, no other court has addressed the claim, and defendants "are generally ill equipped to represent themselves" where they have no brief from counsel and no court opinion addressing their claim. Halbert v. Michigan, 545 U.S. 605, 617, 125 S.Ct. 2582, 162 L.Ed.2d 552. An attorney's errors during an appeal on direct review may provide cause to ex-

cuse a procedural default; for if the attorney appointed by the State is ineffective, the prisoner has been denied fair process and the opportunity to comply with the State's procedures and obtain an adjudication on the merits of his claim. Without adequate representation in an initial-review collateral proceeding, a prisoner will have similar difficulties vindicating a substantial ineffective-assistance-at-trial claim. The same would be true if the State did not appoint an attorney for the initial-review collateral proceeding. A prisoner's inability to present an ineffective-assistance claim is of particular concern because the right to effective trial counsel is a bedrock principle in this Nation's justice system.

Allowing a federal habeas court to hear a claim of ineffective assistance at trial when an attorney's errors (or an attorney's absence) caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that a collateral proceeding, if undertaken with no counsel or ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim. It thus follows that, when a State requires a prisoner to raise a claim of ineffective assistance at trial in a collateral proceeding, a prisoner may establish cause for a procedural default of such claim in two circumstances: where the state courts did not appoint counsel in the initial-review collateral proceeding for an ineffective-assistance-at-trial claim; and where appointed counsel in the initial-review collateral proceeding, where that claim should have been raised, was ineffective under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-at-trial claim is substantial. Most jurisdictions have procedures to ensure counsel is appointed for substantial ineffective-assistance claims. It is likely that such attorneys are qualified to perform, and do perform, according to prevailing professional norms. And where that is so, States may enforce a procedural default in federal habeas proceedings. Pp. 1315 – 1319.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

132 S.Ct. 1309, 80 BNA USLW 4216, 12 Cal. Daily Op. Serv. 3220, 2012 Daily Journal D.A.R. 3640, 23 Fla. L. Weekly Fed. S 175
(Cite as: 132 S.Ct. 1309)

(c) This limited qualification to Coleman does not implicate stare decisis concerns. Coleman 's holding remains true except as to initial-review collateral proceedings for claims of ineffective assistance at trial. The holding in this case should not put a significant strain on state resources. A State facing the question of cause for an apparent default may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial. The limited circumstances recognized here also reflect the importance of the right to effective assistance at trial. Other claims may not implicate the same fundamentals of the adversary system. The Antiterrorism and Effective Death Penalty Act of 1996 does not speak to the question presented here, and thus does not bar Martinez from asserting attorney error as cause for a procedural default. Pp. 1319 – 1320.

2. Whether Martinez's attorney in his first collateral proceeding was ineffective and whether his ineffective-assistance-at-trial claim is substantial, as well as the question of prejudice, are questions that remain open for a decision on remand. Pp. 1320 – 1321.

623 F.3d 731, reversed and remanded.

*1313 KENNEDY, J., delivered the opinion of the Court, in which ROBERTS, C.J., and GINSBURG, BREYER, ALITO, SOTOMAYOR, and KAGAN, JJ., joined. SCALIA, J., filed a dissenting opinion, in which THOMAS, J., joined.
Robert D. Bartels, Tempe, AZ, for Petitioner.

Kent E. Cattani, Phoenix, AZ, for Respondent.

Jeffrey B. Wall, for United States as amicus curiae.

Robert Bartels, Counsel of Record, Sandra Day, Tempe, AZ, for Petitioner.

Thomas C. Horne, Attorney General, David R. Cole, Solicitor General, Kent E. Cattani, Chief Counsel, Criminal Appeals/Capital Litigation Division, Michael T. O'Toole, Assistant Attorney General (Counsel of Record), Phoenix, AZ, for Respondent.

Robert Bartels, Counsel of Record, Sandra Day, Tempe, AZ, for Petitioner.

For U.S. Supreme Court briefs, see:2011 WL 4500686 (Reply.Brief)2011 WL 3947554 (Resp.Brief)2011 WL 3467246 (Pet.Brief)

Justice KENNEDY delivered the opinion of the Court.

The State of Arizona does not permit a convicted person alleging ineffective assistance of trial counsel to raise that claim on direct review. Instead, the prisoner must bring the claim in state collateral proceedings. In the instant case, however, petitioner's postconviction counsel did not raise the ineffective-assistance claim in the first collateral proceeding, and, indeed, filed a statement that, after reviewing the case, she found no meritorious claims helpful to petitioner. On federal habeas review, and with new counsel, petitioner sought to argue he had received ineffective assistance of counsel at trial and in the first phase of his state collateral proceeding. Because the state collateral proceeding was the first place to challenge his conviction on grounds of ineffective assistance, petitioner maintained he had a constitutional right to an effective attorney in the collateral proceeding. While petitioner frames the question in this case as a constitutional one, a more narrow, but still dispositive, formulation is whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding.

I

A jury convicted petitioner, Luis Mariano Martinez, of two counts of sexual conduct with a minor under the age of 15. The prosecution introduced a videotaped forensic interview with the victim, Martinez's 11–year–old stepdaughter. It also put in evidence the victim's nightgown, with traces of Martinez's DNA. As part of his defense, Martinez introduced evidence of the victim's recantations, including testimony from the victim's grandmother and mother and a second videotaped interview in

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

132 S.Ct. 1309, 80 BNA USLW 4216, 12 Cal. Daily Op. Serv. 3220, 2012 Daily Journal D.A.R. 3640, 23 Fla. L. Weekly Fed. S 175
(Cite as: 132 S.Ct. 1309)

which the victim denied any abuse. The victim also denied any abuse when she testified at trial. App. to Pet. for Cert. 38a–39a. To explain the inconsistencies, a prosecution expert testified that recantations of child-abuse accusations are caused often by reluctance on the part of the victim's mother to lend support to the child's claims. Pet. for Cert. 3. After considering the conflicting evidence, the jury convicted Martinez. He was sentenced to two consecutive terms of life imprisonment with no possibility of parole for 35 years. App. to Pet. for Cert. 39a.

*1314 The State appointed a new attorney to represent Martinez in his direct appeal. Ibid.; Pet. for Cert. 4. She made numerous arguments on Martinez's behalf, including a claim that the evidence was insufficient and that newly discovered evidence warranted a new trial. App. to Pet. for Cert. 39a. Arizona law, however, did not permit her to argue on direct appeal that trial counsel was ineffective. State v. Spreitz, 202 Ariz. 1, 3, 39 P.3d 525, 527 (2002). Arizona instead requires claims of ineffective assistance at trial to be reserved for state collateral proceedings.

While Martinez's direct appeal was pending, the attorney began a state collateral proceeding by filing a "Notice of Post–Conviction Relief." Martinez v. Schriro, 623 F.3d 731, 733–734 (C.A.9 2010); Ariz. Rule Crim. Proc. 32.4(a) (2011). Despite initiating this proceeding, counsel made no claim trial counsel was ineffective and later filed a statement asserting she could find no colorable claims at all. 623 F.3d, at 734. Cf. State v. Smith, 184 Ariz. 456, 459, 910 P.2d 1, 4 (1996).

The state trial court hearing the collateral proceeding gave Martinez 45 days to file a pro se petition in support of postconviction relief and to raise any claims he believed his counsel overlooked. 623 F.3d, at 734; see Smith, supra, at 459, 910 P.2d, at 4. Martinez did not respond. He later alleged that he was unaware of the ongoing collateral proceedings and that counsel failed to advise him of the need to file a pro se petition to preserve his rights. The state trial court dismissed the action for post-

conviction relief, in effect affirming counsel's determination that Martinez had no meritorious claims. 623 F.3d, at 734. The Arizona Court of Appeals affirmed Martinez's conviction, and the Arizona Supreme Court denied review. Id., at 733.

About a year and a half later, Martinez, now represented by new counsel, filed a second notice of postconviction relief in the Arizona trial court. Id., at 734. Martinez claimed his trial counsel had been ineffective for failing to challenge the prosecution's evidence. He argued, for example, that his trial counsel should have objected to the expert testimony explaining the victim's recantations or should have called an expert witness in rebuttal. Martinez also faulted trial counsel for not pursuing an exculpatory explanation for the DNA on the nightgown. App. to Brief in Opposition B–6 to B–12. Martinez's petition was dismissed, in part in reliance on an Arizona Rule barring relief on a claim that could have been raised in a previous collateral proceeding. Id., at B–27; see Ariz. Rule Crim. Proc. 32.2(a)(3). Martinez, the theory went, should have asserted the claims of ineffective assistance of trial counsel in his first notice for postconviction relief. The Arizona Court of Appeals agreed. It denied Martinez relief because he failed to raise his claims in the first collateral proceeding. 623 F.3d, at 734. The Arizona Supreme Court declined to review Martinez's appeal.

Martinez then sought relief in United States District Court for the District of Arizona, where he filed a petition for a writ of habeas corpus, again raising the ineffective-assistance-of-trial-counsel claims. Martinez acknowledged the state courts denied his claims by relying on a well-established state procedural rule, which, under the doctrine of procedural default, would prohibit a federal court from reaching the merits of the claims. See, e.g., Wainwright v. Sykes, 433 U.S. 72, 84–85, 90–91, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). He could overcome this hurdle to federal review, Martinez argued, because he had cause for the default: His first postconviction counsel was ineffective in fail-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

132 S.Ct. 1309, 80 BNA USLW 4216, 12 Cal. Daily Op. Serv. 3220, 2012 Daily Journal D.A.R. 3640, 23 Fla. L. Weekly Fed. S 175
(Cite as: 132 S.Ct. 1309)

ing to raise any claims in the first *1315 notice of postconviction relief and in failing to notify Martinez of her actions. See id., at 84–85, 97 S.Ct. 2497.

On the Magistrate Judge's recommendation, the District Court denied the petition, ruling that Arizona's preclusion rule was an adequate and independent state-law ground to bar federal review. App. to Pet. for Cert. 36a. Martinez had not shown cause to excuse the procedural default, the District Court reasoned, because under Coleman v. Thompson, 501 U.S. 722, 753–754, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), an attorney's errors in a postconviction proceeding do not qualify as cause for a default. See id., at 754–755, 111 S.Ct. 2546.

The Court of Appeals for the Ninth Circuit affirmed. The Court of Appeals relied on general statements in Coleman that, absent a right to counsel in a collateral proceeding, an attorney's errors in the proceeding do not establish cause for a procedural default. Expanding on the District Court's opinion, the Court of Appeals, citing Coleman, noted the general rule that there is no constitutional right to counsel in collateral proceedings. 623 F.3d, at 736. The Court of Appeals recognized that Coleman reserved ruling on whether there is "an exception" to this rule in those cases "where 'state collateral review is the first place a prisoner can present a challenge to his conviction.' " 623 F.3d, at 736 (quoting Coleman, supra, at 755, 111 S.Ct. 2546). It concluded, nevertheless, that the controlling cases established no basis for the exception. Certiorari was granted. 563 U.S. ––––, 131 S.Ct. 2960, 180 L.Ed.2d 244 (2011).

II

Coleman v. Thompson, supra, left open, and the Court of Appeals in this case addressed, a question of constitutional law: whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial. These proceedings can be called, for purposes of this opinion, "initial-review collateral proceedings." Coleman

had suggested, though without holding, that the Constitution may require States to provide counsel in initial-review collateral proceedings because "in [these] cases ... state collateral review is the first place a prisoner can present a challenge to his conviction." Id., at 755, 111 S.Ct. 2546. As Coleman noted, this makes the initial-review collateral proceeding a prisoner's "one and only appeal" as to an ineffective-assistance claim, id., at 756, 111 S.Ct. 2546 (emphasis deleted; internal quotation marks omitted), and this may justify an exception to the constitutional rule that there is no right to counsel in collateral proceedings. See id., at 755, 111 S.Ct. 2546; Douglas v. California, 372 U.S. 353, 357, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) (holding States must appoint counsel on a prisoner's first appeal).

[1] This is not the case, however, to resolve whether that exception exists as a constitutional matter. The precise question here is whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding. To protect prisoners with a potentially legitimate claim of ineffective assistance of trial counsel, it is necessary to modify the unqualified statement in Coleman that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default. This opinion qualifies Coleman by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.

*1316 A

[2][3][4] Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

132 S.Ct. 1309, 80 BNA USLW 4216, 12 Cal. Daily Op. Serv. 3220, 2012 Daily Journal D.A.R. 3640, 23 Fla. L. Weekly Fed. S 175
(Cite as: 132 S.Ct. 1309)

state court declined to hear because the prisoner failed to abide by a state procedural rule. See, e.g., Coleman, supra, at 747–748, 111 S.Ct. 2546; Sykes, supra, at 84–85, 97 S.Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker v. Martin, 562 U.S. ––––, ––––, 131 S.Ct. 1120, 1127–1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S. ––––, ––––, 130 S.Ct. 612, 617–618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. See Coleman, 501 U.S., at 750, 111 S.Ct. 2546. There is no dispute that Arizona's procedural bar on successive petitions is an independent and adequate state ground. Thus, a federal court can hear Martinez's ineffective-assistance claim only if he can establish cause to excuse the procedural default.

Coleman held that "[n]egligence on the part of a prisoner's postconviction attorney does not qualify as 'cause.' " Maples v. Thomas, 565 U.S. ––––, ––––, 132 S.Ct. 912, 922, 181 L.Ed.2d 807 (2012). Coleman reasoned that "because the attorney is the prisoner's agent ... under 'well-settled principles of agency law,' the principal bears the risk of negligent conduct on the part of his agent." Maples, supra, at 922, 132 S.Ct., at 922.

Coleman, however, did not present the occasion to apply this principle to determine whether attorney errors in initial-review collateral proceedings may qualify as cause for a procedural default. The alleged failure of counsel in Coleman was on appeal from an initial-review collateral proceeding, and in that proceeding the prisoner's claims had been addressed by the state habeas trial court. See 501 U.S., at 755, 111 S.Ct. 2546.

As Coleman recognized, this marks a key dif-ference between initial-review collateral proceedings and other kinds of collateral proceedings. When an attorney errs in initial-review collateral proceedings, it is likely that no state court at any level will hear the prisoner's claim. This Court on direct review of the state proceeding could not consider or adjudicate the claim. See, e.g., Fox Film Corp. v. Muller, 296 U.S. 207, 56 S.Ct. 183, 80 L.Ed. 158 (1935); Murdock v. Memphis, 20 Wall. 590, 22 L.Ed. 429 (1875); cf. Coleman, supra, at 730–731, 111 S.Ct. 2546. And if counsel's errors in an initial-review collateral proceeding do not establish cause to excuse the procedural default in a federal habeas proceeding, no court will review the prisoner's claims.

The same is not true when counsel errs in other kinds of postconviction proceedings. While counsel's errors in these proceedings preclude any further review of the prisoner's claim, the claim will have been addressed by one court, whether it be the trial court, the appellate court on direct review, or the trial court in an initial-review collateral proceeding. See, e.g., Coleman, supra, at 756, 111 S.Ct. 2546

*1317 Where, as here, the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial, the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal as to the ineffective-assistance claim. This is because the state habeas court "looks to the merits of the clai[m]" of ineffective assistance, no other court has addressed the claim, and "defendants pursuing first-tier review ... are generally ill equipped to represent themselves" because they do not have a brief from counsel or an opinion of the court addressing their claim of error. Halbert v. Michigan, 545 U.S. 605, 617, 125 S.Ct. 2582, 162 L.Ed.2d 552 (2005); see Douglas, 372 U.S., at 357–358, 83 S.Ct. 814.

[5] As Coleman recognized, an attorney's errors during an appeal on direct review may provide cause to excuse a procedural default; for if the attorney appointed by the State to pursue the direct

Case 3:07-cv-00030-TAV-CCS Document 37-1 filg. Filed 05/01/12 Page 9 of 19 PageID #: 228

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

132 S.Ct. 1309, 80 BNA USLW 4216, 12 Cal. Daily Op. Serv. 3220, 2012 Daily Journal D.A.R. 3640, 23 Fla. L. Weekly Fed. S 175
(Cite as: 132 S.Ct. 1309)

appeal is ineffective, the prisoner has been denied fair process and the opportunity to comply with the State's procedures and obtain an adjudication on the merits of his claims. See 501 U.S., at 754, 111 S.Ct. 2546; Evitts v. Lucey, 469 U.S. 387, 396, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); Douglas, supra, at 357–358, 83 S.Ct. 814. Without the help of an adequate attorney, a prisoner will have similar difficulties vindicating a substantial ineffective-assistance-of-trial-counsel claim. Claims of ineffective assistance at trial often require investigative work and an understanding of trial strategy. When the issue cannot be raised on direct review, moreover, a prisoner asserting an ineffective-assistance-of-trial-counsel claim in an initial-review collateral proceeding cannot rely on a court opinion or the prior work of an attorney addressing that claim. Halbert, 545 U.S., at 619, 125 S.Ct. 2582. To present a claim of ineffective assistance at trial in accordance with the State's procedures, then, a prisoner likely needs an effective attorney.

The same would be true if the State did not appoint an attorney to assist the prisoner in the initial-review collateral proceeding. The prisoner, unlearned in the law, may not comply with the State's procedural rules or may misapprehend the substantive details of federal constitutional law. Cf., e.g., id., at 620–621, 125 S.Ct. 2582 (describing the educational background of the prison population). While confined to prison, the prisoner is in no position to develop the evidentiary basis for a claim of ineffective assistance, which often turns on evidence outside the trial record.

[6][7] A prisoner's inability to present a claim of trial error is of particular concern when the claim is one of ineffective assistance of counsel. The right to the effective assistance of counsel at trial is a bedrock principle in our justice system. It is deemed as an "obvious truth" the idea that "any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him." Gideon v. Wainwright, 372 U.S. 335, 344, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

Indeed, the right to counsel is the foundation for our adversary system. Defense counsel tests the prosecution's case to ensure that the proceedings serve the function of adjudicating guilt or innocence, while protecting the rights of the person charged. See, e.g., Powell v. Alabama, 287 U.S. 45, 68–69, 53 S.Ct. 55, 77 L.Ed. 158 (1932) ("[The defendant] requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence"). Effective trial counsel preserves claims to be considered on appeal, see, e.g., *1318Fed. Rule Crim. Proc. 52(b), and in federal habeas proceedings, Edwards v. Carpenter, 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000).

This is not to imply the State acted with any impropriety by reserving the claim of ineffective assistance for a collateral proceeding. See Massaro v. United States, 538 U.S. 500, 505, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). Ineffective-assistance claims often depend on evidence outside the trial record. Direct appeals, without evidentiary hearings, may not be as effective as other proceedings for developing the factual basis for the claim. Ibid. Abbreviated deadlines to expand the record on direct appeal may not allow adequate time for an attorney to investigate the ineffective-assistance claim. See Primus, Structural Reform in Criminal Defense, 92 Cornell L.Rev. 679, 689, and n. 57 (2004) (most rules give between 5 and 30 days from the time of conviction to file a request to expand the record on appeal). Thus, there are sound reasons for deferring consideration of ineffective-assistance-of-trial-counsel claims until the collateral-review stage, but this decision is not without consequences for the State's ability to assert a procedural default in later proceedings. By deliberately choosing to move trial-ineffectiveness claims outside of the direct-appeal process, where counsel is constitutionally guaranteed, the State significantly diminishes prisoners' ability to file such claims. It is within the context of this state procedural framework that counsel's ineffectiveness in an initial-re-

132 S.Ct. 1309, 80 BNA USLW 4216, 12 Cal. Daily Op. Serv. 3220, 2012 Daily Journal D.A.R. 3640, 23 Fla. L. Weekly Fed. S 175
(Cite as: 132 S.Ct. 1309)

view collateral proceeding qualifies as cause for a procedural default.

[8][9][10] The rules for when a prisoner may establish cause to excuse a procedural default are elaborated in the exercise of the Court's discretion. McCleskey v. Zant, 499 U.S. 467, 490, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); see also Coleman, supra, at 730–731, 111 S.Ct. 2546; Sykes, 433 U.S., at 83, 97 S.Ct. 2497; Reed v. Ross, 468 U.S. 1, 9, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984); Fay v. Noia, 372 U.S. 391, 430, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), overruled in part by Sykes, supra. These rules reflect an equitable judgment that only where a prisoner is impeded or obstructed in complying with the State's established procedures will a federal habeas court excuse the prisoner from the usual sanction of default. See, e.g., Strickler v. Greene, 527 U.S. 263, 289, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999); Reed, supra, at 16, 104 S.Ct. 2901. Allowing a federal habeas court to hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the absence of an attorney) caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim. From this it follows that, when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. *1319Miller–El v. Cockrell, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (describing standards for certificates of appealability to issue).

Most jurisdictions have in place procedures to ensure counsel is appointed for substantial ineffective-assistance claims. Some States, including Arizona, appoint counsel in every first collateral proceeding. See, e.g., Alaska Stat. 18.85.100(c) (2010); Ariz. Rule Crim. Proc. 32.4(c)(2) (2011); Conn. Gen.Stat. § 51–296(a) (2011); Me. Rules Crim. Proc. 69, 70(c) (2010); N.C. Gen.Stat. Ann. § 7A–451(a)(2) (2009); N.J. Ct. Rule 3:22–6(b) (2012); R.I. Gen. Laws § 10–9.1–5 (Lexis 1997); Tenn.Code Ann. § 8–14–205 (2011). Some States appoint counsel if the claims require an evidentiary hearing, as claims of ineffective assistance often do. See, e.g., Ky. Rule Crim. Proc. 11.42(5) (2011); La.Code Crim. Proc. Ann., Art. 930.7(C) (West 2008); Mich. Rule Crim. Proc. 6.505(A) (2011); S.C. Rule Civ. Proc. 71.1(d) (2011). Other States appoint counsel if the claims have some merit to them or the state habeas trial court deems the record worthy of further development. See, e.g., Ark. Rule Crim. Proc. 37.3(b) (2011); Colo. Rule Crim. Proc. 35(b) (2011); Del. Super. Ct. Rule Crim. Proc. 61(e)(1) (2011); Indiana Rule Post–Conviction Remedies Proc. 1, § 9(a) (rev. 2011); Kan. Stat. Ann. § 22–4506 (2007); N.M. Dist. Ct. Rule Crim. Proc. 5–802 (2011); Hust v. State, 147 Idaho 682, 683–684, 214 P.3d 668, 669–670 (2009); Hardin v. Arkansas, 350 Ark. 299, 301, 86 S.W.3d 384, 385 (2002) (per curiam); Jensen v. State, 2004 ND 200, ¶ 13, 688 N.W.2d 374, 378; Wu v. United States, 798 A.2d 1083, 1089 (D.C.2002); Kostal v. People, 167 Colo. 317, 447 P.2d 536 (1968). It is likely that most of the attorneys appointed by the courts are qualified to perform, and do perform, according to prevailing professional norms; and, where that is so, the States may enforce a procedural default in federal habeas proceedings.

Case 3:07-cv-00030-TAV-CCS   Document 37-1   Filed 06/01/12   Page 11 of 19
PageID #: 230
© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

132 S.Ct. 1309, 80 BNA USLW 4216, 12 Cal. Daily Op. Serv. 3220, 2012 Daily Journal D.A.R. 3640, 23 Fla. L. Weekly Fed. S 175
(Cite as: 132 S.Ct. 1309)

B

This limited qualification to Coleman does not implicate the usual concerns with upsetting reliance interests protected by stare decisis principles. Cf., e.g., Montejo v. Louisiana, 556 U.S. 778, 792–793, 129 S.Ct. 2079, 173 L.Ed.2d 955 (2009). Coleman held that an attorney's negligence in a postconviction proceeding does not establish cause, and this remains true except as to initial-review collateral proceedings for claims of ineffective assistance of counsel at trial. Coleman itself did not involve an occasion when an attorney erred in an initial-review collateral proceeding with respect to a claim of ineffective trial counsel; and in the 20 years since Coleman was decided, we have not held Coleman applies in circumstances like this one.

The holding here ought not to put a significant strain on state resources. When faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, i.e., it does not have any merit or that it is wholly without factual support, or that the attorney in the initial-review collateral proceeding did not perform below constitutional standards.

This is but one of the differences between a constitutional ruling and the equitable ruling of this case. A constitutional ruling would provide defendants a freestanding constitutional claim to raise; it would require the appointment of counsel in initial-review collateral proceedings; it would impose the same system of appointing counsel in every State; and it would require a reversal in all state collateral cases on direct review from state courts if the States' system of appointing counsel did not conform to the constitutional rule. An equitable ruling, by contrast, permits States a variety of systems for appointing *1320 counsel in initial-review collateral proceedings. And it permits a State to elect between appointing counsel in initial-review collateral proceedings or not asserting a procedural default and raising a defense on the merits in federal habeas proceedings. In addition, state collateral cases on direct review from state courts are unaffected by the ruling in this case.

The rule of Coleman governs in all but the limited circumstances recognized here. The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. See 501 U.S., at 754, 111 S.Ct. 2546; Carrier, 477 U.S., at 488, 106 S.Ct. 2639. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

In addition, the limited nature of the qualification to Coleman adopted here reflects the importance of the right to the effective assistance of trial counsel and Arizona's decision to bar defendants from raising ineffective-assistance claims on direct appeal. Our holding here addresses only the constitutional claims presented in this case, where the State barred the defendant from raising the claims on direct appeal.

[11][12] Arizona contends that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, bars Martinez from asserting attorney error as cause for a procedural default. AEDPA refers to attorney error in collateral proceedings, but it does not speak to the question presented in this case. Section 2254(i) provides that "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief." "Cause," however, is not synonymous with "a ground for relief." A finding of cause and prejudice does not entitle the prisoner to habeas relief. It merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted. In this case, for example, Martinez's "ground for relief" is his ineffective-assistance-of-trial-counsel claim, a claim that AEDPA

Case 3:07-cv-00030-TAV-CCS   Document 37-1   Filed 05/01/12   Page 12 of 19
PageID #: 231

Page 13

132 S.Ct. 1309, 80 BNA USLW 4216, 12 Cal. Daily Op. Serv. 3220, 2012 Daily Journal D.A.R. 3640, 23 Fla. L. Weekly Fed. S 175
(Cite as: 132 S.Ct. 1309)

does not bar. Martinez relies on the ineffectiveness of his postconviction attorney to excuse his failure to comply with Arizona's procedural rules, not as an independent basis for overturning his conviction. In short, while § 2254(i) precludes Martinez from relying on the ineffectiveness of his postconviction attorney as a "ground for relief," it does not stop Martinez from using it to establish "cause." Holland v. Florida, 560 U.S. ––––, ––––, 130 S.Ct. 2549, 2563, 177 L.Ed.2d 130 (2010).

### III

[13] Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

[14] In this case Martinez's attorney in the initial-review collateral proceeding filed a notice akin to an Anders brief, in effect conceding that Martinez lacked any meritorious claim, including his claim of ineffective assistance at trial. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Martinez argued before the federal habeas court that filing the Anders brief constituted ineffective assistance.*1321 The Court of Appeals did not decide whether that was so. Rather, it held that because Martinez did not have a right to an attorney in the initial-review collateral proceeding, the attorney's errors in the initial-review collateral proceeding could not establish cause for the failure to comply with the State's rules. Thus, the Court of Appeals did not determine whether Martinez's attorney in his first collateral proceeding was ineffective or whether his claim of ineffective assistance of trial counsel is substantial. And the court did not address the question of prejudice. These issues remain open for a decision on remand.

\* \* \*

The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

It is so ordered.

Justice SCALIA, with whom Justice THOMAS joins, dissenting.

### I

### A

Let me get this straight: Out of concern for the values of federalism; to preserve the ability of our States to provide prompt justice; and in light of our longstanding jurisprudence holding that there is no constitutional right to counsel in state collateral review; the Court, in what it portrays as an admirable exercise of judicial restraint, abstains from holding that there is a constitutional right to counsel in initial-review state habeas. After all, that would have meant, in a case such as the one before us, that failing to provide assistance of counsel, or providing assistance of counsel that falls below the Strickland standard, would constitute cause for excusing procedural default. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Instead of taking that radical step, the Court holds that, for equitable reasons, in a case such as the one before us, failing to provide assistance of counsel, or providing assistance of counsel that falls below the Strickland standard, constitutes cause for excusing procedural default. The result, of course, is precisely the same.

Ah, but perhaps the explanation of why the Court's action today amounts to praiseworthy self-restraint is this: It pronounces this excuse from the usual rule of procedural default only in initial-review state habeas raising an ineffective-assistance-of-trial-counsel claim. But it could have limited its invention of a new constitutional right to collateral-review counsel in precisely the same fashion—and with precisely the same consequences. Moreover, no one really believes that the newly announced "equitable" rule will remain limited to ineffective-assistance-of-trial-counsel cases. There is not a dime's worth of difference in

132 S.Ct. 1309, 80 BNA USLW 4216, 12 Cal. Daily Op. Serv. 3220, 2012 Daily Journal D.A.R. 3640, 23 Fla. L. Weekly Fed. S 175
(Cite as: 132 S.Ct. 1309)

principle between those cases and many other cases in which initial state habeas will be the first opportunity for a particular claim to be raised: claims of "newly discovered" prosecutorial misconduct, for example, see Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), claims based on "newly discovered" exculpatory evidence or "newly discovered" impeachment of prosecutorial witnesses, and claims asserting ineffective assistance of appellate counsel. The Court's soothing assertion, ante, at 1320, that its holding "addresses only the constitutional claims presented in this case," insults the reader's intelligence.[FN1]

> FN1. The Court also seeks to restrict its holding to cases in which the State has "deliberately cho[sen]" to move the asserted claim "outside of the direct-appeal process," ante, at 1318. That line lacks any principled basis, and will not last. Is there any relevant difference between cases in which the State says that certain claims can only be brought on collateral review and cases in which those claims by their nature can only be brought on collateral review, since they do not manifest themselves until the appellate process is complete? Our cases establish that to constitute cause for failure to raise an issue on direct review, the excuse must be "an objective factor external to the defense." See infra, at 1324. That the factual basis for a claim was not available until the collateral-review stage is no less such a factor than a State's requiring that a claim be brought on collateral review. See Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). The Court's asserted limitation makes sense only if the opinion means that a State has "deliberately chos[en]" to move newly-arisen claims "outside of the direct-appeal process" if it fails to reopen the direct-appeal process in order to entertain such claims. Such a radical change in what we require of the States surely ought to be prescribed by language clearer than what today's opinion contains.

Moreover, even if today's holding could (against all logic) be restricted to ineffective-assistance-of-trial-counsel*1322 claims, it would have essentially the same practical consequences as a holding that collateral-review counsel is constitutionally required. Despite the Court's suggestion to the contrary, see ante, at 1319 – 1320, the rule it adopts calls into question the common state practice of not appointing counsel in all first collateral proceedings, see ante, at 1318 – 1319. It does not, to be sure, call into question the lawfulness of that practice; only its sanity. For if the prisoner goes through state collateral proceedings without counsel, and fails to raise an ineffective-assistance-of-trial-counsel claim which is, because of that failure, defaulted, the default will not preclude federal habeas review of the merits of that claim. And since ineffective assistance of trial counsel is a monotonously standard claim on federal habeas (has a duly convicted defendant ever been effectively represented?), whoever advises the State would himself be guilty of ineffective assistance if he did not counsel the appointment of state-collateral-review counsel in all cases—lest the failure to raise that claim in the state proceedings be excused and the State be propelled into federal habeas review of the adequacy of trial-court representation that occurred many years ago.[FN2] Which is to say that the Court's pretended avoidance of requiring States to appoint collateral-review counsel is a sham.[FN3]

> FN2. The Court says that to establish cause a prisoner must demonstrate that the ineffective-assistance-of-trial-counsel claim is "substantial," which apparently means the claim has at least some merit. See ante, at 1318. The Court does not explain where this substantiality standard comes from, and how it differs from the normal rule that a prisoner must demonstrate actual prejudice to avoid the enforcement of a

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

132 S.Ct. 1309, 80 BNA USLW 4216, 12 Cal. Daily Op. Serv. 3220, 2012 Daily Journal D.A.R. 3640, 23 Fla. L. Weekly Fed. S 175
(Cite as: 132 S.Ct. 1309)

procedural default, see Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). But whatever the standard, examination of the adequacy of years-ago representation has been substituted for summary dismissal by reason of procedural default.

FN3. The Court also claims, ante, at 1319, that its "equitable" ruling, unlike a constitutional ruling, will not require "a reversal in all state collateral cases on direct review from state courts" where counsel has not been appointed. Surely the Court does not mean to suggest that an unconstitutional failure to appoint counsel on collateral review, like an unconstitutional failure to appoint counsel at trial, would require the entire conviction to be set aside. That is inconceivable. So either one of two things would happen: Either the reviewing state court would be able to inquire into prejudice (which is an improvement over having the federal habeas court make that inquiry, as the Court's "equitable" solution requires); or else the appellate state court will remand for a collateral proceeding with counsel (which is, as we have said, just what the Court's "equitable" ruling effectively requires anyway). So the Court's "equitable" ruling is no boon to the States.

Of course even the appointment of state-collateral-review counsel will not *1323 guarantee that the State's criminal proceeding can be concluded without years-long federal retrial. Appointment of counsel may, as I have said, avoid federal review of the adequacy of representation that occurred years ago, at the original trial. But since, under today's opinion, the condition for exclusion of federal habeas is the very same condition that would apply if appointment of state-collateral-review counsel were constitutionally required, it will remain to be determined in federal habeas review whether the state-appointed counsel was ef-

fective. Thus, as a consequence of today's decision the States will always be forced to litigate in federal habeas, for all defaulted ineffective-assistance-of-trial-counsel claims (and who knows what other claims), either (1) the validity of the defaulted claim (where collateral-review counsel was not appointed), or (2) the effectiveness of collateral-review counsel (where collateral-review counsel was appointed). The Court notes that many States already provide for the appointment of counsel in first collateral challenges—as though this proves that what the Court forces the States to do today is eminently reasonable. But what the Court fails to point out is that currently, when state-appointed counsel does not raise an ineffective-assistance-of-trial-counsel claim, that is the end of the matter: The issue has been procedurally defaulted. By virtue of today's opinion, however, all those cases can (and where capital punishment is at issue assuredly will ) proceed to federal habeas on the issue of whether state-appointed counsel was ineffective in failing to raise the ineffective-assistance-of-trial-counsel issue. That is the meaning of the Court's (supposedly comforting) statement:

> "It is likely that most of the attorneys appointed by the courts are qualified to perform, and do perform, according to prevailing professional norms; and, where that is so, the States may enforce a procedural default in federal habeas proceedings." Ante, at 1319 (emphasis added).

To be more precise, the Court should have said "where that is so, and where federal habeas courts have finally rejected claims that it is not so, the States may enforce a procedural default in federal habeas proceedings."

I cannot possibly imagine the basis for the Court's confidence, ante, at 1319 – 1320, that all this will not put a significant strain on state resources. The principal escape route from federal habeas—existence of an "adequate and independent state ground"—has been closed.[FN4] Whether counsel appointed for state collateral review raises the ineffective-assistance-of-trial-counsel claim or not,

132 S.Ct. 1309, 80 BNA USLW 4216, 12 Cal. Daily Op. Serv. 3220, 2012 Daily Journal D.A.R. 3640, 23 Fla. L. Weekly Fed. S 175
(Cite as: 132 S.Ct. 1309)

federal habeas review will proceed. In practical effect, that may not make much difference in noncapital cases (except for the squandering of state taxpayers' money): The defendant will stay in prison, continuing to serve his sentence, while federal habeas review grinds on. But in capital cases, it will effectively reduce the sentence, giving the defendant as many more years to live, beyond the lives of the innocent victims whose life he snuffed out, as the process of *1324 federal habeas may consume. I guarantee that an assertion of ineffective assistance of trial counsel will be made in all capital cases from this date on, causing (because of today's holding) execution of the sentence to be deferred until either that claim, or the claim that appointed counsel was ineffective in failing to make that claim, has worked its way through the federal system.

> FN4. See N. King, F. Cheesman, & B. Ostrom, Final Technical Report: Habeas Litigation in U.S. District Courts 45–49 (2007) (documenting the percentage of habeas petitions that included claims dismissed for various procedural reasons); Administrative Office of the United States Courts, Habeas Corpus Petitions Disposed of Procedurally During the 12–Month Period Ending September 30, 2011 (reporting that for appeals in noncapital state-prisoner habeas cases, procedural default accounted for the largest percentage of procedural dispositions, with the exception of the denial of a certificate of appealability) (available in Clerk of Court's case file).

### B

The Court would have us believe that today's holding is no more than a "limited qualification" to Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Ante, at 1319. It is much more than that: a repudiation of the longstanding principle governing procedural default, which Coleman and other cases consistently applied. Coleman itself involved a habeas petitioner's

contention that his attorney's failure to file a timely notice of appeal in his state habeas proceeding, which resulted in procedural default of the claims raised in that proceeding, was cause to excuse that default in federal habeas. 501 U.S., at 752, 111 S.Ct. 2546. The petitioner in that case contended that whether a violation of his constitutional right to effective counsel had occurred was of no consequence, so long as the attorney's conduct fell short of the effectiveness standard set forth in Strickland. See 501 U.S., at 753, 111 S.Ct. 2546. Whereas Coleman flatly repudiated that claim as being inconsistent with our precedent, see ibid., today's majority wholeheartedly embraces it, ante, at 1318 – 1319.

Rejection of the argument in Coleman was compelled by our jurisprudence pertaining to cause for excusing procedural default, and in particular Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). See Coleman, supra, at 752–753, 111 S.Ct. 2546. Carrier involved the failure of a defendant's attorney to raise a claim on direct appeal. 477 U.S., at 482, 106 S.Ct. 2639. This failure did not constitute cause, we explained, because it was not an "objective factor external to the defense." Id., at 488, 106 S.Ct. 2639 (emphasis added). This external-factor requirement reflects the judgment that States should not be forced to undergo federal habeas review of a defaulted claim unless a factor not attributable to the prisoner obstructed his compliance with state procedures. See id., at 487–488, 106 S.Ct. 2639.

Although this externality requirement has been the North Star of our excuse-for-cause jurisprudence, today's opinion does not whisper its name—no doubt because it is impossible to say that Martinez's procedural default was caused by a factor external to his defense. Coleman and Carrier set forth in clear terms when it is that attorney error constitutes an external factor: Attorney error by itself does not, because when an attorney acts (or fails to act) in furtherance of the litigation, he is acting as the petitioner's agent. Coleman, supra, at

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

132 S.Ct. 1309, 80 BNA USLW 4216, 12 Cal. Daily Op. Serv. 3220, 2012 Daily Journal D.A.R. 3640, 23 Fla. L. Weekly Fed. S 175
(Cite as: 132 S.Ct. 1309)

753, 111 S.Ct. 2546; Carrier, supra, at 492, 106 S.Ct. 2639. Any other rule would be inconsistent with our system of representative litigation, under which "each party is deemed bound by the acts of his lawyer-agent." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 92, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (internal quotation marks omitted). But when attorney error amounts to constitutionally ineffective assistance of counsel, that error is imputed to the State (for the State has failed to comply with the constitutional requirement to provide effective counsel), rendering the error external to the petitioner. Coleman, supra, at 754, 111 S.Ct. 2546; Carrier, supra, at 488, 106 S.Ct. 2639. Accordingly, as Martinez himself appears to recognize, see Brief for Petitioner 22, our cases require that absent a *1325 determination that Arizona violated the Constitution by failing to provide effective counsel, attorney error cannot provide cause to excuse his procedural default. Rather than apply that rule here, the Court adopts the very approach Coleman explicitly addressed and rejected.

The Court essentially disclaims any need to give full consideration to the principle of stare decisis because Coleman did not involve an initial-review collateral proceeding for a claim of ineffective assistance of trial counsel. See ante, at 1319. That is rather like saying that Marbury v. Madison, 1 Cranch 137, 2 L.Ed. 60 (1803), does not establish our authority to review the constitutionality of a new federal statute because it involved a different enactment. Just as the reasoning of Marbury was categorical, so was the reasoning of Coleman and Carrier: Attorney error is not an external factor constituting cause for excusing default unless the State has a constitutional obligation to provide effective counsel. Had the majority seriously considered the relevant stare decisis factors, see, e.g., Montejo v. Louisiana, 556 U.S. 778, 792–793, 129 S.Ct. 2079, 173 L.Ed.2d 955 (2009), it would have had difficulty justifying today's decision. Nor can it escape the demands of stare decisis by saying that our rules regarding the excuse of procedural default reflect an "equitable judgment" that is "elaborated

in the exercise of the Court's discretion." Ante, at 1318. Equity is not lawlessness, and discretion is not license to cast aside established jurisprudence reaffirmed this very Term. See Maples v. Thomas, 565 U.S. ––––, ––––, 132 S.Ct. 912, 922, 181 L.Ed.2d 807 (2012) ("Negligence on the part of a prisoner's postconviction attorney does not qualify as 'cause' " (quoting Coleman, supra, at 753, 111 S.Ct. 2546)). " '[C]ourts of equity must be governed by rules and precedents no less than courts of law.' " Lonchar v. Thomas, 517 U.S. 314, 323, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996) (quoting Missouri v. Jenkins, 515 U.S. 70, 127, 115 S.Ct. 2038, 132 L.Ed.2d 63 (1995) (THOMAS, J., concurring)).

Noticeably absent from the Court's equitable analysis, moreover, is any consideration of the very reason for a procedural-default rule: the comity and respect that federal courts must accord state-court judgments. See Edwards v. Carpenter, 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). The procedural-default doctrine reflects the understanding that federal review of defaulted claims may "circumvent the jurisdictional limits of direct review and 'undermine the State's interest in enforcing its laws.' " Lee v. Kemna, 534 U.S. 362, 388, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002) (KENNEDY, J., dissenting) (quoting Coleman, supra, at 731, 111 S.Ct. 2546). Unlike today's decision, Carrier and Coleman took account of the significant costs federal habeas review imposes on States, including the "reduction in the finality of litigation and the frustration of 'both the States' sovereign power to punish offenders and their good-faith attempts to honor constitutional rights.' " Carrier, supra, at 487, 106 S.Ct. 2639 (quoting Engle v. Isaac, 456 U.S. 107, 128, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)). Criminal conviction ought to be final before society has forgotten the crime that justifies it. When a case arrives at federal habeas, the state conviction and sentence at issue (never mind the underlying crime) are already a dim memory, on average more than 6 years old (7 years for capital cases).[FN5] I would adhere to the precedents *1326 that prevent a bad situation from be-

132 S.Ct. 1309, 80 BNA USLW 4216, 12 Cal. Daily Op. Serv. 3220, 2012 Daily Journal D.A.R. 3640, 23 Fla. L. Weekly Fed. S 175
(Cite as: 132 S.Ct. 1309)

coming worse.

> FN5. See King, Cheesman, & Ostrom, Final Technical Report, at 21–22 (reporting the average interval between state judgment and federal habeas filing for a sample of federal habeas cases filed in the early-to-mid 2000's).

## II

We granted certiorari on, and the parties addressed their arguments to, the following question:

"Whether a defendant in a state criminal case who is prohibited by state law from raising on direct appeal any claim of ineffective assistance of trial counsel, but who has a state-law right to raise such a claim in a first post-conviction proceeding, has a federal constitutional right to effective assistance of first post-conviction counsel specifically with respect to his ineffective-assistance-of-trial-counsel claim." Pet. for Cert. i.

While the Court's decision not to answer the question did not avoid the costs a constitutional holding would have imposed on States, it did avoid the Court's need to confront the established rule that there is no right to counsel in collateral proceedings. To avoid his procedural default, Martinez advocates in favor of an exception to this rule where the prisoner seeks the right to counsel in an initial-review collateral proceeding—an argument we have previously declined to address. See Coleman, 501 U.S., at 755, 111 S.Ct. 2546.

The argument is quite clearly foreclosed by our precedent. In Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), and Murray v. Giarratano, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989), we stated unequivocally that prisoners do not "have a constitutional right to counsel when mounting collateral attacks upon their convictions." Finley, supra, at 555, 107 S.Ct. 1990. See also Giarratano, 492 U.S., at 10, 109 S.Ct. 2765 (plurality opinion) ("[T]he rule of Pennsylvania v. Finley should apply no differently in capital cases

than in noncapital cases"); id., at 14, 109 S.Ct. 2765 (KENNEDY, J., concurring in judgment) (indicating that the Constitution does not categorically require States to provide counsel to death-row inmates seeking state habeas review). Though Finley may have involved only claims that could have been raised on direct review, see 481 U.S., at 553, 107 S.Ct. 1990; Giarratano, supra, at 24, 109 S.Ct. 2765 (STEVENS, J., dissenting), the Court was no doubt aware that States often limit "the collateral review process [to] issues that have not previously been litigated or argued on the direct appeal." Brief for Respondent in Finley, O.T. 1986, No. 85–2099, p. 11, n. 5. And Giarratano, which involved a class action filed under 42 U.S.C. § 1983, addressed the general assertion that the Constitution requires the appointment of counsel for collateral attacks on capital convictions. See 492 U.S., at 3–4, 109 S.Ct. 2765 (plurality opinion). The Court rejected that assertion without qualification. The dissenting opinion, moreover, made the precise argument Martinez now asserts: under state law "some claims [including ineffective assistance of trial counsel] ordinarily heard on direct review will be relegated to postconviction proceedings." Id., at 24, 109 S.Ct. 2765 (STEVENS, J., dissenting). See also Brief for Respondents in Giarratano, O.T. 1988, No. 88–411, p. 29, n. 8 ("In [Virginia capital habeas] proceedings, Death Row inmates seek to assert claims that have not been, and could not have been addressed on direct appeal ..."). Thus, in announcing a categorical rule in Finley, see Giarratano, supra, at 12, 109 S.Ct. 2765 (plurality opinion), and then reaffirming it in Giarratano, the Court knew full well that a collateral proceeding may present the first opportunity for a prisoner to raise a constitutional claim. I would follow that rule in this case and reject Martinez's argument that there is a constitutional right *1327 to counsel in initial-review collateral proceedings.

\* \* \*

Far from avoiding the consequences a constitutional holding would have imposed on the States,

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

132 S.Ct. 1309, 80 BNA USLW 4216, 12 Cal. Daily Op. Serv. 3220, 2012 Daily Journal D.A.R. 3640, 23 Fla. L. Weekly Fed. S 175
(Cite as: 132 S.Ct. 1309)

today's holding as a practical matter requires States to appoint counsel in initial-review collateral proceedings—and, to boot, eliminates the pre-existing assurance of escaping federal-habeas review for claims that appointed counsel fails to present. Despite the Court's protestations to the contrary, the decision is a radical alteration of our habeas jurisprudence that will impose considerable economic costs on the States and further impair their ability to provide justice in a timely fashion. The balance it strikes between the finality of criminal judgments and the need to provide for review of defaulted claims of ineffective assistance of trial counsel grossly underestimates both the frequency of such claims in federal habeas, and the incentives to argue (since it is a free pass to federal habeas) that appointed counsel was ineffective in failing to raise such claims. The balance might have been close (though it would disregard our established jurisprudence) if the Court merely held that uncounseled failure to raise ineffective assistance of trial counsel would not constitute default. But in adding to that the rule that counseled failure to raise it may also provide an excuse, the Court creates a monstrosity. For these reasons, I respectfully dissent.

U.S.,2012.
Martinez v. Ryan
132 S.Ct. 1309, 80 BNA USLW 4216, 12 Cal. Daily Op. Serv. 3220, 2012 Daily Journal D.A.R. 3640, 23 Fla. L. Weekly Fed. S 175

END OF DOCUMENT