# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

|  |  |  |
|---|---|---|
| GARY WAYNE SUTTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **No. 07-cv-00030** |
| v. | ) | **Judge Varlan** |
| | ) | |
| RICKY BELL, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

---

## RESPONDENT'S SUPPLEMENTAL RESPONSE TO PETITIONER'S MOTION TO ALTER OR AMEND

---

Comes the Respondent, and in opposition to the petitioner's supplemental authority in support of his motion to alter or amend [D.E. No. 37], states:

On September 29, 2011, this Court entered an order dismissing the petition. [D. E. No. 29.] The petitioner's pending motion contends that the United States Supreme Court's decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), represents an intervening change in controlling law that provides grounds to amend that judgment. Specifically, Sutton contends that *Martinez* requires reconsideration of his defaulted ineffective-assistance claims on their merits because that case recognized ineffective assistance of post-conviction counsel as cause to overcome procedural default as to such claims.

Sutton's argument is without merit because *Martinez*, by its own terms, does not apply to states such as Tennessee, where a defendant may raise ineffective-assistance

claims on direct appeal.  A Rule 59 motion may be granted based on an intervening change in the controlling law.  *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006).  Here, however, *Martinez*, is not controlling because, by its own terms, it does not apply in Tennessee.  While *Martinez* holds that ineffective assistance of post-conviction counsel might be cause to excuse the failure to bring an ineffective-assistance claim as to trial counsel, this rule only applies where a post-conviction proceeding presents the first opportunity for a defendant to raise such a claim.  *Id*. at 1318. Tennessee allows ineffective-assistance claims on direct appeal.

As the Supreme Court stated in *Martinez*, "there are sound reasons for deferring consideration of [ineffective assistance] claims until the collateral review state, but this decision is not without consequences for the State's ability to assert a procedural default in later proceedings."  *Id*.  Where a state does not allow ineffective assistance claims to be raised on direct appeal, cause to overcome procedural default exists because a state has "deliberately [chosen] to move ineffective-assistance claims outside of the direct-appeal process, where counsel is constitutionally guaranteed."  *Id.*

It is only in "within the context of this state procedural framework that counsel's ineffectiveness in an initial-review collateral proceeding qualifies as cause for a procedural default."  *Id.*  That is, *Martinez* only applies where, "under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding."  *Id*. at 1320.

2

Thus, the Supreme Court specifically limited the application of *Martinez* to those states which prohibit a defendant from raising an ineffective-assistance claim on direct appeal. As the Court stated, "the limited nature of the qualification to *Coleman* adopted here reflects the importance of the right to the effective assistance of trial counsel and Arizona's decision to bar defendants from raising ineffective assistance claims on direct appeal. *Our holding here addresses only the constitutional claims presented in this case, where the State barred the defendant from raising the claims on direct appeal."*
*Id.* (emphasis added).

The State of Tennessee allows defendants to raise ineffective-assistance claims on direct appeal. *State v. Anderson*, 835 S.W.2d 600 (Tenn. Crim. App. 1992); *State* v. *Jeremy Crosby*, No. M2005-00548-CCA-R3-CD, 2007 WL 189384 (Tenn. Crim. App. Jan. 26, 2007). The Tennessee Court of Criminal Appeals has specifically stated that such ineffective-assistance claims are authorized:

> This court has been hesitant to address claims of ineffective assistance of counsel raised on direct appeal, instead of in post-conviction proceedings. *See, e.g., Thompson v. State*, 958 S.W.2d 156, 161 (Tenn. Crim. App. 1997); *State v. Anderson*, 835 S.W.2d 600, 606-07 (Tenn. Crim. App. 1992). Nevertheless, there is no prohibition against litigation of ineffective assistance of counsel claims in conviction, as opposed to collateral, proceedings. *See, e.g., State v. Burns*, 6 S.W.3d 453, 461-63 (Tenn. 1999) (granting relief in direct appeal on ineffective assistance of counsel claim).

*State v. James Johnson*, No. E2008-2555-CCA-R3-CD, 2010 WL 3565761 at *17 (Tenn. Crim. App. Sept. 15, 2010).

Indeed, in *Johnson*, the Court of Criminal Appeals analyzed an appellant's direct appeal ineffective-assistance claim on its merits before denying the claim. *Id*. at *18.

3

Thus, Tennessee is not within the procedural framework included by *Martinez*. While the State of Tennessee does not allow new evidence to be presented on appeal, some cases may be decided based on the existing record, or a petitioner dissatisfied with his trial counsel may file a post-verdict motion for new trial where new evidence could be heard in the trial court or argue his claim on direct appeal based on the existing record. *Troglin v. State*, No. E2010-1838-CCA-R3-PC, 2011 WL 4790943 at *12 (Tenn. Crim. App. Oct. 11, 2011) (noting that petitioner raised and presented evidence as to an ineffective-assistance claim through new counsel at motion for new trial hearing.)

The two cases Sutton cites for the proposition that Tennessee does not allow ineffective-assistance claims do not actually state such a rule.  In *State v. Leonard Allen*, the appellant abandoned his ineffective assistance claim in his reply brief, hence the Court of Criminal Appeals' statement that consideration of the issue would be "inappropriate."  *State v. Leonard Allen*, No. M2007-2581-CCA-R3-CD, 2011 WL 1344462, at *8 (Tenn. Crim. App. 5, 2011).  Sutton cites *Frazier v. State*, 303 S.W.3d 674 (Tenn. 2010), in support of his contention that trial counsels still representing a defendant on appeal cannot reasonably argue as to their own prior ineffectiveness, but this contention ignores the fact that a defendant dissatisfied with his representation at trial may request a new counsel for the purpose of appeal, as occurred in *Troglin*.  *Troglin*, 2011 WL 4790943 at *12.  Moreover, the inherent challenges of raising an ineffective assistance claim on direct appeal were undoubtedly known the Supreme Court, which nonetheless limited *Martinez*'s application to states that disallowed the practice entirely.

4

Tennessee has a procedural framework for raising an ineffective assistance claim on direct review. Thus, *Martinez* does not apply in Tennessee. Any other determination would require an expansion of *Martinez* beyond its plain language, which limits its relief to a situation in which a state has deliberately refused to allow a petitioner to raise a claim in a stage of the proceeding where effective counsel is constitutionally guaranteed. By its plain language, *Martinez* does not apply to Tennessee because the state allows defendants to raise ineffective-assistance claims on direct appeal. Thus, *Martinez* does not present a change in controlling law. The petitioner's motion should be denied.

Respectfully submitted,

ROBERT E. COOPER, JR.
Attorney General and Reporter

/s/ Andrew H. Smith
Assistant Attorney General
Criminal Justice Division
P.O. Box 20207
Nashville, Tennessee 37202
(615) 741-4349
B.P.R. No. 26594

5

## CERTIFICATE OF SERVICE

A copy of the foregoing was served on all ECF users through the Electronic Filing System, including petitioner's counsels: Susanne Bales, Federal Defender Services, 530 Gay Street, Suite 900, Knoxville, Tennessee 37902, on this the 15th day of May, 2012.

/s/ Andrew H. Smith
Assistant Attorney General