# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | | |
|---|---|---|
| **GARY WAYNE SUTTON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| **vs.** | ) | Case No. 3:07-cv-30 |
| | ) | Judge Varlan/Shirley |
| **RICKY BELL**, **Warden**, | ) | |
| | ) | |
| Respondent. | ) | |

---

## REPLY TO RESPONDENT'S SUPPLEMENTAL RESPONSE TO MR. SUTTON'S MOTION TO ALTER OR AMEND

---

Petitioner, Gary Wayne Sutton, through undersigned counsel, submits the following Reply to Respondent's Supplemental Response to Mr. Sutton's motion to alter or amend.  R. 31.

In *Martinez v. Ryan*, 132 S.Ct. 1309 (2012)  the Supreme Court stated: "The precise question here is whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding." *Id.*, p. 1315.   The high court answered that "precise question" by holding that "where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.*, p. 1320.

Attorney errors in Mr. Sutton's initial review collateral proceedings have barred *any court at any level*  from hearing Mr. Sutton's claims that his trial was fundamentally

unfair because his trial counsel failed to protect his right to an unbiased jury and failed to protect his right to be convicted only upon a showing of guilt beyond a reasonable doubt. Mr. Sutton contends that because this is the very evil the *Martinez* ruling intended to prevent, *Martinez* should apply to his case. Respondent argues that because Mr. Sutton's direct appeal counsel technically could have used the condemned practices of either arguing his own ineffectiveness or arguing ineffectiveness without the benefit of an evidentiary hearing to develop the claim, Mr. Sutton's claims should never be reviewed. Response, R. 38, p. 4. Respondent also argues that no Tennessee habeas petitioner can ever prevail under *Martinez*, contending it "does not apply in Tennessee." *Id.*, p. 5. This court should reject Respondent's sweeping and troubling argument and find that Mr. Sutton's case falls within *Martinez's* ambit.

"The rules for when a prisoner may establish cause to excuse a procedural default are elaborated in the exercise of the [Supreme] Court's discretion" and are equitable in nature. *Martinez*, 132 S.Ct. at 1318. In *Martinez*, the Supreme Court expressed concern that when "an attorney errs in initial-review collateral proceedings, it is likely that no state court at any level will hear the prisoner's claim." *Id.,* at 1316. The Court explained that a prisoner's "inability to present" a claim of ineffective assistance of trial counsel is "of particular concern" because the "right to counsel is the bedrock principle in our justice system." *Id.,* at 1317. To correct this inequity, the Supreme Court held: "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.,* at 1315.

{2}

*Martinez* applies when the initial-review collateral proceeding is the petitioner's first meaningful opportunity to present his ineffective assistance claim. This is apparent in how the Court framed the "precise question," *id.* at 1315, and also in the body of the opinion. The Supreme Court described the collateral review practices in several states, including Tennessee. ("Some States, including Arizona, appoint counsel in every first collateral proceeding. *See, e.g.,*... Tenn. Code Ann. § 8-14-205 (2011)"). *Id.,* at 1319. After discussing the state practice in collateral proceedings in numerous states, including Tennessee, the Court held: "It is likely that most of the attorneys appointed by the courts are qualified to perform, and do perform, according to prevailing professional norms; and, *where that is so, the States may enforce a procedural default in federal habeas proceedings." Id.*(emphasis added). Tennessee is specifically mentioned in the opinion, and the Court states that if post-conviction counsel performs according to prevailing professional norms, the State may enforce a procedural default.

As the Supreme Court has correctly recognized, Tennessee delegates review of ineffective assistance to the collateral review stage and collateral review is generally the only meaningful opportunity for vindication of trial counsel's ineffectiveness. A brief overview of Tennessee's procedural and appellate rules demonstrates why this is so.

The Tennessee Rules of Criminal Procedure require that all issues to be raised on appeal must be presented in a motion for new trial. TENN. R. CRIM. P. 33; TENN. R. APP. P. 3(e); *State v. King*, 622 S.W.2d 77, 79 (Tenn. Crim. App. 1981) (the ground relied upon must be specified with certainty in a motion for new trial so that the appellate court can see that the error was presented to the trial court for correction).

{3}

Thus, any issue not raised in the motion for new trial is waived on direct appeal. *Id.* The attorney who tries the case is also responsible for filing the motion for new trial. Private counsel retained for trial is to stay on the case until the motion for new trial is resolved. *See* TENN. R. CRIM. P. 37(e)(1) ("An attorney retained by the defendant to represent the defendant for the trial but not for appeal, shall timely advise the trial court of this fact *at the hearing on the motion for new trial*.") (emphasis added). Appointed counsel stays on the case during the motion for new trial as well as on appeal. RULE 37(e)(3), TENN. R. CRIM. P., provides that "counsel appointed in the trial court to represent an indigent defendant shall continue to represent the defendant throughout the proceedings, including any appeals, until the case has been concluded or counsel has been allowed to withdraw by the court."

If the motion for new trial is denied, the trial court ensures the defendant has representation on appeal. TENN. R. CRIM. P. 37(c). *See also* TENN. R. APP. P. 18(f) ("In a criminal case, on overruling a motion for a new trial or in arrest of judgment, whichever is later, the trial court shall advise the defendant and appoint counsel on appeal as provided in rule 37(c) of the Tennessee Rules of Criminal Procedure."). While retained counsel may withdraw from the case *after* the motion for new trial is denied, appointed counsel is required to stay on the case during trial, the motion for new trial, and until the direct appeal is exhausted. TENN. R. CRIM. P. 37(e)(3).

RULE 12, TENN. R. CT. CRIM. APP. provides that counsel who files a notice of appeal is responsible for prosecuting the appeal. After the first round of review has been completed, but before the RULE 11 Application is due, counsel (both appointed and retained) may seek permission of the appellate court to withdraw. TN. SUP. CT. R.

{4}

14.

After direct appeal is completed, a convicted defendant may seek post-conviction relief.  Claims of ineffective assistance of counsel are raised in post-conviction.  TENN. CODE ANN. § 40-30-103; *see also* TENN. S. CT. RULE 28, Apx. A, ¶16 (including ineffective assistance of counsel as a ground for post-conviction relief). Under Tennessee's post-conviction statute, claims that have been neither previously determined nor waived may be brought in post-conviction.  TENN. CODE ANN. § 40-30-106(g), (h).  A ground is waived if the petitioner "failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented."  TENN. CODE ANN. § 40-30-106(g).  Since ineffective assistance claims are not waived when brought for the first time in post-conviction, the Tennessee state courts opine there is generally  no viable means of presenting the claim earlier.  *See Kendricks v. State*, 13 S.W.3d 401, 405 (Tenn. Crim. App. 1999 ("we do not believe the Legislature intended the issue of ineffective assistance of appellate counsel to be waived if not raised on direct appeal.")

This is Tennessee's standard framework for representation of counsel at various stages of criminal proceedings.  And this is also how the Tennessee legislature determined trial ineffectiveness should be raised.  The lawyer who tries the case will be the same lawyer who files the motion for new trial.  The lawyer filing the motion for new trial cannot reasonably be expected to include a claim of his own ineffective assistance of counsel.

This well-conceived framework accommodates several concerns.  First, the United States Supreme Court has observed that "a lawyer may not ... perceive his own

{5}

errors ...." *Halbert v. Michigan*, 545 U.S. 605, 620, n.5. (2005). The Tennessee

Supreme Court also recognizes that an attorney cannot argue his own ineffectiveness.

*Frazier v. State*, 303 S.W.3d 674 (Tenn. 2010). Nor is it prudent to raise ineffective

assistance on appeal, where it has not been included in the motion for new trial. *See,*

*e.g., State v. Haynes,* 2009 Tenn. Crim. App. LEXIS 753 (Tenn. Crim. App. 2009) ("the

only issue raised on direct appeal was ineffective assistance of counsel, which was

deemed waived because it was not included in the motion for direct appeal" ... and was

also barred from post-conviction review because it was "previously determined"). Nor

does it make sense to rely upon the defendant, who is "unlearned in the law" and

without an "understanding of trial strategy," *Martinez*, 123 S.Ct. At 1317, to realize,

upon completion of his trial, that his attorney was ineffective under the Sixth

Amendment and then, to ask for a different attorney, so that the new attorney can

investigate and present a fully developed claim of ineffective assistance of trial counsel

at the motion for new trial. Indeed, if a licensed attorney might not recognize his own

errors, it is less likely a criminal defendant would. *Halbert, supra*.

In *State v. Anderson*, 835 S.W.2d 600, 607 (Tenn. Crim. App. 1992), the

Tennessee Court of Criminal Appeals admonished:

> Raising issues pertaining to the ineffective assistance of counsel for the
> first time in the appellate court is a practice fraught with peril. The
> appellant runs the risk of having the issue denied due to procedural
> default, or, in the alternative, having a panel of this Court consider the
> issue on the merits. The better practice is to *not* raise the issue on direct
> appeal under the circumstances. The issue can be subsequently raised in
> a post-conviction proceeding if the appellant's direct appeal, as here, is
> not successful.

*State v. Crosby*, 2007 WL 189384, *9 (same).

In reviewing matters of exhaustion, the federal court is only concerned with whether the petitioner followed the state's "established procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The federal courts do not expect prisoners to "invoke extraordinary remedies when those remedies are alternatives to the standard review process." *Id.* Tennessee's standard review process is that ineffective assistance claims are raised in post-conviction.

Respondent's suggestion that Tennessee has a procedural framework for raising ineffective assistance claims on direct review is in error. Appellate court condemnation of a practice while simultaneously denying the claim on the merits does not establish a "procedural framework" for raising the claims on direct appeal. *See Thompson, supra*. The cases Respondent argues support this imaginary "framework" involved "extraordinary remedies" and are not generally applicable. In *Troglin*, (discussed on page 4 of the Response) the defendant had filed a civil suit against his attorney prior to the motion for new trial and the trial court relieved original counsel of his representation. In *State v. Burns*, 6 S.W.3d 453, 461-463 (Tenn. 1993) (discussed on page 3 of the response), the defendant was wealthy and enjoyed the luxury of being able to hire a new attorney prior to the motion for new trial. The standard procedure, though, is for the attorney who tried the case to file the motion for new trial. Claims not included in the motion for new trial will not be reviewed on direct appeal. Thus, the fact that a different attorney may handle the appeal does not mean the petitioner can raise ineffective assistance of counsel.

More importantly, though, none of the extraordinary, questionable procedures

{7}

Respondent suggests were used in Mr. Sutton's case.  If Mr. Sutton had procured a new attorney for his motion for new trial, and if that new attorney had investigated and filed a fully developed claim of ineffective assistance, and if it were litigated on the merits, Mr. Sutton's appeal to this Court's equitable powers would certainly carry less weight.  This Court must decide the application of *Martinez* based upon the facts present in Mr. Sutton's case.  In *Holland v. Florida*, the Supreme Court had this to say about the exercise of equity in the habeas context:

> The exercise of [this] Court's equity powers ... must be made on a case-by-case basis.  In emphasizing the need for flexibility, for avoiding mechanical rules, we have followed a tradition in which courts of equity have sought to relieve hardships which, from time to time, arise from a hard and fast adherence to more absolute legal rules, which, if strictly applied, threaten the evils of archaic rigidity.  The flexibility inherent in equitable procedure enables courts to meet new situations that demand equitable intervention and to accord all the relief necessary to correct particular injustices. ...  Such courts exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.

*Holland v. Florida*, 130 S.Ct. 2549, 2563 (2010) (internal quotations and citations omitted).

Mr. Sutton's case progressed within Tennessee's regularly established rules of criminal and appellate procedure.  His trial attorney filed his motion for new trial and then handled his direct appeal.  Thus, there was no meaningful opportunity for him to present his claim of ineffective assistance on direct appeal.  He timely filed a post-conviction petition.  Regrettably, post-conviction counsel failed to identify and preserve key allegations of ineffective assistance.  Because of post-conviction counsel's ineffectiveness, claims of trial counsel ineffectiveness have never been reviewed by any

{8}

court, state or federal.  Under *Martinez,* his claims may now be reviewed.

Respectfully submitted,

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

s/Susanne Bales
Susanne Bales
Asst. Federal Community Defender
800 S. Gay Street, Suite 2400
Knoxville, TN  37929-9729
(865)637-7979

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 21, 2012, the foregoing Reply to Respondent's Response to Mr. Sutton's Motion to Alter or Amend was filed electronically.  Notice electronically mailed by the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Notice delivered by other means to all other parties via regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

s/Susanne Bales

{9}