GARY WAYNE SUTTON,                          )
                                            )
                Petitioner,                 )
                                            )
v.                                          )        No.:    3:07-cv-30
                                            )                (VARLAN/SHIRLEY)
ROLAND COLSON, WARDEN,                      )
Riverbend Maximum Security Institution,[1]  )
                                            )
                Respondent.                 )

## MEMORANDUM AND ORDER

Petitioner Gary Wayne Sutton ("Petitioner") filed a petition pursuant to 28 U.S.C.

§ 2254, which the Court dismissed on the merits and on the basis of procedural default by

order entered on September 29, 2011 [Docs. 28, 29]. Petitioner subsequently brought two

motions: (1) a motion requesting the Court to stay proceedings in this matter [Doc. 30], and

(2) a motion to alter or amend the Court's judgment dismissing his § 2254 petition [Doc. 31].

The Court denied the motion to stay the proceeding and reserved ruling on Petitioner's

request to alter or amend the judgment dismissing his habeas petition in light of *Maples v.*

*Thomas*, ___ U.S. ___, 132 S. Ct. 912 (2012), and *Martinez v. Ryan*, ___ U.S. ___, 132 S.

Ct. 1309 (2012) [Docs. 30, 31]. The Court permitted the parties to brief the application of

*Maples* and *Martinez* to Petitioner's procedurally defaulted ineffective assistance of trial

---

[1]Warden Roland Colson was named Warden of Riverbend Maximum Security Institution on April 1, 2011. Accordingly, the Clerk is **DIRECTED** to change the name of Respondent to Roland Colson on the Court's CM/ECF docket sheet.

counsel claims.  This matter is before the Court on Petitioner's brief, Respondent's response

brief, and Petitioner's reply brief [Docs. 37, 38, 39].

## I.      Request for Reconsideration in Light of *Martinez v. Ryan*

In his brief, Petitioner places his reliance on *Martinez* rather than *Maples*,[2]

maintaining that *Martinez* permits the Court to fully "review the fundamental fairness of

[Petitioner's] trial" and address his defaulted ineffective assistance of trial counsel claims.

Petitioner argues the Court must review, in light of *Martinez*, the three ineffective assistance

of counsel claims that it dismissed as procedurally barred because claims of ineffective

assistance of counsel cannot be raised on direct appeal in Tennessee and the first and only

opportunity to raise a meaningful challenge to trial counsel's ineffectiveness is during state

post-conviction proceedings [Doc. 37].

Respondent maintains *Martinez* does not apply to states such as Tennessee, where a

defendant may raise ineffective assistance of counsel claims on direct appeal.  In support of

his contention, Respondent notes the Tennessee Court of Criminal Appeals has specifically

stated that such ineffective assistance of counsel claims are authorized:

> This court has been hesitant to address claims of ineffective assistance
> of counsel raised on direct appeal, instead of in post-conviction
> proceedings. *See*, *e.g.*, *Thompson v. State*, 958 S.W.2d 156, 161 (Tenn.
> Crim. App. 1997); *State v. Anderson*, 835 S.W.2d 600, 606-07 (Tenn.

[2]*Maples* held that a habeas petitioner showed cause that excused his procedural default under state law when the state post-conviction attorneys representing him abandoned him without notice, and thereby caused the default.  132 S. Ct. at 922.  Under that circumstance, the abandonment severed the principal-agent relationship and the attorneys no longer acted, or failed to act, as Maples's representatives, so the attorneys' error was not attributable to their client.  *Id.* at 923. Because Petitioner fails to make a similar claim, the Court finds *Maples* is not applicable.

> Crim. App. 1992). Nevertheless, there is no prohibition against litigation of ineffective assistance of counsel claims in conviction, as opposed to collateral, proceedings. *See*, *e.g.*, *State v. Burns*, 6 S.W.3d 453, 461-63 (Tenn. 1999) (granting relief in direct appeal on ineffective assistance of counsel claim).

[Doc. 38 (citing *State v. Johnson*, No. E2008-2555-CCA-R3-CD, 2010 WL 3565761, at *17 (Tenn. Crim. App. Sept. 15, 2010))].

## II.    Analysis

*Martinez* considered the Arizona law that does not permit a claim "on direct appeal that trial counsel was ineffective," but "instead requires that claims of ineffective assistance at trial to be reserved for state collateral proceedings." 132 S. Ct. at 1314. The Supreme Court held that where a claim for ineffective assistance of trial counsel cannot be raised on direct appeal, but must be presented in the first instance in an initial-review collateral proceeding, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 1315. The Court explained that, under these circumstances, "the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal as to the ineffective-assistance claim." *Id.* at 1317.

Prior to *Martinez,* to overcome a regularly applied state procedural default, which ordinarily bars federal habeas review of a defaulted issue, a federal habeas petitioner was required to demonstrate both cause, objectively external to his defense, and prejudice or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). *Martinez*, however, created a

3

narrow exception to the traditional procedural default rules as applied to ineffective assistance of counsel claims in situations where the state bars a defendant from raising an ineffective assistance of trial counsel claim on direct appeal. Specifically, *Martinez* modifies "the unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default[,]" and "qualifies *Coleman* by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315.[3]

The Court also noted that its holding "addresses only the constitutional claims presented in this case, where the *State barred* the defendant from raising the claims on direct appeal." *Id.* at 1320 (emphasis added). It "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial[.]" *Id.* at 1320. In other words, the Court announced that "[t]he rule of *Coleman* governs in all but the limited circumstances recognized here." *Id.* at 1320; *see also id.* at 1319 ("*Coleman* held that an attorney's negligence in a post-conviction proceeding does not establish cause, and this remains true except as to initial-review collateral proceedings for claims of ineffective assistance of counsel at trial.").

---

[3]The *Martinez* Court explained that for purposes of its opinion, initial-review collateral proceedings are collateral proceedings that provide the first occasion to raise a claim of ineffective assistance at trial.

4

In contrast to Arizona, in Tennessee, "'there is no prohibition against litigation of ineffective counsel claims on direct appeal, as opposed to collateral proceedings.'" *Leberry v. Howerton*, No. 3:10-00624, 2012 WL 2999775, at *1 (M.D. Tenn. July 23, 2012) (quoting *State v. Monroe*, No. E2011-00315-CCA-R3-CD, 2012 WL 2367401, at *4 (Tenn. Crim. App. June 22, 2012)); *see also State v. Johnson*, 2010 WL 3565761, at *17 (noting that, while the Tennessee Court of Criminal Appeals "has been hesitant to address claims of ineffective assistance of counsel raised on direct appeal," there is "no prohibition against litigation of ineffective assistance of counsel claims in conviction, as opposed to collateral, proceedings"). Petitioner cites *State v. Allen*, No. M2007-02581-CCA-R3-CD, 2011 WL 1344462 (Tenn. Crim. App. July 14, 2011), for the proposition that claims of ineffective assistance of counsel cannot be raised on direct appeal. *Allen*, however, does not stand for this proposition. *See* 2011 WL 1344462, at *8 (after the defendant conceded that the appellate court should not address his ineffective assistance of counsel claims, finding that, "[g]iven that the trial court refused to make findings of fact or rule on the appellant's ineffective assistance of counsel issues, we agree that it would be inappropriate for us to consider the issues").

In sum, *Martinez* applies only to "a prisoner's procedural default of a claim of ineffective assistance at trial," 132 S. Ct. at 1315, and only when "the State barred the defendant from raising the claims on direct appeal," so that post-conviction proceedings are the petitioner's first opportunity to present the claim, *id.* at 1320. Because Tennessee law permits a defendant to assert his claim of ineffective assistance of trial counsel on direct

5

appeal, *Martinez* does not apply. *Accord Banks v. Workman*, ___ F.3d ___, No. 10-5125, 2012 WL 3834733, at *12-13 (10th Cir. Sept. 5, 2012) (*Martinez* not applicable because Oklahoma law permitted Banks to raise ineffective assistance of trial counsel on direct appeal).

The Court recognizes that *Martinez* involved an equitable, rather than a constitutional, ruling. The Court's research, however, has not revealed a case where the equitable concerns in *Martinez* have been extended to situations where, as here, a petitioner, although represented on direct appeal by trial counsel, is not prohibited from raising the ineffectiveness of trial counsel claim on direct appeal. *See Ibarra v. Thaler*, 687 F.3d 222, 227 (5th Cir. 2012) ("Ibarra is not entitled to the benefit of *Martinez* for his ineffectiveness claims, as Texas procedures entitled him to review through counselled [sic] motions for new trial and direct appeal."); *Dansby v. Norris*, 682 F.3d 711, 729 (8th Cir. 2012) ("*Martinez* does not apply here, because Arkansas does not bar a defendant from raising claims of ineffective assistance of trial counsel on direct appeal."); *Balentine v. Thaler*, No. 2:03-cv-039-J, 2012 WL 3263908, at *1 (N.D. Tex. Aug. 10, 2012) (concluding binding circuit precedent has determined *Martinez* does not apply to Texas cases); *Gill v. Atchison*, No 11 C 7868, 2012 WL 2597873, at *5 (N.D. Ill. July 2, 2012) (denying relief based on *Martinez* because Illinois permits defendants to raise ineffective assistance of trial counsel claims on direct appeal or in a *pro se* post-trial motion); *Authur v. Thomas,* No. 2:01-cv-0983-LSC, 2012 WL 2357919, at *9 (N.D. Ala. June 20, 2012) (noting that *Martinez* does not apply where a petitioner can raise his ineffective assistance of counsel claim not only on direct

6

review but also in his counseled first collateral challenge).  Hence, the Court declines to do so here.

Accordingly, Petitioner's motion to alter or amend the Court's memorandum opinion in light of *Martinez* is **DENIED** [Doc. 31].  Were the Court to find otherwise, its ruling could allow every Tennessee applicant for federal habeas corpus relief who had procedurally defaulted an ineffective assistance of trial counsel claim during his post-conviction proceedings to pass through the "narrow" exception created by *Martinez*.  The Court declines to broaden *Martinez* in this manner without direction from the Sixth Circuit or the Supreme Court.

## III.    Certificate of Appealability ("COA") and *In Forma Pauperis* Status

To grant a COA, the Court must find a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  When a claim has been dismissed on the merits, a substantial showing is made if jurists of reason would find the district court's assessment of the constitutional claims debatable or wrong, or if jurists could conclude the issues raised are adequate to deserve further review.  *See Miller-El v. Cockrell*, 537 U.S. 322, 327 & 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a claim has been dismissed on procedural grounds, a substantial showing is demonstrated when it is shown reasonable jurists would debate whether a valid claim has been stated and whether the court's procedural ruling is correct.

The law regarding the applicability of *Martinez* is evolving.  The Court's research did not reveal any controlling authority as to its applicability in Tennessee or a published Sixth

7

Circuit opinion considering *Martinez's* applicability to Tennessee or a state with similar procedures. Considering these two circumstances and the record in this case as a whole, the Court finds that reasonable jurists could find it debatable whether the Court is correct in its ruling regarding the application of *Martinez* under the specific facts of this case. *See* Fed. R. App. P. 22(b); Rule 11(a), Rules Governing Section 2254 Cases; 28 U.S.C. § 2253(c); *see also Slack*, 529 U.S. at 484.

Accordingly, if any appeal is taken from this action, such notice will be treated as an application for a certificate of appealability, which is hereby **GRANTED** on the question of whether the recent Supreme Court decision in *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012), is applicable to Petitioner's three procedurally defaulted ineffective assistance of trial counsel claims. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). If Petitioner files a notice of appeal from the denial of his motion to alter or amend, he may therefore proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

IT IS SO ORDERED.

ENTER:


s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE


8