**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

|  | 100 EAST FIFTH STREET, ROOM 540 |  |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed:  March 19, 2014

Ms. Susanne Bales
Federal Defender Services
800 S. Gay Street
Suite 2400
Knoxville, TN 37929

Mr. Andrew H. Smith
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202

> Re:  Case No. 12-6310*, Gary Sutton v. Wayne Carpenter*
> Originating Case No. : 3:07-cv-00030

Dear Counsel,

The court today announced its decision in the above-styled case.

Enclosed is a copy of the court's opinion together with the judgment which has been entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Yours very truly,

Deborah S. Hunt, Clerk

Cathryn Lovely
Deputy Clerk

cc:  Ms. Debra Poplin

Enclosures

Mandate to issue.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 14a0050p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

_____

GARY WAYNE SUTTON,

  *Petitioner-Appellant,*

  *v.*

WAYNE CARPENTER, Warden,

  *Respondent-Appellee.*

No. 12-6310

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville
No. 3:07-cv-00030—Thomas A. Varlan, Chief District Judge.

Decided and Filed:  March 19, 2014

Before:  MOORE, WHITE, and DONALD, Circuit Judges.

_____

#### COUNSEL

**ON BRIEF:**  Susanne Bales, FEDERAL DEFENDER SERVICES, Knoxville, Tennessee, for Appellant.  Andrew Hamilton Smith, OFFICE THE TENNESSEE ATTORNEY GENERAL, Nashville, Tennessee, for Appellee.

_____

#### OPINION

_____

HELENE N. WHITE, Circuit Judge.  The question is whether *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), permit a habeas petitioner challenging a Tennessee conviction to assert the ineffective assistance of post-conviction counsel as "cause" to excuse the petitioner's procedural default of a claim that his trial counsel was constitutionally ineffective.  We answer in the affirmative, and therefore REMAND.

12-6310    *Sutton v. Carpenter*    Page 2

I.

In 1993, a Tennessee jury convicted petitioner Gary W. Sutton of premeditated first degree murder and felonious burning of personal property. Sutton received a life sentence for the murder and a consecutive two-year term for the felonious burning. Sutton's trial counsel represented him throughout his direct appeal, and filed his first petition for post-conviction relief. In 2000, Sutton dismissed his trial counsel and was appointed new counsel. Sutton's new counsel amended his petition for post-conviction relief, raising ineffective-assistance-of-trial-counsel claims for the first time, although not the claims at issue here. The state trial court held an evidentiary hearing on the petition and denied relief.

Sutton was appointed new counsel for his federal habeas petition, and on January 31, 2007, he filed this petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. Sutton's petition included a claim for ineffective assistance of trial counsel. In support, Sutton argued for the first time that his trial counsel were ineffective for (1) failing to object to the jury-selection procedures used at his trial and (2) failing to object to the trial court's use of a "moral certainty" standard in its jury instructions regarding finding guilt beyond a reasonable doubt.

The district court denied the petition on September 29, 2011. With respect to the ineffective assistance of Sutton's trial counsel, the court found Sutton's newly raised ineffective-assistance claims procedurally defaulted. *See Lovins v. Park*er, 712 F.3d 283, 295 (6th Cir. 2013) ("[A] claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule."); *see also* Tenn. Code Ann. § 40-30-102(c) (precluding successive petitions for post-conviction relief); Tenn. Code Ann. § 40-30-117 (setting forth limited bases for reopening petitions). A federal court will review a state prisoner's procedurally defaulted federal claim if the prisoner shows "cause" for the default and "prejudice" from the error, or if a manifest miscarriage of justice would otherwise result. *See Coleman v. Thompson*, 501 U.S. 722, 749–50 (1991). Finding that Sutton did not make that showing, the district court declined to review his defaulted claims.

12-6310      *Sutton v. Carpenter*                                    Page 3

Within days of the district court's order denying Sutton's habeas petition, the Supreme Court heard oral argument in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and the district court agreed to hold Sutton's case in abeyance pending the decision. *Martinez* held that the ineffective assistance of post-conviction counsel can establish "cause" to excuse the procedural default of a defendant's substantial claim of ineffective assistance at trial where state procedural law *prohibits* defendants from raising such claims on direct appeal and instead requires defendants to raise the claims for the first time in post-conviction proceedings. *See id.* at 1318–19. The district court found *Martinez* inapplicable to Sutton's Tennessee conviction because Tennessee's procedural law does not *prohibit* litigation of ineffective-assistance claims on direct appeal. Concluding that reasonable jurists could find its ruling debatable, however, it granted Sutton a certificate of appealability on the question. Sutton filed a timely notice of appeal.

Just two weeks later, the Supreme Court granted certiorari in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). At Sutton's request, we held briefing in abeyance pending resolution of that case. In *Trevino*, the Court broadened the reach of *Martinez*, holding that its rule also applies where, although state procedural law may *permit* defendants to raise ineffective-assistance claims on direct appeal, a state's "procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." *Id.* at 1921.

After the *Trevino* decision issued, Sutton filed a motion to remand to the district court for consideration in the first instance whether, in light of *Trevino*, Sutton could raise his post-conviction counsel's ineffectiveness as cause for the procedural default of his ineffective-assistance-of-trial-counsel claims. This court has granted motions to remand in several cases in a similar posture. In Sutton's case, rather than remand, we directed the parties to address *Trevino*'s application in their merits briefs. Thus, the issue fully briefed and squarely presented for decision is whether, under *Trevino*, the rule in *Martinez* applies to Tennessee convictions. Reviewing the question de novo, *Lovins*, 712 F.3d at 293, we find that it does.

## II.

A federal court may grant habeas relief to a state prisoner who demonstrates that his conviction rests on a violation of the Federal Constitution. *See Trevino*, 133 S. Ct. at 1917. Our review for constitutional infirmity, however, is circumscribed by deference to "a State's application of its own firmly established, consistently followed, constitutionally proper procedural rules." *Id.* Accordingly, we will normally not consider a petitioner's constitutional claim when his conviction rests on a state court's independent determination that the defendant failed to raise an argument at the time or place required by the state's procedural law. *Id.* A petitioner can obtain federal review of such "procedurally defaulted" claims only if he shows "cause" and "prejudice," or a "manifest miscarriage of justice." *See Coleman*, 501 U.S. at 749–50.

The right to the effective assistance of counsel at trial is a "critically important" right, guaranteed by the Sixth Amendment, and a state prisoner whose conviction rests on a denial of that right may be entitled to habeas relief. *Trevino*, 133 S. Ct. at 1921. Just as with any other habeas claim, however, a state prisoner's procedural default of an ineffective-assistance-of-trial-counsel claim precludes this court's review absent a showing of cause and prejudice, or manifest miscarriage of justice. In *Coleman*, the Supreme Court held that "[b]ecause Coleman had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of Coleman's claims in state court cannot constitute cause to excuse the default in federal habeas." *Coleman*, 501 U.S. at 757.

*Martinez* announced a narrow exception to *Coleman*'s general rule. It allows post-conviction counsel's ineffectiveness to establish "cause" to excuse the procedural default of an ineffective-assistance-of-trial-counsel claim in states where post-conviction proceedings present the defendant's first opportunity to raise such a claim. *See Martinez*, 132 S. Ct. at 1320. When state law does not permit a defendant's ineffective-assistance claim to be brought until post-conviction proceedings, the Court reasoned, the post-conviction proceeding "is in many ways the equivalent of a prisoner's direct appeal" on that claim. *Id.* at 1317. Without *Martinez*'s exception, a defendant's claim that he was denied constitutionally adequate assistance at trial could get caught in an eddy at the confluence of federal deference, state procedural law, and

12-6310       *Sutton v. Carpenter*                                              Page 5

inadequate post-conviction counsel, and thereby escape review entirely. *Id.* at 1316 ("[I]f counsel's errors in an initial-review collateral proceeding do not establish cause to excuse the procedural default in a federal habeas proceeding, no court will review the prisoner's claims."). In *Trevino*, the Court, considering Texas law, held that the same concerns are present (and therefore the *Martinez* exception applies) when a state's procedural framework makes it "highly unlikely" that a defendant in a typical case will have a "meaningful opportunity" to raise ineffective-assistance claims on direct appeal. *Trevino*, 133 S. Ct. at 1921. We turn, therefore, to the question whether Tennessee's procedural rules are sufficiently similar to Texas's to come within *Trevino*.

A.

In *Trevino*, "two characteristics" of Texas's procedural framework led the Court to conclude that a Texas defendant in the typical case is unlikely to have a meaningful opportunity to raise ineffective-assistance claims on direct appeal. *Id.* at 1918. First, although Texas *permits* defendants to raise the claims on direct appeal, Texas's procedural rules make it "virtually impossible" to adequately present the claims on direct appeal. *Id.* (quoting *Robinson v. State*, 16 S.W.3d 808, 810–11 (Tex. Crim. App. 2000)). In so finding, the Court noted that Texas courts recognize that most ineffective-assistance claims require the development of extra-record evidence. *Id.* (citing *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997) (en banc)). And, although a defendant may raise trial counsel's ineffectiveness in a motion for new trial and may even be granted additional time to develop the record, Texas courts recognize that the "motion-for-new-trial 'vehicle is often inadequate [to raise trial counsel's ineffectiveness] because of time constraints and because the trial record has generally not been transcribed at this point.'" *Id.* (quoting *Torres*, 943 S.W.2d at 475). Specifically, Texas procedural rules require defendants to file motions for new trial within 30 days of sentencing, Tex. R. App. P. 21.4, and trial courts to dispose of the motions within 75 days of sentencing, Tex. R. App. P. 21.8 (a), (c), but allow up to 120 days post-sentencing for preparation of the transcript, Tex. R. App. P. 35.2(b), 35.3(c). In combination, Texas courts recognize, the rules preclude the fact-gathering necessary to adequately present the claim. *Trevino*, 133 S. Ct. at 1918–19 (collecting cases).

12-6310      *Sutton v. Carpenter*                                                    Page 6

Second, the Court found that Texas defendants lack a meaningful opportunity to develop claims on direct appeal because "Texas courts in effect have directed defendants to raise claims of ineffective assistance of trial counsel on collateral, rather than on direct, review." *Id.* at 1919. Specifically, the Court noted, Texas courts have (1) explained why direct review proceedings are likely inadequate; (2) held that failure to raise the claim on direct review does not bar the defendant from bringing it in post-conviction proceedings; and (3) suggested that appellate counsel's failure to raise the claim on direct review is not ineffective assistance. *Id.* at 1919–20. Further, Texas's highest criminal court has explicitly stated that defendants "should *not*" bring the claims on direct appeal. *Id.* at 1920 (quoting *Mata v. State*, 226 S.W.3d 425, 430, n.14 (Tex. Crim. App. 2007) (emphasis in original)). Noting that "[t]he criminal bar, not surprisingly, has taken this strong judicial advice seriously," the Court concluded that it would be unfair to decline to extend *Martinez* under these circumstances. *Id.*

B.

Consideration of the same characteristics of Tennessee's procedural law compels our conclusion that Tennessee defendants, too, are highly unlikely to have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal.

First, like Texas, Tennessee's procedural rules make it almost impossible for a defendant in a typical case to adequately present an ineffective-assistance claim on direct appeal. Tennessee courts recognize that "the practice of raising ineffective assistance of counsel claims on direct appeal is 'fraught with peril' since it 'is virtually impossible to demonstrate prejudice as required' without an evidentiary hearing." *State v. Blackmon*, 78 S.W.3d 322, 328 (Tenn. Crim. App. 2001) (citations omitted). Courts advise defendants not to raise the claims on direct appeal for that reason. *See id.* ("'[I]neffective assistance of counsel claims should normally be raised by petition for post-conviction relief.'") (citation omitted); *Kendricks v. State*, 13 S.W.3d 401, 405 (Tenn. Crim. App. 1999) ("[W]e have previously warned defendants and their counsel of the dangers of raising the issue of ineffective assistance of trial counsel on direct appeal because of the significant of [sic] amount of development and factfinding such an issue entails."). And although an evidentiary hearing may be available to a defendant who files a motion for new trial, Tennessee's procedural rules create some of the same timing obstacles with

respect to motions for new trial as do Texas's rules.  A defendant must file the motion within 30 days of sentencing, Tenn. R. Crim. P. 33(b), and trial transcripts may not be available until much later.  *See* Tenn. R. App. P. 24(b) (requiring the transcript to be filed 60 days after filing the notice of appeal); Tenn. R. App. P.  4(a), (c) (providing that the deadline for filing a notice of appeal is tolled by a motion for new trial).  These time limits are critical because if a defendant fails to raise an issue in the time allotted, he forfeits his opportunity to litigate the issue on direct appeal.  Tenn. R. App. P. 3(e); s*ee also Fahey v. Eldridge*, 46 S.W. 3d 138, 141 (Tenn. 2001) ("It has long been the rule in this state that in order to preserve errors for appeal, the appellant must first bring the alleged errors to the attention of the trial court in a motion for a new trial.").  Where trial counsel files the motion for new trial, the waiver rule alone effectively forecloses litigation of most ineffective-assistance claims on direct appeal because "trial counsel . . . can hardly be expected to challenge . . . his own ineffectiveness." *Frazier v. State*, 303 S.W.3d 674, 682–83 (Tenn. 2010) (quoting *Velarde v. United States*, 972 F.2d 826, 827 (7th Cir. 1992)).  In a typical Tennessee case, it is likely that trial counsel *will* file the motion for new trial because Tennessee requires appointed[1] trial counsel to continue representation throughout a defendant's direct appeal, and permits withdrawal only on a showing of good cause.  *See* Tenn. Sup. Ct. Rules 13(e)(5); Tenn. Code Ann. § 40-14-205(a); *see also Sasser v. Hobbs*, 735 F.3d 833, 851 (8th Cir. 2013) (finding a similar requirement in Arkansas law dispositive to its determination that Arkansas does not provide "defendants a meaningful opportunity to challenge their trial counsel's effectiveness on direct appeal" under *Trevino*).  Thus, the rules combine to make it highly improbable that Tennessee defendants will be in a position to raise ineffective assistance in a motion for new trial, much less to pursue an evidentiary hearing on the claim.  Under those circumstances, as Tennessee courts recognize, it is "virtually impossible" for the defendant to adequately present the claim on direct appeal. *Blackmon*, 78 S.W.3d at 328.

With respect to the second characteristic, Tennessee courts, like Texas courts, "in effect have directed defendants to raise claims of ineffective assistance of trial counsel on collateral,

---

[1]Appointed counsel represent criminal defendants in the overwhelming majority of cases.  *See* Robert L. Spangenberg & Marea L. Beeman, *Indigent Defense Systems in the United States*, 58 Law & Contemp. Probs. 31, 31 (1995) ("It is not uncommon for indigent defense programs to represent up to 90 percent of all criminal defendants in a given felony jurisdiction.").

12-6310        *Sutton v. Carpenter*                                      Page 8

rather than on direct, review." *Trevino*, 133 S. Ct. at 1919.  Specifically, Tennessee courts have explained that direct review proceedings are inadequate to present ineffective-assistance claims "because of the significant . . . amount of development and factfinding such an issue entails." *Kendricks*, 13 S.W.3d at 405 (collecting cases holding the same).  They hold, as do Texas courts, that failure to raise an ineffective-assistance claim on direct appeal is not grounds for finding the claim waived in post-conviction proceedings.  *See id.* ("[T]he post-conviction court erred in holding that the petitioner's ineffective assistance of counsel claims were barred for failure to raise them on direct appeal."); *see also Pylant v. State*, 263 S.W.3d 854, 868 (Tenn. 2008) ("A claim of ineffective assistance of counsel is a claim cognizable under Tennessee's Post-Conviction Procedure Act.") (citing Tenn. Code Ann. §§ 40-30-101–313).  And, Tennessee's highest criminal court regularly advises defendants that raising ineffective assistance on direct appeal is a practice "fraught with peril" and that "the better practice is to *not* raise the issue on direct appeal."  *State v. Wagner*, E2012-01144-CCA-R3-CD, 2014 WL 60971, at *11 (Tenn. Crim. App. Jan. 8, 2014) (emphasis in original) (quoting *State v. Sluder*, No. 1236, 1990 WL 26552, at *7 (Tenn. Crim. App. Mar. 14, 1990); *see also, e.g., Sterling v. State*, W1999-00608-CCA-R3-CD, 2001 WL 1117518, at *7 (Tenn. Crim. App. Sept. 24, 2001) (same); *State v. Frantz*, 03C01-9509-CC-00269, 1998 WL 46432, at *9 (Tenn. Crim. App. Feb. 6, 1998) (same); *State v. Anderson*, 835 S.W.2d 600, 607 (Tenn. Crim. App. 1992) (same).  As the Court observed in *Trevino*, it "would create significant unfairness" to deny defendants the benefit of *Martinez* "because of the existence of a theoretically available procedural alternative, namely direct appellate review," that Tennessee courts advise defendants not to use.  *Trevino*, 133 S. Ct. at 1919–20.

C.

Respondent argues that Tennessee and Texas differ in crucial ways.  First, Respondent notes that Tennessee is unlike Texas in that Tennessee procedural rules do not impose a deadline for resolution of new trial motions, and Tennessee rules provide that trial courts shall "liberally grant motions to amend the motion for new trial until the day of the hearing on the motion." Tenn. R. Crim. P. 33(b).  These differences, Respondent argues, make it feasible for a Tennessee defendant to develop the record in a motion for new trial and, therefore, provide Tennessee

defendants a "meaningful opportunity" to raise ineffective-assistance claims on direct appeal. In support, Respondent cites a series of fourteen decisions involving Tennessee defendants who litigated ineffective-assistance-of-trial-counsel claims in an evidentiary hearing held pursuant to a motion for new trial. *See* Resp. Br. 27–28. In at least three of those cases, Respondent notes, the trial court did not hold a hearing on the motion for new trial for several months, thus allowing time to develop the factual record. *See State v. Urbano-Uriostegui*, M2012-00235-CCA-R3-CD, 2013 WL 1896931, at *1 (Tenn. Crim. App. May 6, 2013), *appeal denied* (Oct. 16, 2013) (hearing held ten months after motion filed); *State v. Monroe*, E02011-00315-CCA-R3-CD, 2012 WL 2367401, at *1–2 (Tenn. Crim. App. June 22, 2012) (hearing held 11 months after motion filed); *State v. Honeycutt*, M199800245CCA R3CD, 1999 WL 1063546, at *1 (Tenn. Crim. App. Nov. 24, 1999), *rev'd*, 54 S.W.3d 762 (Tenn. 2001) (hearing held 7 months after motion filed).

The differences identified by Respondent are not immaterial for defendants in a position to take advantage of them. Under Texas's procedural rules, a defendant may amend his motion for new trial "without leave of court," but only within the 30-day period for filing such motions, Tex. R. App. P. 21.4(b), and a defendant's motion for new trial is denied by operation of law if a trial court does not decide the motion within the 75-day time period, Tex. R. App. P. 21.8(a), (c). In Tennessee, however, a defendant can seek leave to amend or supplement a motion for new trial any time before the hearing, as to which the trial court has no deadline. The absence of Texas's 30- and 75-day deadlines in Tennessee's procedural rules means that a Tennessee defendant could potentially be afforded more time to identify and substantiate ineffectiveness claims than could a Texas defendant.

But many Tennessee defendants are in no position to take advantage of the opportunity because of the interplay of other Tennessee procedural rules. As noted, Tennessee's procedural law creates a presumption that indigent defendants will be represented by trial counsel on appeal, and trial counsel are unlikely to raise their own errors in a motion for new trial. *See Sasser*, 735 F.3d at 852 ("'[I]t is unrealistic to expect trial counsel, who is also appellate counsel, to call into question his own competence.'") (citation omitted); *Robinson*, 16 S.W.3d at 810 ("[M]ounting an ineffective assistance attack in a motion for new trial is inherently unlikely if

the trial counsel remains counsel during the time required to file such a motion." (quoting *Torres*, 943 S.W.2d at 475)); *Halbert v. Michigan*, 545 U.S. 605, 620 n.5 (2005) ("A lawyer may not, however, perceive his own errors . . . ."); *see also Trevino*, 133 S. Ct. at 1921 (recognizing "the need for a new lawyer" as a consideration that "argue[s] strongly" for consideration of ineffective-assistance claims on collateral review, rather than direct appeal). For a defendant represented by trial counsel on appeal, absent the insight and wherewithal to seek his attorney's withdrawal, Tennessee's expanded window for amending new-trial motions has little effect on the ability to identify and develop ineffective-assistance claims in time to raise them in a new-trial motion. The lack of access to a trial transcript during that time period augments the difficulty. A defendant who misses the opportunity to raise claims in a new-trial motion waives the claims on direct appeal. If a defendant disregards the waiver rule and raises them anyway, he runs the risk that the court of appeals will deny the claims as procedurally defaulted or will decide them without an evidentiary hearing. *See Wilson v. State*, No. 909, 1991 WL 87245, at *6 (Tenn. Crim. App. May 29, 1991) ("[S]uch a path by counsel is doomed to procedural failure."). Thus, in combination, Tennessee procedural rules create significant obstacles to a defendant's adequate presentation of an ineffective assistance claim on direct appeal. The absence of Tennessee analogues to Texas's time limits for amending and resolving new-trial motions does not change our conclusion on this point.

Respondent also contends that, rather than discouraging defendants from raising ineffective-assistance claims on direct appeal, Tennessee courts have "merely admonished defendants for advancing trial-effectiveness claims after *failing* to avail themselves of the meaningful procedural opportunity Tennessee provides." Resp. Br. 31 (emphasis in original). Respondent contends that Tennessee courts have "only declined to consider trial-ineffectiveness claims on direct appeal where: (1) the defendant has conceded the issue; (2) the record does not contain a transcript of the motion for new trial hearing, or; (3) the defendant waived the issue . . . by failing to include the issue in his or her motion for new trial, or by presenting the issue for the first time on appeal." *Id.* at 32 (footnotes omitted). But a state's courts of appeals need not decline to hear ineffective-assistance claims on direct appeal in order to be understood as *directing* defendants to raise the claims in collateral proceedings in the manner *Trevino* found significant. A state whose appellate courts consistently declined to hear the claims would likely

12-6310    *Sutton v. Carpenter*    Page 11

fall within the rule as stated in *Martinez*.  More to the point, although sometimes Tennessee courts observe that raising ineffectiveness claims on direct appeal is "fraught with peril" in the context of admonishing defendants for advancing trial-effectiveness claims after failing to first present the claims in a motion for new trial, *see, e.g.*, *Sterling*, 2001 WL 1117518, at *7, Tennessee courts make the same observation when reviewing ineffectiveness claims that *were* presented in a motion for new trial *with* an evidentiary hearing.  *See Anderson*, 835 S.W.2d at 607.  Accordingly, the message overwhelmingly communicated is that the claims are best resolved, with least risk to the defendant, in post-conviction proceedings.

III.

For the foregoing reasons, we find that ineffective assistance of post-conviction counsel can establish cause to excuse a Tennessee defendant's procedural default of a substantial claim of ineffective assistance at trial.  *Martinez*, 132 S. Ct. at 1320.  We REMAND to the district court for proceedings consistent with this opinion.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 12-6310

GARY WAYNE SUTTON,

        Petitioner - Appellant,

    v.

WAYNE CARPENTER, Warden,

        Respondent - Appellee.

```
┌──────────────────────────────┐
│          FILED               │
│       Mar 19, 2014           │
│   DEBORAH S. HUNT, Clerk     │
└──────────────────────────────┘
```

Before: MOORE, WHITE, and DONALD, Circuit Judges.

**JUDGMENT**

On Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

IN CONSIDERATION WHEREOF, it is ORDERED that the case is REMANDED to the district court for proceedings consistent with the opinion of this court.

**ENTERED BY ORDER OF THE COURT**

_____

Deborah S. Hunt, Clerk