UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

GARY WAYNE SUTTON,                          )
                                            )
            *Petitioner*,                   )
                                            )
v.                                          )          No.: 3:07-CV-30-TAV-CCS
                                            )
WAYNE CARPENTER, WARDEN,                     )
Riverbend Maximum Security Institution,[1]   )
                                            )
            Respondent.                     )

## **ORDER**

Petitioner Gary Wayne Sutton ("Petitioner") was convicted in Sevier County

Circuit Court of the premeditated first-degree murder of Connie Branum and the burning

of personal property. Petitioner was sentenced to life imprisonment for the first-degree

murder conviction and a consecutive two-year sentence for feloniously burning personal

property.[2] Petitioner's convictions and sentences were upheld on appeal. *State v. Sutton*

and *Dellinger,* No. 03C01-9403-CR-0090, 1995 WL 406953 (Tenn. Crim. App. July 11,

1995), *perm. app. denied* (Tenn. Jan. 22, 1996). Petitioner subsequently filed a federal

habeas petition pursuant to 28 U.S.C. § 2254, which was dismissed by the Court on the

merits and on the basis of procedural default by order entered on September 29, 2011

_____

[1] Wayne Carpenter has been named Warden of Riverbend Maximum Security Institution. Accordingly, the Clerk is **DIRECTED** to change the name of Respondent to Wayne Carpenter on the Court's CM/ECF docket.

[2] Petitioner was subsequently sentenced to death in his related Blount County case for the murder of Tommy Griffin, the brother of the victim in this case. *See State v. Dellinger* and *Sutton*, 79 S.W. 3d 458 (Tenn. 2002), *cert. denied,* 537 U.S. 1090 (2002).

[Docs. 28, 29]. Specifically, the Court concluded Petitioner had procedurally defaulted the following newly-raised ineffective assistance of counsel claims: (1) trial counsel failed to investigate Eddie Blair [Doc. 28 at 6061]; (2) trial counsel failed to call Danny Sutton to bolster the defense theory that Bill Cogdill was responsible for the deaths of Branam and Griffin [*Id.* at 61]; (3) trial counsel failed to object to the manner in which the *venires* were selected and appeal the denial of individual *voir dire* [*Id.* at 78-79]; (4) trial counsel failed to "object and appeal when a juror investigated and discovered that the manufacture date on one of the headlights undermined [the defense] theory and then educated the other jurors about it" [*Id.* at 79]; (5) trial counsel failed to interview jurors post-trial to learn that jurors consulted a Bible during the deliberation process [*Id.* at 80]; (6) trial counsel failed to challenge the reasonable doubt standard jury instruction [*Id.* at 87]; and (7) trial counsel failed to present lay and expert witnesses to rebut the State's theory of the time of Griffin's death (only to the extent this claim is different than Petitioner's claim that counsel failed to investigate Griffin's death) [*Id.* at 87-88].

Within days of the Court's Order dismissing Petitioner's habeas petition, the Supreme Court heard oral argument in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). Soon thereafter, Petitioner filed a motion to stay the case [Doc. 30] and a motion to alter or amend the Court's judgment dismissing his § 2254 petition [Doc. 31]. The Court denied the motion to stay the proceeding and reserved ruling on Petitioner's request to alter or amend the judgment dismissing his habeas petition in light of *Maples v. Thomas*, 132 S. Ct. 912 (2013), and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) [Docs. 30, 31, 36]. The

Supreme Court ultimately held that the ineffective assistance of post-conviction counsel can establish "cause" to excuse the procedural default of a defendant's substantial claim of ineffective assistance at trial where state procedural law prohibits defendants from raising such claims on direct appeal and instead requires defendants to raise the claims for the first time in post-conviction proceedings. *See* 132 S. Ct. at 1318-19.

The Court then permitted the parties to brief the issue pertaining to the application of *Maples* and *Martinez* to Petitioner's procedurally defaulted ineffective assistance of trial counsel claims. The Court denied the motion to alter or amend, finding *Martinez* inapplicable to Petitioner's Tennessee conviction because Tennessee's procedural law does not prohibit litigation of ineffective-assistance claims on direct appeal, but granted Petitioner a certificate of appealability on the applicability of the *Martinez* rule to Petitioner's newly-raised ineffective assistance of counsel claims [Doc. 42].

Petitioner filed a timely appeal [Doc. 43]. Shortly thereafter, the Supreme Court granted certiorari in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013). At Petitioner's request, the Sixth Circuit held briefing in abeyance pending resolution of that case.

Less than a year later, in *Trevino*, the Supreme Court broadened the reach of *Martinez*. *Trevino* held the *Martinez* rule also applies to cases where state procedural law may permit defendants to raise ineffective assistance claims on direct appeal, but the state's "procedural framework, by reason of its design and operation, makes it highly

3

unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal." 133 S. Ct. at 1921.

After *Trevino,* Petitioner filed a motion requesting the Sixth Circuit to remand his case to the district court to consider whether, in light of *Trevino*, Petitioner could raise his post-conviction counsel's ineffectiveness as cause for the procedural default of his newly-raised ineffective assistance of trial counsel claims. Instead, the Sixth Circuit directed the parties to address *Trevino*'s application in their merits briefs and subsequently concluded that, under *Trevino*, the rule in *Martinez* applies to Tennessee convictions. As a result, the Sixth Circuit remanded the case for the Court to consider the newly-raised ineffective assistance of counsel claims [Doc. 44].

In light of the Sixth Circuit's direction, the parties **SHALL** provide supplemental briefing on the newly-raised ineffective assistance of counsel claims, as well as the legal standard the Court should apply when analyzing the issues, and specifically, whether the Antiterrorism and Effective Death Penalty Act or other habeas rules require the Court to give deference to any prior ruling, according to the following briefing schedule:

1. Petitioner's supplemental brief **SHALL** be filed within **sixty (60) days** from the date of this order and should not exceed twenty-five (25) pages.

2. Respondent **SHALL** file his response within **sixty (60) days** from the date Petitioner files his supplemental brief. Respondent's brief should not exceed twenty-five (25) pages.

4

3. Petitioner **SHALL** file any reply within **thirty (30) days** from the date Respondent files his response. Petitioner's reply brief should not exceed ten (10) pages.

If Petitioner contends he is entitled to an evidentiary hearing, he **SHALL** explain what specific issues he believes could be proven at an evidentiary hearing. Petitioner should not reserve making any argument on the assumption that he will receive an evidentiary hearing, because if the Court determines an evidentiary hearing is unnecessary, it will proceed to rule on the merits without an opportunity for further briefing.

IT IS SO ORDERED this 28th day of May, 2014.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

5