**ORIGINAL**

IN THE COURT OF CRIMINAL APPEALS FOR THE STATE OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GARY W. SUTTON,<br>And, **JAMES A. DELLINGER,**<br><br>    *Appellants*<br><br>vs.<br><br>**STATE OF TENNESSEE,**<br><br>    *Appellee.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**TCCA No.:** **E2004-01068-CCA-R#-PC**
SEVIER COUNTY #: 96-1185-III

---

## REPLY BRIEF OF APPELLANT JAMES A. DELLINGER

---

### ON APPEAL AS OF RIGHT FROM THE JUDGMENT OF
### THE CIRCUIT COURT FOR SEVIER COUNTY, TENNESSEE

### POST-CONVICTION

**APPOINTED ATTORNEYS
FOR THE APPELLANT**

**On Appeal:**

**RICHARD L. BURNETTE**
Post Office Box 1948
Knoxville, Tennessee 37901
Telephone: (865) 637-8946
B.P.R. No.: 018571

**At Trial:**

**BRYAN E. DELIUS**
124 Court Avenue
Sevierville, Tennessee 37862
Telephone: (865) 428-8780
B.P.R. No.: 015800

**ORAL ARGUMENT REQUESTED**

Addendum 25

Case 3:07-cv-00030-TAV-CCS   Document 52-3   Filed 09/29/14   Page 1 of 9
PageID #: 622

# IN THE COURT OF CRIMINAL APPEALS FOR THE STATE OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| GARY W. SUTTON,<br>And, JAMES A. DELLINGER, | ) | |
| | ) | |
| | ) | |
| *Appellants* | ) | |
| | ) | |
| vs. | ) | TCCA No.: **E2004-01068-CCA-R#-PC** |
| | ) | SEVIER COUNTY #: 96-1185-III |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| *Appellee.* | ) | |

## REPLY BRIEF OF APPELLANT JAMES A. DELLINGER

### ON APPEAL AS OF RIGHT FROM THE JUDGMENT OF
### THE CIRCUIT COURT FOR SEVIER COUNTY, TENNESSEE

### POST-CONVICTION

**APPOINTED ATTORNEYS
FOR THE APPELLANT**

**On Appeal:**

**RICHARD L. BURNETTE**
Post Office Box 1948
Knoxville, Tennessee 37901
Telephone: (865) 637-8946
B.P.R. No.: 018571

**At Trial:**

**BRYAN E. DELIUS**
124 Court Avenue
Sevierville, Tennessee 37862
Telephone: (865) 428-8780
B.P.R. No.: 015800

**ORAL ARGUMENT REQUESTED**
Addendum 25

Case 3:07-cv-00030-TAV-CCS   Document 52-3   Filed 09/29/14   Page 2 of 9
PageID #: 623

# TABLE OF AUTHORITIES

## CASES:

Federal Cases:

<u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1194 (1963); . . . . . . . . . . . . . . . . . . 2

<u>Coe v. Bell</u>, 161 F.3d 320, 351 (6th Cir. 1999) . . . . . . . . . . . . . . . 4

<u>Douglas v. California</u>, 372 U.S. 353, 83 S.Ct. 814 (1963) . . . . . . . . . . . . . . . . 3


State Cases:

<u>Burns v. State</u>, 6 S.W.3d 453, 461 (Tenn. 1991) . . . . . . . . . . . . . . . . . . 1

<u>Campbell v. State</u>, 904 S.W.2d 594, (Tenn. 1995) . . . . . . . . . . . . . . . . . . 3

<u>State v. Blackwell</u>, 664 S.W.2d 686 (Tenn. 1984) . . . . . . . . . . . . . . . . . 5

<u>State v. Bondurant</u>, 4 S.W.3d 662 (Tenn. 1998) . . . . . . . . . . . . . . . . . . 5

<u>State v. Cribbs</u>, 967 S.W.2d 773 (Tenn. 1998) . . . . . . . . . . . . . . . . . . 4

<u>State v. Furlough</u>, 797 S.W.2d 631 (Tenn. 1998) . . . . . . . . . . . . . . . . . . 5

<u>State v. Harrington</u>, 627 S.W.2d 345 (Tenn. 1981) . . . . . . . . . . . . . . . . . . 4

<u>Walsh v. State</u>, 166 S.W.3d 641 (Tenn. 2005) . . . . . . . . . . . . . . . . . . 3, 4

Addendum 25

Case 3:07-cv-00030-TAV-CCS    Document 52-3    Filed 09/29/14    Page 3 of 9
PageID #: 624

**ARGUMENT**

I.  **PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL AND ON DIRECT APPEAL.**

      A.  **Petitioner was denied the effective assistance of counsel when his attorney's failed in their duty to adequately investigate and prepare for trial.**

The Petitioner received ineffective assistance of counsel, because his attorneys failed in their duty to investigate and prepare for trial.

The State complains that the Petitioner does not expressly state in his Brief the voluminous evidence pertaining to the Blount County case that Petitioner's attorneys ignored and failed to investigate. (State's Brief, p-23-24). The point is that Petitioner's counsel did nothing to investigate the Blount County case, despite the fact that a large part of the State's case involved the facts of the Blount County case. (See, Vol. II, p. 118)(Attorney for Sutton, David Webb, describing that between one-half to two-thirds of the State's proof involved the Blount County murder). Petitioner properly cites the portions of the records of the evidentiary hearing on this point, setting forth the evidence and materials from the Blount County case that were not investigated and/or were ignored by Petitioner's attorneys. (Dellinger's Brief, pp. 8, 13).

Counsel's failure to properly investigate the case is how Petitioner has been prejudiced by his attorneys' deficient performance at his capital murder trial. See, <u>Burns v. State</u>, 6 S.W.3d 453, 461 (Tenn. 1991).

The State attempts to explain counsel's failure to present at trial the evidence from the crime scene of tire tracks that did not match Dellinger's truck, and beer cans that bore fingerprints of persons other than Dellinger and Sutton, by simply stating that the State itself had denied counsel access to this physical and there were no alternative means for counsel to get this evidence to the jury. (State's Brief, p. 23). There can be no other conclusion except that

Addendum 25

1

Petitioner's counsel was ineffective in failing to obtain this evidence and present it the jury. Or, if as the State argues, if the State denied access to this evidence[1], counsel had an obligation to vigorously seek this evidence from the State and bring the matter to the attention of the trial judge. Counsel failed in his obligation to do so, and therefore Petitioner was denied his right to effective assistance of counsel.

Next, in regards to trial counsel's failure to secure the testimony of Johnny McCarter to contradict and rebut the damaging testimony given at trial by Ms. Gordon. The State properly notes that the trial judge stated that Ms. Gordon's testimony was a greatly contested point at trial. (State's Brief, p. 22). On this very important point at trial, the fact that counsel failed to secure the testimony of Johnny McCarter magnifies the error in Petitioner's attorney's failure to properly prepare for trial, and properly present the defense case.

**B.     Petitioner was denied effective assistance of counsel on appeal**

The State complains that the Petitioner has not identified the issues that Petitioner's trial attorneys failed to pursue on direct appeal regarding the introduction of the headlight at trial. (State's Brief, pp. 24-25). The fact is that it is difficult to state the appellate issues because trial counsel did nothing at trial on this issue, and therefore the true prejudice to Petitioner on this issue occurred during the actions, and inactions of counsel, at trial.

The State is misguided in its reliance on the search warrant in this case. Plainly, Petitioner was denied effective assistance of counsel when his attorneys failed to seek appellate review of the trial court's denial of the Dellinger's Motion to Suppress related to the search of

---

[1] If indeed the State did deny counsel access to this evidence, the Petitioner asserts that there could be no more clearer violation of the prosecution's duty under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and its progeny.

Addendum 25

2

his property. In the Sevier County case, the State relied upon consent as a basis for the search, not the search warrant. (Vol. II, p. 72). In the appellate courts in this case, the issue would have been the validity of the search by consent. The State would not have been allowed to rely upon the search warrant, because it was not relied upon in the trial court. See e.g., State v. White, 635 S.W.2d 396, 397-98 (Tenn.1982) There is no reasonable explanation why this issue was abandoned by trial counsel and not presented for review on appeal.

Accordingly, Petitioner was denied effective assistance of counsel on appeal. See, Campbell v. State, 904 S.W.2d 594, 595 (Tenn. 1995) citing, Douglas v. California, 372 U.S. 353, 83 S.Ct. 814 (1963)(Fourteenth Amendment guarantees a criminal defendant the right to assistance of counsel on his first tier appeal).

## II. THE JURY DELIBERATIONS WERE TAINTED BY IMPERMISSIBLE OUTSIDE INFLUENCE, REQUIRING A NEW TRIAL

It is undisputed that at least one juror read from a Bible in the jury room during the deliberation process of the guilt or innocence phase of this trial. (Vol. II, pp. 103-05)(State's Brief, pp. 13, 28). In accordance with Walsh v. State, 166 S.W.3d 641 (Tenn. 2005) a new trial is required in this case, because the State did not overcome the presumption of prejudice that arose, that shifted the burden to the State to show that the use of the Bible in the jury room was harmless error.

The State cites no proper authority for its position that the Petitioners in this case must make a further showing than what our Supreme Court set forth in Walsh before the burden shifts to the State in this case. The State's assertion further ignores a significant history of appellate authority regarding the use of a Bible in this state's criminal justice system.

In State v. Harrington, 627 S.W.2d 345, the Tennessee Supreme Court observed that the reading of a Biblical passage by a juror during sentencing deliberation was error and would

Addendum 25

3

require a new sentence hearing (if not but for other reversible error). Harrington, at 351 (Tenn. 1981).

The Sixth Circuit has recognized that use of the Bible in a jury room is error not necessarily because it is the Bible, but because the Bible was not admitted into evidence at trial and therefore it was error for it to be used during jury deliberations. Coe v. Bell, 161 F.3d 320, 351 (6th Cir. 1999)(citing, State v. Harringon, supra, 627 S.W. 345, 350 (Tenn. 1981).

Contrary to the State's argument in the instant case, in these above cases, neither the Tennessee Supreme Court nor the Sixth Circuit were concerned with issues related to specific passages of the Bible. It has become well established in Tennessee case law, that the references to any Biblical passages – or similar religious materials- is improper in this state's criminal justice trial process. E.g., State v. Cribbs, 967 S.W.2d 773, 784 (Tenn. 1998).

The uncontroverted proof establishes that the Petitioner must be granted a new trial on this issue. Walsh v. State, 166 S.W.3d 641 (Tenn. 2005).

For the same reasons explained by the Tennessee Supreme in Walsh, the State's waiver argument in this case is without merit. In Walsh, the Court explained that the State had failed to present the waiver argument at the post conviction evidentiary hearing, and therefore the State could not rely upon waiver in the appellate courts. The Tennessee Supreme Court held that the State's waiver argument was itself waived. Walsh, supra, at 645.

Moreover, this sequestered jury in this capital murder trial was tainted by improper outside influence and/or extraneous judicial information during the "family day" meetings with jurors during the trial. (Vol. II, pp. 101-103; pp. 109, 110). During the trial, these sequestered jurors were allowed unsupervised and/or unmonitored contact with family members after the trial

Addendum 25

4

began, but before reaching a verdict and being discharged by the court. (Vol. II, pp. 101-103; pp. 109, 110). As such, a new trial is must be granted in this case.

In 1984, the Tennessee Supreme Court explained the settled law of this State:

> It has been the law of this State for more than one hundred years that a jury separation or a single juror conversation with a third party that was unexplained was good cause for a new trial. If unexplained, our courts reasoned it cannot be know that the juror was not tampered with and being unexplained the fact that the juror might have been prejudiced is sufficient to require a new trial.

State v. Blackwell, 664 S.W.2d 686, 689 (Tenn. 1984)(citations omitted).

The appellate courts of this State have strictly applied this rule, that a sequestered jury must be guarded from any outside influence or contact – and that upon such showing if the State fails to affirmatively prove a lack of prejudice a new trial must be granted. E.g., Gonzalez v. State, 593 S.W.2d 288, 291 (Tenn. 1980); Blackwell, supra, at 689; State v. Furlough, 797 S.W.2d 631, 645 (Tenn. Crim. App. 1990)(even in the face of considerable evidence of guilt, such error is not harmless).

The Tennessee Supreme Court has made clear that it is not necessary for the Petitioner to prove that the jurors were in fact subjected to improper influence, it is sufficient to show that they might have been. State v. Bondurant, 4 S.W.3d 662, 672 (Tenn. 1999).

Accordingly, the Petitioners are entitled to and must be granted a new trial.

Addendum 25

5

## CONCLUSION

For the reasons stated herein and those stated in his initial brief, and upon the record as a whole, the Petitioner respectfully requests that this Honorable Court vacate the Judgment of the post-conviction court overruling Petitioner Dellinger's Petition for Post Conviction Relief, and thereupon, enter an Order granting him a new trial.

RESPECTFULLY SUBMITTED,
JAMES DELLINGER, Petitioner

RICHARD L. BURNETTE (018571)
Attorney for the Petitioner
Post Office Box 1948
Knoxville, Tennessee 37901
Phone: (865) 637-8946

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing REPLY BRIEF OF THE APPELLANT has been served on the State of Tennessee by forwarding the same to the Office of the Attorney General, 425 Fifth Ave. N., Nashville, Tennessee 37201 by placing the same in the U.S. Mail, postage prepaid, properly addressed to counsel at office.

Further, a true and exact copy of this Brief has been provided to Tim S. Moore, attorney for Gary Sutton, 396 Moore Brand Way, Newport, Tennessee 37821, by U.S. Mail, postage prepaid.

THIS 20 day of October, 2005.

RICHARD L. BURNETTE

Addendum 25

6

Case 3:07-cv-00030-TAV-CCS     Document 52-3     Filed 09/29/14     Page 9 of 9
PageID #: 630