# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| GARY WAYNE SUTTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:07-cv-00030-TAV-CCS |
| | ) | Judge Varlan |
| | ) | |
| WAYNE CARPENTER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## RESPONDENT'S SUPPLEMENTAL BRIEF ON REMAND

### I. PRELIMINARY STATEMENT

Comes the respondent and submits the following supplemental brief on remand from the court of appeals. This Court should not modify its order dismissing several defaulted ineffective-assistance claims, notwithstanding the applicability of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), because the petitioner has failed to demonstrate, under the standard from *Strickland v. Washington*, 466 U.S. 668 (1984), that post-conviction counsel's performance fell outside the wide range of reasonable professional assistance. Moreover, the defaulted ineffective-assistance claims in the petitioner's supplemental brief are either waived, outside the purview of *Martinez*, and/or insubstantial. This Court should also decline to consider the evidence offered by the petitioner in support of two defaulted ineffective-assistance claims because those claims are waived. As the petitioner does not request a hearing, the Court should summarily deny relief after briefing concludes.

1

## II. STATEMENT OF THE CASE AND FACTS

### A. State-Court Proceedings

The respondent summarized the evidence and procedural history from the petitioner's state-court proceedings in his answer.  (D.E. 17 at 5-14.)  In the interest of brevity, that summary will not be repeated here.  Suffice it to say that the petitioner was convicted in state court of first-degree murder and burning personal property after he and his co-defendant "killed Connie Branum to prevent her from discovering that they were responsible for the murder of her brother, Tommy Griffin." *State v. Sutton*, No. 03C01-9403-CR-00090, 1995 Tenn. Crim. App. LEXIS 565 (Tenn. Crim. App. July 11, 1995).  The evidence showed that the petitioner and his co-defendant used an accelerant to ignite Branum's vehicle while she was inside. *Id*. at *13.  Her body was later discovered partially cremated inside that vehicle. *Id*. at *9.

### B. Federal-Habeas Proceedings

The petitioner filed a counseled petition for a writ of habeas corpus on January 31, 2007. (D.E. 3.)  On September 29, 2011, the Court dismissed the petition, denying several claims on the merits and others on the basis of procedural default.  (D.E. 28-29.)  The petitioner subsequently filed a motion to alter or amend.  (D.E. 31.)  Therein, the petitioner noted that "[t]he Supreme Court is currently considering whether ineffective assistance of post-conviction counsel can qualify as cause sufficient to excuse [a] procedural bar."  (D.E. 31 at 8.)  Accordingly, the petitioner moved the Court to alter or amend its opinion to address the following *three* ineffective-assistance claims on their merits: (1) "ineffective assistance of counsel for failure to object and appeal the unorthodox and unlawful manner in which the jury was selected"; (2) "ineffective assistance of counsel for failing to discover the presence of the Bible in the jury room and failing to appeal the issue"; and (3)

2

"ineffective assistance of counsel for failure to appeal the reasonable doubt jury instruction." (D.E. 31 at 7-8.)  Upon further briefing, the petitioner modified the list of ineffective-assistance claims he deemed to be under the purview of *Martinez*: (1) "[c]ounsel were ineffective for failing to protect Mr. Sutton's right to an impartial jury by failing to object to the inherently prejudicial manner in which the venires were selected"; (2) "[c]ounsel were ineffective . . . by failing to appeal the denial of individual voir dire"; (3) "counsel were ineffective for failing to object to jury instructions that diluted the beyond-a-reasonable-doubt standard."  (D.E. 37 at 7, 13.)

On September 20, 2012, the Court denied the petitioner's motion to alter or amend.  (D.E. 42.)  The Court noted, "Petitioner argues the Court must review, in light of *Martinez*, the *three* ineffective assistance of counsel claims that it dismissed as procedurally barred."  (D.E. 42 at 2) (emphasis added).  The Court granted a certificate of appealability on the applicability of *Martinez* to *three* claims only.  (D.E. 42 at 8.)  The petitioner filed a timely notice of appeal.  (D.E. 43.)

The petitioner never moved to expand the certificate of appealability in the court of appeals.  On August 15, 2013, he moved to remand in light of the Supreme Court's decision in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013).  The motion to remand addressed only the following ineffective-assistance claims: (1) that "trial counsel were ineffective for failing to protect his right to an impartial jury by failing to object to the inherently prejudicial manner in which the jury was selected"; (2) that "trial counsel were ineffective . . . by failing to appeal the denial of individual voir dire"; and (3) that "counsel were ineffective for failing to object to jury instructions that dilute the reasonable doubt standard."  (No. 12-6310, D.E. 26 at 12-13.)  The court of appeals subsequently consolidated the issue of remand with the merits of the underlying appeal and set a briefing schedule.  (No. 12-6310, D.E. 41.)

The petitioner briefed only the following two ineffective-assistance claims: "[(1)] that trial counsel was ineffective for failing to object to the prejudicial manner in which the jury was selected and [(2)] for failing to object to jury instructions which diluted the burden of proof." (No. 12-6310, D.E. 42 at 24.) Accordingly, the court of appeals acknowledged only two claims "at issue" under the umbrella *Martinez* question:

> Sutton argued for the first time that his trial counsel were ineffective for (1) failing to object to the jury-selection procedures used at his trial and (2) failing to object to the trial court's use of a "moral certainty" standard in its jury instructions regarding finding guilt beyond a reasonable doubt.

*Sutton v. Carpenter*, 745 F.3d 787, 789 (6th Cir. Tenn. 2014). On March 19, 2014, the court of appeals concluded "that ineffective assistance of post-conviction counsel can establish cause to excuse a Tennessee defendant's procedural default of a substantial claim of ineffective assistance at trial."[1] *Sutton*, 745 F.3d at 795-96. The court remanded proceedings. *Id*. at 796.

On May 28, 2014, this Court filed an order setting a supplemental briefing schedule. (D.E. 46.) The Court reiterated its earlier conclusion that the petitioner had defaulted the following ineffective-assistance claims: (1) trial counsel failed to investigate Eddie Blair; (2) trial counsel failed to call Danny Sutton to bolster the defense theory that Bill Cogdill was responsible for the deaths of Branam and Griffin; (3) trial counsel failed to object to the manner in which the venires were selected and appeal the denial of individual voir dire; (4) trial counsel failed to "object and appeal when a juror investigated and discovered that the manufacture date on one of the headlights undermined [the

---

[1] "When faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, i.e., it does not have any merit or that it is wholly without factual support, or that the attorney in the initial-review collateral proceeding did not perform below constitutional standards." *Martinez*, 132 S. Ct. at 1319 (U.S. 2012)

4

defense] theory and then educated the other jurors about it"; (5) trial counsel failed to interview jurors post-trial to learn that jurors consulted a Bible during the deliberation process; (6) trial counsel failed to challenge the reasonable doubt standard jury instruction; and (7) trial counsel failed to present lay and expert witnesses to rebut the State's theory of the time of Griffin's death (only to the extent this claim is different than the petitioner's claim that counsel failed to investigate Griffin's death). (D.E. 46 at 2.)

The petitioner filed his supplemental brief on September 26, 2014. (D.E. 51). Therein, the petitioner discusses five ineffective-assistance claims: (1) that "[t]rial counsel failed to object and appeal the manner in which the jury venire was comprised and the denial of individual voir dire"; (2) that "[t]rial counsel failed to call Danny Sutton to bolster the defense theory of the case"; (3) that "[t]rial counsel failed to present testimony rebutting the prosecution theory of the case"; (4) that "[t]rial counsel failed to challenge the instruction that the jury could convict based on 'moral certainty'"; and (5) that "[t]rial counsel failed to investigate and learn that jurors consulted the Bible during the deliberation process." (D.E. 51 at 5, 9, 11, 14, 17.) The supplemental brief does not discuss the performance of the petitioner's post-conviction counsel. (D.E. 51.) The petitioner does not request an evidentiary hearing. (D.E. 51 at 19-22.) Rather, he asks this Court to resolve the five aforementioned claims upon consideration of five exhibits attached to his supplemental brief. (D.E. 51 at 21-22; D.E. 51, Att. 1-5.) Exhibits A and B pertain only to the petitioner second claim that trial counsel failed to call Danny Sutton to bolster the defense theory of the case. Exhibits C through E pertain only to the petitioner's third claim that trial counsel failed to present testimony rebutting the prosecution theory of the case. Herein, the respondent addresses each and only the five aforementioned claims in the same order as they appear in the petitioner's supplemental brief.

5

**III. STANDARD OF REVIEW**

"Claims that were not adjudicated on the merits in [s]tate court proceedings receive the pre-AEDPA standard of review: de novo for questions of law (including mixed questions of law and fact), and clear error for questions of fact." *Nichols v. Heidle*, 725 F.3d 516, 557 (6th Cir. 2013) (quoting *Robinson v. Howes*, 663 F.3d 819, 823 (6th Cir. 2011)).

**IV. ARGUMENT**

**A. The Petitioner Has Not Established or Specifically Discussed Any Ineffective Performance by His Post-Conviction Counsel.**

The mere fact that *Martinez* applies to Tennessee does not automatically supply the petitioner with cause to excuse default. The petitioner is not entitled to relief on any of his ineffective-trial-counsel claims without establishing that post-conviction counsel's performance fell below *Strickland* standards. *Martinez*, 132 S. Ct. at 1318. Under *Strickland*, the petitioner bears the burden of demonstrating both (1) that counsel's performance was deficient; and (2) that the deficient performance resulted in prejudice. *Strickland*, 466 U.S. at 687. The Supreme Court is clear that both prongs must be met to show ineffective assistance of counsel. *Id.* ("Unless a defendant makes both showings, it cannot be said that conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable."). In *Kimmelman v. Morrison*, 477 U.S. 365 (1986), the Supreme Court significantly allayed the fear that an ineffective-assistance allegation would be a mere fig-leaf claim to get to the merits of an otherwise unreviewable underlying claim:

> [The State petitioners for writ of *certiorari*] seem to believe that a prisoner need only allege ineffective assistance, and if he has an underlying, meritorious Fourth Amendment claim, the writ will issue and the State will be obligated to retry him without the challenged evidence. Because it ignores the rigorous standard which *Strickland* erected for ineffective-assistance claims, petitioners' forecast is simply incorrect.

6

In order to establish ineffective representation, the defendant must prove both incompetence and prejudice.

*Morrison*, 477 U.S. at 381; *see also Trusty v. Qualls*, No. 2:14-0030, 2014 U.S. Dist. LEXIS 161903, at *7 (M.D. Tenn. Nov. 18, 2014) ("A habeas petitioner can not, however, rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced.") (citing *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir.2006)).

Accordingly, clearly established federal law mandates that to prove ineffective assistance, the petitioner must prove both deficient representation and prejudice. Since, under *Martinez*, the petitioner bears the burden of proving his post-conviction counsel's ineffectiveness, the petitioner must prove both his post-conviction counsel's deficient representation and the resulting prejudice. *Martinez*, 132 S. Ct. at 1318. He cannot skip the deficiency prong of the *Strickland* test. *Morrison*, 477 U.S. at 381; *Strickland,* 466 U.S. at 687.

Here, the petitioner's supplemental brief does not discuss the performance of post-conviction counsel. (D.E. 51.) The petitioner does not specifically assert that post-conviction counsel was ineffective. (D.E. 51.) He only implies that essential premise by invoking *Martinez* and arguing the merits of various underlying ineffective-trial-counsel claims. (D.E. 51 at 5-18.) But post-conviction counsel may not be presumed deficient based solely on the merits of an underlying defaulted claim. Indeed, under the *Strickland* review standard, post-conviction counsel's conduct is presumed to be strategic and within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 694. In light of this presumption, there must be some consideration afforded post-conviction counsel's reasons for failing to raise a particular claim. The petitioner has not addressed whether the failure to

7

raise certain defaulted claims was strategic or otherwise was outside the wide latitude of professional judgment granted to attorneys. Through his silence on the issue, the petitioner attempts to do just what the Supreme Court in *Morrison* explicitly rejected: using an ineffective-assistance as a fig leaf to obtain a merits review of an otherwise unreviewable claim. *Morrison*, 477 U.S. at 381. This must not be permitted.

**B. The Claim That Trial Counsel Was Ineffective in Failing to Object to The Jury-Selection Procedures Is Insubstantial. The Related Claims Targeting Appellate Counsel Are Outside The Purview of *Martinez*, and The Claim Concerning Individual Voir Dire Is Waived.**

The petitioner asserts that "[t]rial counsel failed to object and appeal the manner in which the jury venire was comprised and the denial of individual voir dire." (D.E. 51 at 5.) Only the claim concerning trial counsel's failure to object to jury-selection procedures is properly before this Court. But that claim is insubstantial. The claims targeting appellate counsel are outside the purview of *Martinez* and outside the scope of the court of appeals' remand opinion. The ineffective-assistance claims concerning individual voir dire are waived. Thus, none of the issues under section one of the petitioner's supplemental brief entitle him to relief.

> **1. Post-conviction counsel was not ineffective in not challenging trial counsel's failure to object to the jury-selection procedures because the verdict was rendered by a fair and impartial jury.**

The petitioner contends that counsel was ineffective in failing to object to the manner in which the jury venire was comprised. (D.E. 51 at 5.) To overcome the default of this claim under *Martinez*, the petitioner must "demonstrate that the . . . claim is a substantial one, which is to say that . . . the claim has some merit." *Martinez*, 132 S. Ct. at 1318-1319. He must also demonstrate that post-conviction counsel performed outside the wide range of reasonable professional assistance in declining to raise this claim. *Id*. at 1318. But the petitioner fails to demonstrate the substantiality of

8

this claim, and he does not even attempt to argue that post-conviction counsel was ineffective in failing to present it.  Thus, the claim must fail.

This claim is insubstantial because the petitioner's case was decided by a fair and impartial jury.  The state court determined as much when it rejected the petitioner's post-conviction claim challenging appellate counsel's failure to appeal the denial of a motion for change of venue. *Dellinger v. State*, No. E2004-01068-CCA-R3-PC, 2006 Tenn. Crim. App. LEXIS 488, at *56-57 (Tenn. Crim. App. June 19, 2006).  That state-court determination is owed the AEDPA deference this Court already afforded in upholding the rejection of the appellate-counsel claim.  (D.E. 28 at 77-78.) Moreover, this Court's conclusions about the impartiality of the state-court jury reflect the law of the case.  In upholding the state-court rejection of the appellate-counsel claim, this Court concluded:

> Sutton has not pointed to any evidence in the seven volumes of voir dire transcripts indicating any juror who sat on his jury was biased against him. . . . Moreover, the Court's review of the voir dire transcripts did not reveal any bias by any of the jurors who sat on Sutton's case [Addendum No. 2, Vols. 1–7].
>
> In sum, Sutton has presented no evidence to support his claim that his jury was not impartial and/or that any jurors possessed actual bias.

(D.E. 28 at 77.)  It is well established that "[i]ssues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case." *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997).  Thus, this Court should defer to its previous determination concerning jury impartiality when assessing the substantiality of the ineffective-assistance claim at issue here.

Even assuming that counsel was deficient in failing to object to the jury-selection process, the petitioner cannot demonstrate prejudice because the verdict was ultimately rendered by an impartial jury.  While post-conviction counsel did not raise the precise trial-counsel claim at issue here, he

9

raised a closely related claim concerning appellate counsel's failure to preserve a venue challenge. The venue issue necessitated a finding on jury impartiality. As the state court ultimately rejected the related appellate-counsel claim, post-conviction counsel was not ineffective in failing to raise a trial-counsel claim that would have been similarly rejected based on a finding of jury impartiality. Thus, the petitioner cannot demonstrate that trial counsel was ineffective for failing to object to jury-selection procedures or that post-conviction counsel was ineffective in failing to challenge trial counsel's performance in that regard.

### 2. Appellate-counsel claims are outside *Martinez*'s purview and outside the scope of the court of appeals' remand opinion.

The petitioner asserts that "[t]rial counsel failed to object *and appeal* the manner in which the jury venire was comprised and the denial of individual voir dire." (D.E. 51 at 5) (emphasis added). But, to the extent that the petitioner attempts to apply *Martinez* to excuse the default of an ineffective-appellate-counsel claim, he must fail. Adopting a strict interpretation of *Martinez*, the court of appeals has concluded that the ineffectiveness of post-conviction counsel cannot serve as cause to excuse the default of any claim other than ineffective assistance of counsel at trial. *Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013). Thus, the petitioner cannot rely on allegations of post-conviction counsel ineffectiveness to excuse the default of ineffective-appellate-counsel claims.

In any event, any appellate-counsel claims are waived because the petitioner did not brief them in the court of appeals (No. 12-6310, D.E. 42 at 24), and they fall outside the scope of the remand opinion, which acknowledged only two trial-counsel claims to be "at issue here." *Sutton*, 745 F.3d at 789.

10

### 3. The ineffective-trial-counsel claim concerning the failure to object to individual voir dire is waived and insubstantial.

The petitioner argues that trial counsel was ineffective in failing to object to the denial of individual voir dire. (D.E. 51 at 5.) But this claim does not appear in the habeas corpus petition. (D.E. 3 at 12-33.) The habeas corpus petition repeatedly challenges counsel's failure to appeal the denial of individual voir dire. (D.E. 3 at 23, 26.) But that claim is separate claim from one challenging the failure to object to the manner of voir dire. *See* Section A(2), *supra*. Accordingly, the new claim is waived.

The new claim is also waived because the petitioner did not present it in his merits brief before the court of appeals. (No. 12-6310, D.E. 42 at 24.) Notably, the court of appeals did not list this claim among the two "at issue here." *Sutton*, 745 F.3d at 789. Following remand for consideration of the *Martinez* rule, a sister district court in the Western District of Tennessee deemed an ineffective-assistance claim waived because the claim "was not one of the issues that [p]etitioner specifically argued" before the court of appeals prior to remand. (Att. 1 at 18.) Indeed, "[a] party who could have sought review of an issue or a ruling during a prior appeal is deemed to have waived the right to challenge that decision thereafter." *United States v. Adesida*, 129 F.3d 846, 850 (6th Cir. 1997). "While the district court may entertain any issues it feels are relevant . . . following a general remand . . . this does not give the parties license to re-assert issues that they should have raised during an earlier appeal." *United States v. McKinley*, 227 F.3d 716, 718 (6th Cir. 2000). For these procedural reasons, the Court should not reach the merits of this claim.

In any event, this claim is also insubstantial. The petitioner acknowledges that trial counsel lodged a motion for individual voir dire and renewed that motion during the trial. (D.E. 3 at 26; D.E.

11

51 at 8.) Accordingly, trial counsel was not ineffective because he actually pursued individual voir dire. In turn, post-conviction counsel was not ineffective in failing to challenge trial counsel's failure to object because the motion and renewed motion for individual voir dire equated to an objection and preserved the issue at that level of proceedings. This claim is also insubstantial because the jury that rendered the petitioner's verdict was fair and impartial. *See* Section A(1), *supra*; *Dellinger*, 2006 Tenn. Crim. App. LEXIS 488, at *56-57; (D.E. 28 at 77-78.) Thus, this claim also fails on the merits.

**C. The Claim That Trial Counsel Was Ineffective in Failing to Call Danny Sutton as A Witness for The Defense Is Waived and Insubstantial.**

The petitioner argues that trial counsel was ineffective in failing to "call Danny Sutton to bolster the defense theory of the case." (D.E. 51 at 9.) Specifically, he faults counsel for failing to call Danny Sutton to support the defense theory that Bill Cogdill was responsible for the crimes. (D.E. 51 at 10.) But this claim is waived. The petitioner did not include this claim in his motion to alter or amend, and he did not include it in his supplemental brief in support of that motion. (D.E. 31 at 7-8; D.E. 37 at 7-13.) On appeal, he did not move to expand the certificate of appealability to include this claim, and he did not include the claim in either his remand motion or his merits brief before the court of appeals. (No. 12-6310, D.E. 26 at 12-13; D.E. 42 at 24.) Notably, the court of appeals did not list this claim among the two "at issue here." *Sutton*, 745 F.3d at 789. Following remand for consideration of the *Martinez* rule, a sister district court in the Western District of Tennessee deemed an ineffective-assistance claim waived because the claim "was not one of the issues that [p]etitioner specifically argued" before the court of appeals prior to remand. (Att. 1 at 18.)

Indeed, "[a] party who could have sought review of an issue or a ruling during a prior appeal is deemed to have waived the right to challenge that decision thereafter." *Adesida*, 129 F.3d at 850.

12

"While the district court may entertain any issues it feels are relevant . . . following a general remand . . . this does not give the parties license to re-assert issues that they should have raised during an earlier appeal." *McKinley*, 227 F.3d at 718. For these procedural reasons, the Court should not reach the merits of this claim.

In any event, this ineffective-assistance claim is also insubstantial, and the petitioner has not established that post-conviction counsel was ineffective for failing to present it. The petitioner concedes that trial counsel presented evidence pointing to Cogdill as an alternate suspect. (D.E. 51 at 9.) But this evidence and alternate-suspect theory evidently held little sway with the jury. Moreover, the relevance of the proffered testimony from Danny Sutton is unclear. The petitioner contends that Sutton "would have testified that Bill Cogdill offered him cash to 'take him to Happy Hollow in Wears Valley so that [he] could burn his truck [and destroy] fingerprints on his truck that would convict him.'" (D.E. 51 at 10.) But any testimony concerning Cogdill's intent to burn his own truck has no bearing on the murder of the victim and the burning of her truck.

Even if this information was relevant, the petitioner has not established, although he concludes (D.E. 51 at 10), that trial counsel was aware of it. The fact that Danny Sutton was subpoenaed (D.E. 51, Att. 2) does not establish that trial counsel or post-conviction counsel knew about Cogdill's alleged offer. Given the absence of proof on the issue, this Court can only speculate about counsel's knowledge or reasons for not ensuring Sutton's testimony. In this vacuum, the petitioner cannot overcome "the presumption that . . . the challenged action [by counsel] 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 695. Thus, this claim also fails on the merits.

13

**D. The Claim That Trial Counsel Was Ineffective in Failing to Present Testimony Rebutting The Prosecution Theory of Guilt Is Waived and Insubstantial.**

The petitioner argues that trial counsel was ineffective in failing to present testimony rebutting the prosecution theory of guilt. (D.E. 51 at 11.) Specifically, he faults counsel for failing to present testimony from pathologists, Dr. Eric Ellington and Dr. Stanton Kessler, and forensic entomologist Dr. Neal Haskell. (D.E. 51 at 11-13.) He contends that their testimony would have refuted the state's theory as to the time of death of Tommy Griffin, the victim in the petitioner's separate capital murder case. But this claim is waived. The petitioner did not include this defaulted claim in his motion to alter or amend, and he did not include it in his supplemental brief in support of that motion. (D.E. 31 at 7-8; D.E. 37 at 7-13.) On appeal, he did not move to expand the certificate of appealability to include this claim, and he did not include the claim in either his remand motion or his merits brief before the court of appeals. (No. 12-6310, D.E. 26 at 12-13; D.E. 42 at 24.) Notably, the court of appeals did not list this claim among the two "at issue here." *Sutton*, 745 F.3d at 789. Following remand for consideration of the *Martinez* rule, a sister district court in the Western District of Tennessee deemed an ineffective-assistance claim waived because the claim "was not one of the issues that [p]etitioner specifically argued" before the court of appeals prior to remand. (Att. 1 at 18.)

Indeed, "[a] party who could have sought review of an issue or a ruling during a prior appeal is deemed to have waived the right to challenge that decision thereafter." *Adesida*, 129 F.3d at 850. "While the district court may entertain any issues it feels are relevant . . . following a general remand . . . this does not give the parties license to re-assert issues that they should have raised during an earlier appeal." *McKinley*, 227 F.3d at 718. For these procedural reasons, the Court should not reach the merits of this claim.

14

In any event, this claim is insubstantial for the same reasons this Court and the state court rejected the petitioner's closely related claim that counsel was ineffective in failing to investigate Griffin's death. *See Dellinger*, 2006 Tenn. Crim. App. LEXIS 488, at 47-52. This Court reviewed this related claim on the merits (D.E. 28 at 45-59), taking judicial notice of Dr. Kessler's and Dr. Haskell's testimony, *inter alia*, from the petitioner's separate capital habeas proceeding. (D.E. 28 at 48.) This is the same evidence on which the petitioner relies to support the claim at issue here. But this Court rejected that evidence as a basis for relief, stating:

> Considering the expert witnesses' testimony presented at the habeas death penalty evidentiary hearing and during the trial of Griffin's murder, along with the circumstantial evidence of Griffin's time of death, the Court cannot conclude that Sutton suffered any prejudice as a result of the failure of his trial counsel to investigate Griffin's murder. This is so because the new expert testimony does not weaken, in any way whatsoever, the circumstantial evidence pointing to Petitioner's guilt; all it does is contradict the State's time-of-death testimony and support the defense's expert's time-of-death testimony—both of which the jury heard during the Griffin murder trial when it found Sutton and Dellinger guilty of his murder. Although it is true that, at the time of trial, the credentials of the State's trial expert outweighed the credentials of the defense's trial expert, and although the State's trial expert was subsequently stripped of his medical license, the fact of the matter is, all the circumstantial evidence support's the State's theory of Griffin's time of death and none of the circumstantial evidence supports the defense's theory. Moreover, this new expert testimony does not demonstrate that the time-of-death opinion of the State's trial expert was incorrect.
>
> The expert testimony does not demonstrate that Sutton was prejudiced by his counsel's failure to investigate the facts surrounding the Griffin murder. Rather, the testimony of the new experts establishes that time-of-death determinations are not an exact science; involve the exercise of individual judgment within the framework of evaluating certain data; and are based on a fairly subjective evaluation of data. Moreover, the testimony of these new experts demonstrate that the exact time of death of this unwitnessed murder cannot be determined by these experts based upon the data provided to them.

(D.E. 28 at 55-56.) The Court also declined to issue a certificate of appealability on this issue. (D.E. 29 at 2.)

15

These previous conclusions about the lack of prejudice stemming from counsel's failure to present these experts (D.E. 28 at 55-56) and the insubstantiality of this claim (D.E. 29 at 2) reflect the law of the case. It is well established that "[i]ssues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case." *Hanover Ins. Co.*, 105 F.3d at 312. Thus, in assessing the substantiality of the ineffective-assistance claim at issue here, this Court should defer to its previous determination that the petitioner was not prejudiced by counsel's failure to present expert testimony from Dr. Kessler and Dr. Haskell.

**E. The Claim That Trial Counsel Was Ineffective in Failing to Challenge The Trial Court's Use of A "Moral Certainty" Standard in Its Jury Instructions Regarding Finding Guilt Beyond A Reasonable Doubt Is Insubstantial.**

The petitioner asserts that trial counsel was ineffective in failing to "challenge the instruction that the jury could convict based on 'moral certainty.'" (D.E. 51 at 14.) The petitioner presented this claim in his motion to remand and his merits brief before the court of appeals. (No. 12-6310, D.E. 26 at 12-13; D.E. 42 at 24.) But this claim is not substantial, and post-conviction counsel was not ineffective by failing to challenge trial counsel's performance in this regard.

The petitioner relies on the Supreme Court's decisions in *Cage v. Louisiana*, 498 U.S. 39 (1991) and *Victor v. Nebraska*, 511 U.S. 1 (1994) to argue that the jury instructions in this case "diluted the constitutional standard" for reasonable doubt. But in *Victor*, the Supreme Court noted its previous decisions holding that "proof to a 'moral certainty' is an equivalent phrase with 'beyond a reasonable doubt.'" *Victor*, 511 U.S. at 12 (citing *Wilson v. United States*, 232 U.S. 563, 570 (1914); *Miles v. United States*, 103 U.S. 304, 309 (1881)). The Supreme Court further noted that while it did not condone the use of the phrase "moral certainty," it could not say that the use of the phrase rendered the petitioner's jury instructions unconstitutional. *Victor*, 511 U.S. at 16-17.

16

Moreover, in *Austin v. Bell*, 126 F.3d 843, 846 (6th Cir. 1997), the court of appeals, considering both *Cage* and *Victor*, approved the constitutionality of Tennessee's reasonable doubt jury instruction, which stated:

> Reasonable doubt is that doubt engendered by an investigation of all the proof in the case and an inability after such investigation to let the mind rest easily upon the certainty of guilt. Reasonable doubt does not mean a doubt that may arise from possibility. Absolute certainty of guilt is not demanded by the law to convict of any criminal charge, but moral certainty is required and this certainty is required as to every proposition of proof requisite to constitute the offense.

The above instruction from *Austin* substantially mirrors the instruction issued in this case, which states:

> A reasonable doubt is an honest doubt which remains after investigation of all the evidence, which will not permit the mind to rest easily as to the certainty of guilt. A reasonable doubt does not include a captious, possible, or imaginary doubt. Absolute certainty is not required to convict, but moral certainty is required, and this certainty extends to every element necessary to constitute the offense.

(Notice of Filing, Add. 3, Vol. 12 at 2108.) Tennessee courts have also cited *Victor* to uphold jury instructions including the phase "moral certainty." *Sample v. State*, 1996 Tenn. Crim. App. LEXIS 597, *34-36 (Tenn. Crim. App. Sept. 30, 1996). Accordingly, trial counsel was not ineffective in declining to challenge a jury instruction that was not contrary to state law or federal law. And post-conviction counsel was not ineffective in declining to challenge trial counsel's inaction with regard to this adequate instruction. In the absence of proof addressing trial counsel's approach toward the jury instructions or post-conviction counsel's decision not to challenge trial counsel's performance in this regard, the petitioner cannot establish that this claim is substantial or that post-conviction counsel was ineffective. Thus, this claim fails on the merits.

17

**F. The Claim That Trial Counsel Was Ineffective in Failing to Discover That Jurors Consulted A Bible during Deliberations Is Waived and Insubstantial.**

The petitioner argues that trial counsel was ineffective in failing to "interview jurors post-trial to learn that the jurors consulted a Bible during the deliberation process." (D.E. 51 at 17.) But this claim is waived. The petitioner included this claim in his motion to alter or amend the judgment. (D.E. 31 at 7-8.) But he did not include the claim in his supplemental brief in support of that motion. (D.E. 37 at 7-13.) On appeal, he did not move to expand the certificate of appealability to include this claim, and he did not include the claim in either his remand motion or his merits brief before the court of appeals. (No. 12-6310, D.E. 26 at 12-13; D.E. 42 at 24.) Notably, the court of appeals did not list this claim among the two "at issue here." *Sutton*, 745 F.3d at 789. Following remand for consideration of the *Martinez* rule, a sister district court in the Western District of Tennessee deemed an ineffective-assistance claim waived because the claim "was not one of the issues that [p]etitioner specifically argued" before the court of appeals prior to remand. (Att. 1 at 18.)

Indeed, "[a] party who could have sought review of an issue or a ruling during a prior appeal is deemed to have waived the right to challenge that decision thereafter." *Adesida*, 129 F.3d at 850. "While the district court may entertain any issues it feels are relevant . . . following a general remand . . . this does not give the parties license to re-assert issues that they should have raised during an earlier appeal." *McKinley*, 227 F.3d at 718. For these procedural reasons, the Court should not reach the merits of this claim.

In any event, this claim is insubstantial because, as this Court and the state court have already determined, the jury that rendered the petitioner's verdict was fair and impartial. *See* Section A(1), *supra*; *Dellinger*, 2006 Tenn. Crim. App. LEXIS 488, at *56-57; (D.E. 28 at 77-78.) It is well

18

established that "[i]ssues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case." *Hanover Ins. Co.*, 105 F.3d at 312. Thus, this Court should defer to its previous determination concerning jury impartiality when assessing the substantiality of the ineffective-assistance claim at issue here. (D.E. 28 at 77.)

Moreover, juror Richard Ballinger testified during state post-conviction proceedings that juror Larry Gibson carried a Bible into the deliberation room and left the deliberation room to pray, at which time Ballinger comforted Gibson. *Dellinger*, 2006 Tenn. Crim. App. LEXIS 488, at *25. Juror David McClelland also testified that none of the jurors discussed any scriptures during deliberations. *Id*. at *26. The state court considered this information and determined that the petitioner failed to show that the jury was exposed to extraneous prejudicial information. *Id*. at *63-64. That determination is owed AEDPA deference. Furthermore, even if trial counsel were ineffective for failing to discover this information after trial, post-conviction counsel prevented any prejudice by presenting the issue for determination. Accordingly, the petitioner cannot demonstrate prejudice on the underlying ineffective-trial-counsel claim, and he cannot demonstrate that post-conviction counsel was ineffective because post-conviction counsel presented the underlying jury-influence issue for determination. Thus, this claim also fails on the merits.

## V. CONCLUSION

This Court should deny relief because the petitioner has failed to argue or demonstrate that his post-conviction counsel was ineffective in not presenting various defaulted ineffective-assistance-of-counsel claims in state court. In any event, these underlying defaulted claims are waived, outside the purview of *Martinez*, and/or insubstantial.

19

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General & Reporter

/s/ Nicholas W. Spangler
NICHOLAS W. SPANGLER
Assistant Attorney General
Criminal Justice Division
P.O. Box 20207
Nashville, Tennessee 37202
Phone: (615)741-3486
Tenn. B.P.R. No. 27552
Nick.Spangler@ag.tn.gov

20

**CERTIFICATE OF SERVICE**

I certify that the foregoing brief in opposition was filed electronically on November 25, 2014. On the same day, an electronic copy was also automatically forwarded by way of the Court's ECF system to the petitioner's counsel: Susanne Bales at 800 Gay Street, Suite 2400, Knoxville, TN 37929.

/s/ Nicholas W. Spangler
NICHOLAS W. SPANGLER
Assistant Attorney General