UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GARY WAYNE SUTTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:07-cv-30 |
| | ) | Judge Varlan/Shirley |
| WAYNE CARPENTER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## PETITIONER'S SUPPLEMENTAL REPLY BRIEF ON REMAND

Petitioner, Gary Wayne Sutton, through undersigned counsel, submits the following Supplemental Reply Brief on Remand.

**1. Trial counsel failed to object and appeal the manner in which the jury *venire* was comprised and the denial of individual *voir dire.***

The Warden acknowledges that trial counsel's ineffectiveness for failing to object to the unlawful manner in which the *venire* was compiled is properly before the Court. (R.55, PageID# 641). But the Warden asserts the law of the case doctrine bars this Courts review of the claim. (*Id.*, PageID# 642). According to the Warden, when this Court rejected Mr. Sutton's challenge to trial counsel's failure to appeal the denial of a change of venue, this Court implicitly rejected this claim as well. (*Id.*).

The law of the case doctrine provides that when a court decides upon a rule of law, that "decision should continue to govern the same issues in subsequent stages in the same case." *Scott v. Churchill*, 377 F.3d 565, 569-70 (6th Cir. 2004) (quoting

*Arizona v. California*, 460 U.S. 605, 618 (1983)).  The law of the case doctrine precludes reconsideration of a previously decided issue unless one of the following circumstances exist: "(1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice."  *Hanover Ins. Co. v. Am. Eng'g Co.,* 105 F.3d 306, 312 (6th Cir. 1997) (citations omitted).

The law of this case is that this Court procedurally barred this claim and found it not encompassed within the allegations of ineffectiveness related to venue, a claim which this Court found properly exhausted.  (R.28, PageID# 95).

The Warden also contends this claim should be dismissed because Mr. Sutton has not explicitly argued post-conviction counsel were ineffective in failing to present it.  (R.55, PageID# 642).  A review of the record reveals post-conviction counsel's ineffectiveness.

Mr. Sutton's petition was filed on January 21, 1997.  (R.19, Add.12, Vol.1, P.C. Tech. Rec. pp.1-8).  At the time his initial petition was filed, Tennessee state law required state post-conviction counsel to certify the following:

> I, _____, certify that I have thoroughly investigated the possible constitutional violations alleged by petitioner, including all those in paragraph 16 of the form petition set forth in Appendix A and any other ground that petitioner may have for relief.  I have discussed other possible constitutional grounds with petitioner.  I have raised all non-frivolous constitutional grounds warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law which petitioner has.  I am aware that any ground not

> raised shall be forever barred by application of Tenn.CodeAnn. § 40-30-106(g), and have explained this to petitioner.

Tenn. S. Ct. R. 28, Section 6C, Appx C. (Adopted October 28, 1996).

This mandatory certification required by the Tennessee Supreme Court establishes the standard of care for post-conviction counsel. This standard of care is also recognized in the ABA Guidelines. The 1989 ABA Guidelines require post-conviction counsel "to be familiar with all state and federal post-conviction remedies available to the client" and to present "all arguably meritorious issues." 1989 ABA Guideline 11.9.3 A and C.

Finally, in *Martinez*, the Supreme Court held "[e]ffective . . . counsel preserves claims to be considered on appeal . . . and in federal habeas proceedings . . . *Edwards v. Carpenter*, 529 U.S. 446 [(2000)]." *Martinez*, 132 S. Ct. 1309, 1317-18 (2012). *Martinez* incorporates *Strickland*'s well-established two prong test of deficient performance and prejudice. *Martinez*, 132 S. Ct. at 1318. Yet *Martinez* also notes counsel's obligation to preserve issues for federal habeas review. *Id.* at 1317-18.

Here, counsel procedurally defaulted the claim that his trial counsel was ineffective for failing to challenge emergency, phone-in *venire* compilation procedures. This Court found as much. (R.28, PageID# 95). Further, as demonstrated in Mr. Sutton's opening brief, the claim is meritorious. (R.51, PageID# 302-06).

3

Another part of this claim concerns trial counsel's ineffectiveness for failing to prevent exposure of jurors to comments about alleged prior criminal behavior. (R.3, Habeas Petition, pp.23-24; R.51, Supplemental Brief, PageID# 305). In his habeas petition, Mr. Sutton alleged counsel "were ineffective for failing to object to and appeal when jurors were tainted by extrinsic evidence, which denied Sutton his right to a trial by an impartial jury, as mandated by the Sixth and Fourteenth Amendments." (R.3, pp.23-24). Accordingly, while the heading to this issue references the failure to object and appeal various aspects of the *venire* and jury selection procedures, the facts alleged support the claim of ineffective assistance of both trial and appellate counsel.

The Warden also contends that *Martinez* does not extend to counsel's ineffectiveness on appeal. (R.55, PageID# 643) (citing *Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013)). Assuming arguendo that counsel's ineffectiveness regarding individual *voir dire* and the exposure to prejudicial information is only related to a failure to appeal, this Court should still review the claim. Mr. Sutton acknowledges that in *Hodges*, the Sixth Circuit declined to extend *Martinez* to embrace defaulted instances of ineffective assistance of appellant counsel. He notes however, that the Supreme Court has recognized that counsel's ineffectiveness in preserving a claim in state court may constitute cause to overcome procedural default of another claim. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the

4

claim for review in state court will suffice.") (citation omitted). When *Martinez* is read in conjunction with *Edwards,* it is apparent that ineffective assistance of counsel for failing to raise a claim on direct appeal may qualify as cause, particularly where trial and appellate counsel are the same and where post-conviction is the first opportunity for scrutiny of prior counsel's performance. Accordingly, Mr. Sutton moves this Court to consider the ineffective assistance of post-conviction as cause for ineffective assistance of appellate counsel.

Finally, the Warden contends the ineffective assistance for failure to appeal the denial of individual *voir dire* issue is waived and outside the scope of remand because it was not discussed in Mr. Sutton's appeal brief. (R.55, PageID# 643).

Mr. Sutton agrees this Court must act within the confines of the remand. The "mandate rule" simply requires this Court to act within the confines of the superior court's remand. *United States v. O'Dell*, 320 F.3d 674, 679 (6th Cir. 2003). *Mason v. Mitchell*, 729 F.3d 545, 550 (6th Cir. 2013). Application of the mandate rule is "limited to those questions necessarily decided in the earlier appeal." *Hanover Ins. Co.,* 105 F.3d at 312 (citations omitted).

Here, the Sixth Circuit remanded for consideration of procedurally defaulted ineffective assistance claims, holding as follows:

> The question is whether *Martinez* . . . permit[s] a habeas petitioner challenging a Tennessee conviction to assert the ineffective assistance of post-conviction counsel as "cause" to excuse the petitioner's procedural default of a claim that his trial counsel was

5

> constitutionally ineffective.  We answer in the affirmative, and therefore REMAND
>
> . . .
>
> For the foregoing reasons, we find that ineffective assistance of post-conviction counsel can establish cause to excuse a Tennessee defendant's procedural default of a substantial claim of ineffective assistance at trial.  *Martinez*, 132 S. Ct. at 1320.  We REMAND to the district court for proceedings consistent with this opinion.

*Sutton v. Carpenter*, 745 F.3d 787, 789, 795-96 (6th Cir. 2014).  The Sixth Circuit's remand directs this Court to act consistent with its opinion.  Consideration of the newly raised ineffective assistance claims is proper.

Finally, the Warden argues the claim is waived, citing the recent district court case of *Burns v. Carpenter*, No. 2:06-cv-2311 (W.D. Tenn. Aug. 16, 2014).  (R.55, PageID# 651).  However, the *Burns* case is procedurally different from the case at hand.  There, the petitioner filed in the Sixth Circuit an application to expand the certificate of appealability.  The application contained a blanket request for certificates on numerous issues but many of the issues were not argued.  The Sixth Circuit found failure to offer argument in support of a COA on an issue amounted to waiver of that issue.  Later, when the petitioner attempted to raise the issues under *Martinez*, the district court was bound by the Sixth Circuit's explicit ruling that the claims had been waived.

Here, this Court granted a COA on the application of *Martinez* to Tennessee cases.  (R.42, PageID# 265).  The Sixth Circuit permitted briefing on the procedural issue and then ultimately remanded the case.  This Court properly understood the

6

remand as permitting district court review of the application of *Martinez* to Mr. Sutton's procedurally defaulted ineffective assistance claims. The claims are not waived.

**2. Trial counsel failed to call Danny Sutton to bolster the defense theory of the case.**

The Warden agrees a theory of the defense at trial was the third-party guilt of Bill Cogdill. (R.55, PageID# 645). The Warden contends that because the jury returned a guilty verdict, the "alternate-suspect theory . . . held little sway with the jury." (*Id.*, PageID# 646). The Warden overlooks that if the alternate suspect theory had been supported by additional evidence, it likely would have held sway with the jury.

Also, the Warden contends Mr. Sutton failed to demonstrate that trial counsel was aware of Danny Sutton's statement. (R.55, PageID# 646). Found within trial counsel's file is a copy of law enforcement's interview with Danny Sutton as well as a subpoena for Danny Sutton's appearance at trial. (R.51-1, Danny Sutton Interview; R.51-2, Danny Sutton Subpoena). Accordingly, trial and post-conviction counsel both knew, or should have known, the contents of trial counsel's file. Given this Court's finding of procedural default, R.28, PageID# 78, post-conviction counsel was ineffective. *See infra* at pp. 2-3 for discussion of post-conviction counsel performance standards.

The Warden also asserts this issue is defaulted because Mr. Sutton did not brief it in his appeal. As explained above, the issue on appeal was whether

*Martinez* applies in Tennessee. Accordingly, a failure to brief the issue on appeal is not a waiver and this Court is not barred from considering the issue.

Finally, the Warden contends granting relief on this claim requires this Court to speculate. (R.55, PageID# 646). However, is it undisputed that trial counsel raised a third-party-guilt defense but did not offer all available evidence. It is also clear that post-conviction counsel defaulted the trial counsel ineffectiveness claim. (R.28, Memorandum Opinion, PageID# 78). Relief is warranted.

**3.      Trial counsel failed to present testimony rebutting the prosecution theory of the case.**

The Warden contends review of this claim is barred by the law of the case. Mr. Sutton respectfully notes the law of the case regarding this issue is ambiguous. This Court "assume[d] for purposes of this discussion, the doctrine of procedural default does not bar this Court from reaching the claim's merits." (R.28, PageID# 62). The Court also noted that while post-conviction counsel did seek funding for expert assistance, counsel did nothing further to develop the evidence. (R.28, PageID# 65).

Accordingly, although this Court discussed the merits of this issue, the Court also employed language suggesting the merits ruling was hypothetical. Also, the law of the case doctrine may not apply if it will work an injustice. *Hanover, supra*, at 312. Accordingly, Mr. Sutton moves this Court to consider whether post-conviction counsel rendered ineffective assistance in failing to properly develop the claim, including the expert testimony.

8

**4. Trial counsel failed to challenge the instruction that the jury could convict based on "moral certainty."**

Mr. Sutton rests on his Supplemental Brief on Remand. (R.51, PageID# 311-14).

**5. Trial counsel failed to investigate and learn that jurors consulted the Bible during the deliberation process.**

The Warden asserts this claim is waived because it was not included in Mr. Sutton's appeal brief. (R.55, PageID# 651). As explained previously, *infra* at pp. 5-7, the Sixth Circuit has remanded for consideration of newly raised ineffective assistance claims, which was the only issue addressed in its opinion. The claim is not waived.

The Warden also contends the law of the case bars this Court's consideration. (R.55, PageID# 651-52). This Court previously found this issue procedurally barred and did not rule on it. (R.28, PageID# 97). Consideration now, pursuant to *Martinez*, is not barred by the law of the case.

**CONCLUSION**

Wherefore, Mr. Sutton moves the Court to consider the aforementioned claims, arguments, and evidence and respectively asks this Court to issue a writ of habeas corpus.

9

Respectfully submitted,

FEDERAL DEFENDER SERVICES
OF EASTERN TENNESSEE, INC.

BY:     s/Susanne Bales
        Susanne Bales
        Asst. Federal Community Defender
        800 S. Gay Street, Suite 2400
        Knoxville, TN  37929
        (865) 637-7979

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2015, the foregoing Supplemental Reply

Brief on Remand was filed electronically.  Notice electronically mailed by the

Court's electronic filing system to all parties indicated on the electronic filing

receipt.  Notice delivered by other means to all other parties via regular U.S. Mail.

Parties may access this filing through the Court's electronic filing system.

                            s/Susanne Bales
                            Susanne Bales

10