No. 15-5329

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

GARY WAYNE SUTTON,                    )
                                      )
    Petitioner-Appellant,           )
                                      )
v.                                    )          O R D E R
                                      )
WAYNE CARPENTER, Warden,              )
                                      )
    Respondent-Appellee.            )
                                      )
                                      )

**FILED**
Dec 04, 2015
DEBORAH S. HUNT, Clerk

Gary Wayne Sutton, a Tennessee prisoner, appeals the district court's denial of his habeas corpus petition, filed under 28 U.S.C. § 2254, following a remand from this court to determine whether, in light of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), he could overcome the procedural default of several newly raised claims of ineffective assistance of trial counsel.  Sutton now requests a certificate of appealability.

In 1993, a jury convicted Sutton and James Dellinger of first-degree murder and burning personal property, arising from the murder of Connie Branam.  *See State v. Sutton*, No. 03C01-9403-CR-0090, 1995 WL 406953, at *1 (Tenn. Ct. App. July 11, 1995), *perm. app. denied* (Jan. 22, 1996).  The trial court sentenced Sutton to consecutive prison terms of life for the first-degree murder conviction and two years for the burning personal property conviction.  *Id.*  The Tennessee Court of Criminal Appeals affirmed, *see id.* at *10, and the Tennessee Supreme Court denied permission to appeal.  In a separate proceeding, Sutton and Dellinger were convicted of another count of first-degree murder for killing Branam's brother, Tommy Griffin, and were both

No. 15-5329
- 2 -

sentenced to death.  *See Sutton v. Carpenter*, No. 11-6180, 2015 WL 3853039 (6th Cir. June 23, 2015) (affirming the denial of Sutton's petition for habeas corpus relief).

Sutton petitioned for state post-conviction relief, raising claims of ineffective assistance of trial and appellate counsel.  The trial court denied the petition after an evidentiary hearing, the state court of appeals affirmed, and the state supreme court denied permission to appeal.  *Dellinger v. State*, No. E2004-01068-CCA-R3-PC, 2006 WL 1679595 (Tenn. Ct. App. June 19, 2006), *perm. app. denied* (Oct. 30, 2006).

In 2007, Sutton filed his federal habeas petition, asserting, among other claims, that his trial and appellate counsel were ineffective.  Several of Sutton's ineffective assistance of trial counsel claims had not been raised in state court, and the district court dismissed those claims as procedurally defaulted.  The district court also concluded that Sutton's other claims were procedurally defaulted or lacked merit and denied the petition in its entirety, but it granted a certificate of appealability on whether *Martinez* applied to Sutton's procedurally defaulted claims of ineffective assistance of trial counsel.  Applying *Martinez* and *Trevino*, this court held that "ineffective assistance of post-conviction counsel can establish cause to excuse a Tennessee defendant's procedural default of a substantial claim of ineffective assistance at trial," *Sutton v. Carpenter*, 745 F.3d 787, 795-96 (6th Cir. 2014), and it remanded Sutton's case to the district court for further proceedings.

On remand, Sutton filed a supplemental brief seeking habeas relief on claims that trial counsel was ineffective for failing to:  1) object to and appeal the manner in which the jury venire was selected and the denial of his motion for individual voir dire; 2) call Danny Sutton as a witness; 3) offer forensic evidence rebutting the prosecution's theory of the case, in particular as to Griffin's time of death; 4) object to the jury instruction defining reasonable doubt; and 5) discover and argue that the jury consulted the Bible during deliberations.  The district court denied relief, concluding that these ineffective-assistance claims were not "substantial" and that, consequently, Sutton could not show prejudice arising from post-conviction counsel's failure to raise them, as required to overcome the procedural default.

No. 15-5329
- 3 -

Sutton now seeks a certificate of appealability, reasserting his claims—except for the second portion of his first claim—and arguing that the district court imposed an overly high burden in deeming his claims procedurally defaulted.

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the applicant must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When the district court denies relief on procedural grounds, the petitioner must demonstrate that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

To establish cause for his defaulted ineffective assistance of trial counsel claims, Sutton must show that 1) his state post-conviction counsel "was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984)"; and 2) his underlying claims of ineffective assistance of trial counsel are "substantial," i.e., that they have "some merit." *Martinez*, 132 S. Ct. at 1318. Under *Strickland*, a defendant claiming ineffective assistance of counsel must show that counsel's performance was deficient, i.e., that it "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In addition, Sutton must show prejudice arising from post-conviction counsel's deficient performance, i.e., that, but for the error, the result of the proceeding would have been different. *See id.* at 694; *see also Martinez*, 132 S. Ct. at 1321. Sutton claims that application of these standards was error and grounds for issuing a certificate of appealability. We disagree.

Sutton next claims that trial counsel was ineffective for failing to object to the manner in which the jury venire was assembled, in particular that some potential jurors were called to appear with little more than twelve hours' notice. Sutton asserts that this procedure violated state law and his Sixth Amendment right to an impartial jury. But as noted by the district court, the

state court of appeals determined that Sutton's jury was impartial when it rejected his claim that appellate counsel was ineffective for failing to challenge the denial of his motion for a change of venue. *See Dellinger*, 2006 WL 1679595, at *20. Further, Sutton has failed to demonstrate that the procedure used by the trial court, with the parties' consent, constituted the sort of "flagrant, unreasonable, and unnecessary" deviation from statutory procedures that the Tennessee courts have found to warrant automatic reversal. *State v. Lynn*, 924 S.W.2d 892, 894 (Tenn. 1996). Accordingly, reasonable jurists could not disagree with the district court that Sutton failed to satisfy the cause and prejudice standard with regard to this claim.

Sutton next claims that trial counsel was ineffective for failing to secure the testimony of Danny Sutton to bolster the defense theory that Bill Cogdill committed the murders. Trial counsel issued Danny Sutton a subpoena, but he did not appear in court. Reasonable jurists could not disagree with the district court's conclusion that, because the jury heard other testimony pointing to Cogdill as an alternate suspect, including "the sum of Danny Sutton's proposed testimony," Sutton cannot demonstrate that trial counsel's failure to secure Danny Sutton's appearance affected the outcome of the trial. Consequently, Sutton has failed to show that this claim is substantial or that post-conviction counsel was ineffective for failing to raise it, as required to excuse his default.

Sutton also claims that trial counsel was ineffective for failing to present evidence rebutting the prosecution's theory of the case, in particular that Griffin was killed on the evening of February 21, 1992. The district court concluded that this claim was essentially the same claim that Sutton raised elsewhere in his habeas petition—that trial counsel was ineffective for failing to investigate Griffin's death—and that it failed for the same reasons. Reasonable jurists could not disagree with this conclusion. As explained by the district court, the new expert testimony Sutton offered at most showed that "time-of-death determinations are not an exact science"; it did not wholly undermine the state's time-of-death theory, which was supported by competing expert testimony and by overwhelming circumstantial evidence. Accordingly, Sutton has failed

No. 15-5329
- 5 -

to show that this claim is substantial or that post-conviction counsel was ineffective for failing to raise it, as required to excuse his default.

In his fourth ineffective-assistance claim, Sutton asserts that trial counsel was ineffective for failing to challenge the instruction to the jury on reasonable doubt. The district court concluded that the instruction was constitutionally sound because, viewed in its entirety, it correctly conveyed the concept of reasonable doubt. *See Victor v. Nebraska*, 511 U.S. 1, 15-16 (1994); *Austin v. Bell*, 126 F.3d 843, 846-47 (6th Cir. 1997). Accordingly, the district court concluded that an objection to the instruction would most likely have been overruled and that trial counsel's performance was not deficient. *See Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010) ("[C]ounsel cannot be ineffective for a failure to raise an issue that lacks merit." (citation omitted)). Reasonable jurists could not disagree with the district court's conclusion.

Finally, Sutton asserts that trial counsel was ineffective for failing to discover immediately after trial that juror Larry Gibson brought a Bible into the deliberation room and prayed with another juror. Although Sutton did not raise this ineffectiveness claim in his state post-conviction proceeding, he did argue that the presence of the Bible exposed the jury to an "impermissible extraneous prejudicial influence." *Dellinger*, 2006 WL 1679595, at *22. The state court of appeals rejected this argument, citing testimony from two jurors that neither Gibson nor any other juror discussed scripture during the deliberation process and concluding that the "mere presence" of the Bible did not constitute an impermissible influence. *Id.* The district court concluded that, because there was no evidence that the Bible was "consulted or used in any manner that could have tainted the proceedings," there was no constitutional error and thus no basis for concluding that trial counsel's performance was deficient or that Sutton was prejudiced as a result. Reasonable jurists could not disagree with this conclusion.

For these reasons, Sutton's application for a certificate of appealability is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: December 04, 2015

Ms. Susanne Bales
Federal Defender Services
800 S. Gay Street
Suite 2400
Knoxville, TN 37929

Mr. Nicholas White Spangler
Office of the Attorney General
Criminal Justice Division
P.O. Box 20207
Nashville, TN 37202

Re:  Case No. 15-5329, *Gary Sutton v. Wayne Carpenter*
Originating Case No. : 3:07-cv-00030

Dear Counsel,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Beverly L. Harris for Patricia Elder
Senior Case Manager
Direct Dial No. 513-564-7077

cc:  Ms. Debra Poplin

Enclosure

No mandate to issue